**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SOLOS TECHNOLOGY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br>META PLATFORMS TECHNOLOGIES, LLC,<br>OAKLEY, INC.,<br>LUXOTTICA OF AMERICA INC., AND<br>ESSILORLUXOTTICA USA INC.,<br><br>Defendants. | Case No. 1:26-cv-10304-ADB |

# DEFENDANTS OAKLEY, INC., LUXOTTICA OF AMERICA INC., AND ESSILORLUXOTTICA USA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## TABLE OF CONTENTS

Page


I. INTRODUCTION .......... 1

II. LEGAL STANDARD .......... 2

III. ARGUMENT .......... 3

- A. Solos's Indirect Infringement Claims Should Be Dismissed Because It Did Not Allege Pre-Suit Knowledge Of The Asserted Patents .......... 3
  - 1. Pre-Suit Indirect Infringement Should Be Dismissed .......... 5
  - 2. Post-Suit Indirect Infringement Should be Dismissed .......... 6
- B. Solos's Induced Infringement Claims Should Be Dismissed For Failure To Plead Scienter .......... 8
- C. Solos's Contributory Infringement Claims Should Be Dismissed For Failure To Plead A Lack Of Substantial Non-Infringing Uses .......... 9
- D. Solos's Claims For Willful Infringement Should Be Dismissed .......... 11
  - 1. Solos Does Not Allege Pre-Suit Knowledge of the Asserted Patents .......... 11
  - 2. Solos Does Not Allege The Luxottica Defendants Intended to Infringe .......... 12
- E. Solos Fails To Plead Common Enterprise, Agency, Or Vicarious Liability .......... 13
  - 1. Allegations of Joint Infringement Among the Luxottica Defendants Should be Dismissed .......... 14
  - 2. Allegations of Joint Infringement Among The Luxottica Defendants And The Meta Co-Defendants Should Be Dismissed .......... 16
  - 3. Allegations Regarding Liability Of Unidentified Individuals and Entities Must Be Dismissed .......... 17

IV. CONCLUSION .......... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AlexSam, Inc. v. Aetna*,
119 F.4th 27 (Fed. Cir. 2024) ....................3, 10

*Armstrong v. White Winston Select Asset Funds, LLC*,
648 F. Supp. 3d 230 (D. Mass. 2022) ....................17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................2, 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................2

*Bos. Carriage, Inc. v. Bos. Suburban Coach, Inc.*,
2022 WL 4626918 (D. Mass. Sept. 30, 2022) ....................15, 16

*Brotherhood of Locomotive Eng'rs v. Springfield Terminal Ry. Co.*,
210 F.3d 18 (1st Cir. 2000) ....................15

*Canon, Inc. v. Avigilon USA Corp. Inc.*,
411 F. Supp. 3d 162 (D. Mass. 2019) .................... *passim*

*Centillion Data Sys., LLC v. Qwest Commc'n Int'l, Inc.*,
631 F.3d 1279 (Fed. Cir. 2011) ....................16

*In re Citigroup, Inc.*,
535 F.3d 45 (1st Cir. 2008) ....................3

*Cleveland Med. Devices Inc. v. ResMed Inc.*,
696 F. Supp. 3d 4 (D. Del. 2023) ....................4, 12, 13, 14

*CNE Direct, Inc. v. Blackberry Corp.*,
821 F.3d 146 (1st Cir. 2016) ....................17

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015) ....................5

*CRH Med. Corporation v. MDE Med., LLC*,
2025 WL 2506804 (D. Del. Sept. 2, 2025) ....................8, 12

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
638 F. Supp. 3d 1088 (N.D. Cal. 2022) ....................12

*Deckers Outdoor Corp. v. Torrid, LLC*,
2023 WL 2559199 (C.D. Cal. Feb. 23, 2023)....5

*Dialect, LLC v. Bank of Am., N.A.*,
2024 WL 4980794 (E.D. Tex. Dec. 4, 2024)....5

*Douglas v. Hirshon*,
63 F.4th 49 (1st Cir. 2023)....2

*Duvall Espresso IP Enforcement, LLC v. Meticulous Home, Inc.*,
2026 WL 578768 (D. Del. Mar. 2, 2026)....11

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
2020 WL 4365809 (D. Del. July 30, 2020)....7

*E-Vision Optics, LLC v. Luxottica Grp. S.p.A.*,
2024 WL 1601853 (C.D. Cal. Mar. 8, 2024)....12

*Echosens, S.A. v. E-Scopics S.A.S.*,
772 F. Supp. 3d 147 (D. Mass. 2025)....6

*Fine v. Guardian Life Ins. Co. of Am.*,
2021 WL 916270 (D. Mass. Mar. 10, 2021)....17

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010)....11

*Geiman v. L.E.C. Civ. Contractors, LLC*,
2024 WL 1659717 (D. Mass. Apr. 17, 2024)....15

*Globus Med., Inc. v. Alphatec Spine, Inc.*,
2025 WL 3471319 (S.D. Cal. Dec. 3, 2025)....7, 8

*In re Google LLC*,
949 F.3d 1338 (Fed. Cir. 2020)....17

*Helios Streaming, LLC v. Vudu, Inc.*,
2020 WL 3167641 (D. Del. June 15, 2020)....7

*Hills Point Indus. LLC v. Just Fur Love LLC*,
2023 WL 8804046 (D. Del. Dec. 20, 2023)....13

*iFIT Inc. v. Peloton Interactive, Inc.*,
2022 WL 609605 (D. Del. Jan. 28, 2022)....12, 14

*InterGen N.V. v. Grina*,
344 F.3d 134 (1st Cir. 2003)....15, 16

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1371 (Fed. Cir. 2017)....9

*Lubby Holdings LLC v. Chung*,
11 F.4th 1355 (Fed. Cir. 2021) ....15

*Malvern Panalytical Ltd v. TA Instruments-Waters LLC*,
2021 WL 3856145 (D. Del. Aug. 27, 2021) ....13

*Mass. Inst. of Tech. v. Shire PLC*,
2014 WL 404696 (D. Mass. Feb. 2, 2014) ....2, 9

*McCabe v. Ford Motor Co.*,
774 F. Supp. 3d 349 (D. Mass. 2025) ....17

*NexStep, Inc. v. Comcast Cable Commc'ns, LLC*,
2019 WL 5626647 (D. Del. Oct. 31, 2019), *report and recommendation adopted sub nom.*, 2019 WL 11663798 (D. Del. Nov. 15, 2019)....4

*Ocean Semiconductor LLC v. Analog Devices, Inc.*,
698 F. Supp. 3d 204 ....9

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
2012 WL 2700495 (D. Del. July 5, 2012) ....11

*Provisur Techs., Inc. v. Weber, Inc.*,
119 F.4th 948 (Fed. Cir. 2024) ....12

*Ryba v. LaLancette*,
417 F. Supp. 2d 199 (D. Mass. 2006) ....17

*Select Retrieval, LLC v. Bulbs.com Inc.*,
2012 WL 6045942 (D. Mass. Dec. 4, 2012)....7

*Simplivity Corp. v. Springpath, Inc.*,
2016 WL 5388951 (D. Mass. July 15, 2016)....6

*Splunk Inc. v. Cribl, Inc.*,
662 F. Supp. 3d 1029 (N.D. Cal. 2023)....5

*Sunrise Techs., Inc. v. Cimcon Lighting, Inc.*,
219 F. Supp. 3d 260 (D. Mass. 2016) ....10

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
700 F.3d 1287 (Fed. Cir. 2012)....9

*TechTarget, Inc. v. Spark Design, LLC*,
746 F. Supp. 2d 353 (D. Mass. 2010) ....17

*Touchstream Techs., Inc. v. Altice USA, Inc.*,
2024 WL 1117930 (E.D. Tex. Mar. 14, 2024) ....5

*Travel Senty, Inc. v. Tropp*,
877 F.3d 1370 (Fed. Cir. 2017)....16

*Trs. of Bos. Univ. v. Everlight Elecs. Co.*,
2014 WL 12792363 (D. Mass. May 16, 2014) ....14

*UUSI, LLC v. Futaba Corp. of Am.*,
2025 WL 2817655 (E.D. Mich. Sept. 30, 2025)....4

*Vita-Mix Corp. v. Basic Holding, Inc.*,
581 F.3d 1317 (Fed. Cir. 2009)....3, 8

*Wordtech Sys. v. Integrated Network Sols., Inc.*,
609 F.3d 1309 (Fed. Cir. 2010)....15

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
528 F. Supp. 3d 247 (D. Del. 2021)....7, 8, 12

*Zond, Inc. v. Fujitsu Semiconductor Ltd.*,
990 F. Supp. 2d 50 (D. Mass. 2014) ....6, 7

*Zond, LLC v. Renesas Elecs. Corp.*,
2014 WL 4161348 (D. Mass. Aug. 15, 2014) ....6

**Statutes**

35 U.S.C. § 271(a) ....14

## I. INTRODUCTION

Plaintiff Solos Technology Limited ("Solos") brought this action against Oakley, Inc., Luxottica of America Inc., and EssilorLuxottica USA Inc. (collectively, the "Luxottica Defendants"), along with co-defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC (together, the "Meta Co-Defendants"), alleging direct, indirect, and willful infringement of five U.S. patents: U.S. Patent Nos. 10,306,389 (the "'389 Patent"), 10,651,866 (the "'866 Patent"), 11,082,055 (the "'055 Patent"), 11,871,174 (the "'174 Patent"), and 12,216,339 (the "'339 Patent") (collectively, the "Asserted Patents"). Compl., ECF No. 1.

The Complaint lacks factual allegations to support many of its claims. For example, the Complaint includes no factual allegations supporting that any Luxottica Defendant had pre-suit knowledge of the Asserted Patents. Instead, the Complaint includes conclusory allegations that the Luxottica Defendants had "actual and constructive knowledge" of the Asserted Patents, supported only by vague references that the Luxottica Defendants had knowledge of Solos's "technology" ***before*** the issuance of the Asserted Patents. These allegations are insufficient to support Solos's allegation that the Luxottica Defendants had pre-suit knowledge of the Asserted Patents. Factual allegations of pre-suit knowledge of the Asserted Patents are a prerequisite for both indirect and willful infringement, and those claims must be dismissed.

Next, the Complaint also lacks factual allegations to support an intent to induce infringement of the Asserted Patents, that there is "no substantial non-infringing use" of the accused products to support Solos's claim for contributory infringement, or the intent requirement to support Solos's claim for willful infringement. Each of those claims should be dismissed for those independent reasons.

Finally, the Complaint speculates that some of the world's most sophisticated entities are jointly liable for infringement under theories of common enterprise, agency, or vicarious liability. Unsurprisingly, the Complaint lacks supporting factual allegations supporting these theories. Instead, the Complaint uses only boilerplate labels—e.g., "coordinated and interdependent enterprise," "acting in concert," "legally attributable"—to describe the relationship between the Luxottica Defendants, and between the Luxottica Defendants and Meta Co-Defendants. The factual allegations in the Complaint support nothing more than ordinary commercial relationships among separately incorporated entities, not any common enterprise, agency, or vicarious liability between them.

Solos's claims for indirect infringement, willful infringement, and joint liability against the Luxottica Defendants should be dismissed.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a complaint should be dismissed if it fails to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Douglas v. Hirshon*, 63 F.4th 49, 55 (1st Cir. 2023) (citation modified); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (pleadings must provide sufficient factual allegations "to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Allegations that only support the potential or "mere possibility" of an act are insufficient to support a plausible claim of action. *Iqbal*, 556 U.S. at 679. The plausibility standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true "bald assertions, unsupportable conclusions, and opprobrious epithets," or "legal conclusions couched as a factual allegation." *Mass. Inst. of Tech.*

*v. Shire PLC*, 2014 WL 404696, at *7 (D. Mass. Feb. 2, 2014) (quoting *In re Citigroup, Inc.*, 535 F.3d 45, 52 (1st Cir. 2008)); *Iqbal*, 556 U.S. at 678 (citation modified).

## III. ARGUMENT

The indirect and willful infringement claims, and the joint liability theories, against the Luxottica Defendants should be dismissed. First, Solos's claims for indirect infringement and pre-suit willful infringement should be dismissed because the Complaint pleads no facts plausibly showing that any Luxottica Defendant had pre-suit knowledge of the Asserted Patents.

Second, Solos's induced infringement claims independently fail because the Complaint alleges no specific intent to induce infringement.

Third, the contributory infringement claims fail because the Complaint never identifies the allegedly infringing components or explains why they lack substantial non-infringing uses.

Fourth, the allegations of willful infringement must be dismissed because the Complaint lacks allegations of an intent to infringe.

Finally, Solos's joint liability theories—common enterprise, agency, and vicarious liability—should be dismissed because the Complaint lacks factually allegations supporting the essential elements of this theory.

### A. Solos's Indirect Infringement Claims Should Be Dismissed Because It Did Not Allege Pre-Suit Knowledge Of The Asserted Patents

Pre-suit knowledge of the Asserted Patents is an element of induced and contributory infringement. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (knowledge of asserted patent required for induced infringement); *AlexSam, Inc. v. Aetna*, 119 F.4th 27, 47 (Fed. Cir. 2024) (knowledge of asserted patent required for contributory infringement). The Complaint lacks factual allegations that the Luxottica Defendants had this pre-

suit knowledge of the Asserted Patents. Indeed, Solos never alleges that it communicated the existence of the Asserted Patents to the Luxottica Defendants.

Rather than pleading allegations about the Asserted Patents, the Complaint includes only generalized allegations of "exposure" to Plaintiff's "***technology***." ECF No. 1, ¶¶ 65-75. However, the Complaint alleges this "exposure" occurred ***before*** the Asserted Patents issued. *See id.* ¶¶ 43-47 (alleging Asserted Patents issued between May 2019 and February 2025); *id.* ¶¶ 65-68 (alleging interactions between Oakley and Solos between ***2015*** and ***January 2019***); *id*. ¶¶ 69-74 (alleging interactions between "EssilorLuxottica" and Solos between ***2017*** and ***2018***). Thus, none of these interactions could have possibly provided the Luxottica Defendants with knowledge of the Asserted Patents because the Asserted Patents did not yet exist. *See NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 2019 WL 5626647, at *3 (D. Del. Oct. 31, 2019), *report and recommendation adopted sub nom.*, *NexStep, Inc. v. Comcast Cable Commc'n, LLC*, 2019 WL 11663798 (D. Del. Nov. 15, 2019) ("NexStep has failed to plausibly plead pre-suit knowledge of the patents-in-suit because, when Dr. Stepanian met with Comcast, none of the patents-in-suit had issued"); *Cleveland Med. Devices Inc. v. ResMed Inc.*, 696 F. Supp. 3d 4, 10-11 (D. Del. 2023) (discussions between plaintiff and defendant between 2017-2019 insufficient to allege pre-suit knowledge of patents issued two years later); *UUSI, LLC v. Futaba Corp. of Am.*, 2025 WL 2817655, at *2 (E.D. Mich. Sept. 30, 2025) ("[A] defendant cannot be aware of a patent that does not yet exist").

Furthermore, Solos never even alleges that the Luxottica Defendants learned of the Asserted Patents through those interactions. For example, Plaintiff alleges Oakley "interacted with Solos personnel" at CES in 2016 and received a "Solos product" in January 2019. ECF No. 1, ¶¶ 66-67. Even if those allegations are taken as true, they say nothing about the Asserted Patents. Similarly, Solos alleges that "EssilorLuxottica Group" interacted with Solos at conferences and

meetings in 2017. *Id.* ¶¶ 69-73. Again, those allegations say nothing about the Asserted Patents. Tellingly, Solos admits that the materials it presented publicly "***omitt[ed]*** the specific embodiments later protected by the Asserted Patents." *Id.* ¶ 74. Thus, whatever "technology" Solos purports to have disclosed, it was not the patented technology, much less the Asserted Patents. These generalized allegations of the Luxottica Defendants' "exposure" to Plaintiff's technology cannot substitute for factual allegations of knowledge of the Asserted Patents. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 640 (2015) (liability for indirect infringement "can only attach if the defendant knew of **the patent** and knew as well that the induced acts constitute patent infringement" (citation modified); *Dialect, LLC v. Bank of Am., N.A.*, 2024 WL 4980794, at *3 (E.D. Tex. Dec. 4, 2024) (allegations of discussions with and presentations to defendants without reference to any specific patents insufficient to plead pre-suit knowledge); *Touchstream Techs., Inc. v. Altice USA, Inc.*, 2024 WL 1117930, at *3 (E.D. Tex. Mar. 14, 2024) (allegations of disclosure of patent portfolio during discussions of potential partnership concerning plaintiff's technology insufficient to provide pre-suit knowledge of asserted patents). Therefore, there are no factual allegations in the Complaint from which the Court may infer that the Luxottica Defendants had pre-suit knowledge of the Asserted Patents.[1]

**1. Pre-Suit Indirect Infringement Should Be Dismissed**

The Complaint lacks factual allegations that the Luxottica Defendants had pre-suit knowledge of the Asserted Patents. *See supra*. Furthermore, the Complaint cannot serve as the

[1] The Complaint also references constructive notice of the Asserted Patents. ECF No. 1, ¶¶ 121, 129, 140, 151, 161, 173. Constructive knowledge (e.g., through patent marking) is not sufficient to plead induced or willful infringement, which each require actual knowledge of the Asserted Patents. *See, e.g.*, *Splunk Inc. v. Cribl, Inc.*, 662 F. Supp. 3d 1029, 1037 (N.D. Cal. 2023) (rejecting assertion that defendants need to "affirmatively investigate" each patent listed on the marking website); *Deckers Outdoor Corp. v. Torrid, LLC*, 2023 WL 2559199, at *6 (C.D. Cal. Feb. 23, 2023) (marking did not put defendant on notice of the asserted patent). Regardless, the Complaint lacks any allegation that the Asserted Patents were marked on Solos's products or marking website, so the Complaint lacks factual allegations supporting that constructive notice was provided.

basis for pre-suit knowledge required to state a claim for pre-suit indirect infringement. *See Simplivity Corp. v. Springpath, Inc.*, 2016 WL 5388951, at *6 (D. Mass. July 15, 2016) ("[P]ost-suit knowledge does not suffice for claims of indirect infringement alleged to have occurred pre-suit . . . ."); *Zond, LLC v. Renesas Elecs. Corp.*, 2014 WL 4161348, at *6 (D. Mass. Aug. 15, 2014) (dismissing claims of induced infringement based on conduct prior to filing suit); *Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F. Supp. 2d 50, 57 (D. Mass. 2014) ("It is difficult to perceive how a plaintiff, when relying upon post-filing knowledge to satisfy the requirements of a claim of induced infringement, can have any evidentiary support for its claim at the time of filing.").

The Complaint's "[c]onclusory assertions with respect to [the Luxottica Defendants'] knowledge of the patent[s], without more, are insufficient to survive a motion to dismiss." *Canon, Inc. v. Avigilon USA Corp. Inc.*, 411 F. Supp. 3d 162, 164 (D. Mass. 2019). As such, Solos's claims of indirect infringement prior to the filing date of the Complaint must be dismissed with prejudice.

### 2. Post-Suit Indirect Infringement Should be Dismissed

Solos's post-suit indirect infringement claims fail for the same reason as its pre-suit claims: the Complaint does not plead pre-suit knowledge of the Asserted Patents. The filing of the Complaint does not cure the notice defect for post-suit infringement.[2] Courts have regularly held that a complaint fails to state a claim for post-suit indirect infringement "where the defendant's alleged knowledge of the asserted patents is based ***solely*** on the content of that complaint or a prior version of the complaint filed in the same lawsuit." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 252 (D. Del. 2021) (emphasis added) (collecting cases); *Canon*, 411 F. Supp. 3d at 165 ("Because [defendant]'s alleged knowledge was as a result of the complaint, [plaintiff]

[2] The Luxottica Defendants acknowledge that there is a split of authority among the district courts regarding whether a complaint can serve as notice for post-suit indirect infringement. *See Echosens, S.A. v. E-Scopics S.A.S.*, 772 F. Supp. 3d 147, 159 (D. Mass. 2025) (noting split and citing cases). The Luxottica Defendants respectfully submit, as explained herein, the Complaint cannot serve as the basis for a post-suit claim of indirect infringement.

has not alleged facts sufficient to support such a pleading at the time of the filing."); *Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F. Supp. 2d 50, 57 (D. Mass. 2014) (holding that "pre-filing knowledge of the patent must be established before a claim of induced infringement may succeed"); *Select Retrieval, LLC v. Bulbs.com Inc.*, 2012 WL 6045942, at *6 (D. Mass. Dec. 4, 2012) (dismissing claims of indirect infringement because "the filing of a law suit is not enough to support Select's claim for indirect infringement"); *Globus Med., Inc. v. Alphatec Spine, Inc.*, 2025 WL 3471319, at *2 (S.D. Cal. Dec. 3, 2025) ("The proper rule is that an alleged infringer must know about the asserted patents before a suit is filed and that a complaint cannot provide a required element of a claim for induced or willful infringement.") (emphasis omitted); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, 2020 WL 4365809, at *2 (D. Del. July 30, 2020) ("[T]he complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement."). The reasoning of these decisions is sound: allowing a complaint itself to provide sufficient knowledge to support a post-filing induced infringement claim would "vitiate this explicit requirement" of knowledge of the patent in Section 271. *See Zond v. Fujitsu*, 990 F. Supp. 2d at 57 (allowing knowledge element of indirect infringement to be satisfied by complaint would mean "all complaints will automatically satisfy this requirement upon filing, and it would be superfluous"). Indeed, "[t]he purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *Helios Streaming, LLC v. Vudu, Inc.*, 2020 WL 3167641, at *2 n.1 (D. Del. June 15, 2020); *see also Globus Med.*, 2025 WL 3471319, at *2 ("[A] patentee must have a good faith basis for its claims when they are filed and it would be circular to allow the complaint itself to serve as that good faith basis.") (emphasis omitted). Allowing the complaint to serve as notice of the patents for indirect infringement would "encourag[e] plaintiffs to create claims by filing claims." *ZapFraud*, 528 F. Supp. 3d at 251. "It seems . . . neither wise nor consistent with

principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages." *Id.*

Permitting indirect infringement claims to proceed based ***solely*** on an allegation that knowledge of the patents came from the complaint would place indirect infringement in a unique position among tort claims—allowing the plaintiff to prove a required element of its case through the filing of its complaint. *Id.* Indeed, when sitting by designation in Delaware, Federal Circuit Judge Bryson rejected the use of the complaint to provide notice in the related context of willful infringement, because it would inject these allegations into nearly every case "regardless of whether such allegations are warranted." *CRH Med. Corporation v. MDE Med., LLC*, 2025 WL 2506804, *4 (D. Del. Sept. 2, 2025) (Bryson, J.). Judge Bryson's reasoning applies equally to post-suit indirect infringement. The Complaint should not form the sole basis for the Luxottica Defendants' knowledge of the Asserted Patents for the purposes of post-suit indirect infringement. Therefore, Plaintiff's claims of post-suit indirect infringement should likewise be dismissed with prejudice.

**B. Solos's Induced Infringement Claims Should Be Dismissed For Failure To Plead Scienter**

Solos's induced infringement claims (both pre- and post-complaint) fail for the independent reason that the Complaint does not plead the required intent to induce infringement.

Induced infringement requires that the alleged infringer "knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp.*, 581 F.3d at 1328. Consequently, "[t]o state a viable claim for induced infringement, plaintiff must allege that defendant (1) knew of the patent, (2) knowingly induced infringing acts, and (3) acted with specific intent." *Canon*, 411 F. Supp. 3d at 164 (citations omitted); *see also Ocean Semiconductor LLC v. Analog Devices, Inc.*, 698 F. Supp. 3d 204, 209 (holding that "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended

[another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement."') (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1371, 1339 (Fed. Cir. 2017) (alterations in original)).

The Complaint lacks any factual allegations that any Luxottica Defendant specifically intended to induce infringing conduct. Solos alleges only in conclusory terms that Defendants "indirectly infringe" each of the Asserted Patents by "actively inducing" customers, retail partners, distributors, and end users to directly infringe. ECF No. 1, ¶¶ 126, 137, 148, 159, 170. It also alleges the conclusion that "Defendants' inducement further includes encouraging and enabling third-party developers, partners, and commercial integrators to build, deploy, and monetize products and services that rely on infringing platform-level capabilities embodied in the Infringing Products." *Id.* ¶¶ 128, 139, 150, 162, 172. Such bare recitations of elements of a claim, without underlying factual allegations, do not meet the *Iqbal*/*Twombly* pleading standard. *See Ocean Semiconductor*, 698 F. Supp. 3d at 210 (general statements insufficient to "provide notice to meet the scienter requirement" for induced infringement); *Mass. Inst. of Tech.*, 2014 WL 404696, at *9 ("[A]n induced infringement claim will not pass muster under 12(b)(6) when the plaintiff 'does not allege any facts to support a reasonable inference that [the defendant] specifically intended to induce infringement ... or that it knew it had induced acts that constitute infringement'" (quoting *Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012))). Thus, Plaintiff's claims for induced infringement against the Luxottica Defendants should also be dismissed for this independent reason.

### C. Solos's Contributory Infringement Claims Should Be Dismissed For Failure To Plead A Lack Of Substantial Non-Infringing Uses

Solos's contributory infringement claims are also deficient because the Complaint neither identifies the specific components allegedly sold for infringing use nor explains why those

components lack substantial non-infringing uses.

In addition to the knowledge requirements discussed above, to state a claim for contributory infringement, Solos must plead that the Luxottica Defendants sold a component of a patented machine or process that is not a staple article or commodity of commerce suitable for a substantial non-infringing use. *See AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 47 (Fed. Cir. 2024). Solos's Complaint lacks any such allegations.

The entirety of this portion of Plaintiff's contributory infringement claims is its conclusion that Defendants infringe each of the Asserted Patents "by offering to sell and selling components of the Infringing Products that constitute material parts of the claimed inventions" and "[t]hese components are specially made or adapted for use in infringing [the Asserted Patents] and have no substantial non-infringing use." ECF No. 1, ¶¶ 127, 138, 149, 160, 171. Solos does not even identify the allegedly contributorily infringing components of the Accused Products. Nor does Solos plead facts supporting a reasonable inference that the unidentified component parts lack substantial non-infringing use. It merely recites the legal requirements for its claim. "Recitation of the statute is not sufficient, however, to defeat a motion to dismiss." *Sunrise Techs., Inc. v. Cimcon Lighting, Inc.*, 219 F. Supp. 3d 260, 264 (D. Mass. 2016) (dismissing contributory infringement claims where plaintiff failed to plead facts that show that the accused products have no substantial non-infringing uses or that the accused products are especially made or adapted for infringing uses); *Pragmatus Telecom, LLC v. Ford Motor Co.*, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) ("The allegations that the infringing systems . . . are not staple articles of commerce suitable for substantial non-infringing use are supported by no facts.") (citation modified). Thus, for this independent reason, Plaintiff's claims for contributory infringement against the Luxottica Defendants must be dismissed.

### D. Solos's Claims For Willful Infringement Should Be Dismissed

To state a claim for willful infringement, a plaintiff must allege that, at the time of the complaint, "1) defendant knew of the patent and 2) knew of its alleged infringement." *Canon*, 411 F. Supp. 3d at 165 (dismissing willful infringement claims for failure to allege pre-suit knowledge of patent); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1330 (Fed. Cir. 2010) (rejecting the argument that a plaintiff "need only show that [the defendants] knew of the patent and of the relevant acts, not whether these acts constituted infringement"); *Duvall Espresso IP Enforcement, LLC v. Meticulous Home, Inc.*, 2026 WL 578768, at *15 (D. Del. Mar. 2, 2026) ("Willful infringement claims require that the defendant had knowledge of the patents-in-suit and knowledge that the acts at issue constituted patent infringement."). Solos's willful infringement claims fail both prongs. First, the Complaint includes no factual allegations that any Luxottica Defendant had pre-suit knowledge of the Asserted Patents. Second, the Complaint is devoid of factual allegations that the Luxottica Defendants intended to infringe.

#### 1. Solos Does Not Allege Pre-Suit Knowledge of the Asserted Patents

As explained above for indirect infringement, there are no allegations in the Complaint that the Luxottica Defendants had knowledge of the Asserted Patents before the Complaint was filed. *See supra*. Because the Complaint does not allege pre-suit knowledge of the Asserted Patents, Solos's willful infringement claims must be dismissed. *See Canon*, 411 F. Supp. 3d at 165.

The Complaint itself cannot satisfy the knowledge prong for willful infringement. *See, e.g.*, *id.* at 165 (complaint insufficient to show knowledge at time of filing); *Cleveland Med. Devices*, 696 F. Supp. 3d at 14 ("[T]his Court adopts the view that '[t]he complaint itself cannot serve as the basis for a defendant's actionable knowledge' for a willful infringement claim") (citation omitted); *ZapFraud*, 528 F. Supp. 3d at 252 (complaint cannot serve as the basis for defendants' knowledge for willful infringement); *E-Vision Optics, LLC v. Luxottica Grp. S.p.A.*, 2024 WL

1601853, at *6 (C.D. Cal. Mar. 8, 2024) ("[F]iling a complaint, alone, does not establish the post-suit knowledge necessary to support willful and induced infringement claims."); *see also CRH Med.*, 2025 WL 2506804, *4 (Bryson, J.) ("Allowing a complaint to serve as notice of infringement risks permitting the plaintiff to inject willful infringement allegations into nearly every case regardless of whether such allegations are warranted."). For this independent reason, the allegations of willful infringement should be dismissed.

**2. Solos Does Not Allege The Luxottica Defendants Intended to Infringe**

Solos's allegation of willful infringement also fails because the Complaint fails to plead facts to plausibly show that the Luxottica Defendants intended to infringe the Asserted Patents. "To establish willfulness, a patentee must show that the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Provisur Techs., Inc. v. Weber, Inc.*, 119 F.4th 948, 955 (Fed. Cir. 2024) (internal quotation marks and citation omitted). Even if Solos had sufficiently pled knowledge of the Asserted Patents, allegations of pre-suit knowledge of the patent are not enough to plead an intent to infringe. *See, e.g.*, *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 638 F. Supp. 3d 1088, 1098-99 (N.D. Cal. 2022) (dismissing willful infringement claims because plaintiff "only alleges that [defendant] knew of the patents, not that [defendant] knew of infringement of the patents") (alterations omitted); *iFIT Inc. v. Peloton Interactive, Inc.*, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022) ("Even if iFIT had sufficiently alleged knowledge of the '407 patent, mere knowledge of the patent cannot support an allegation of willful infringement. . . . iFIT must plead both knowledge of the patent and of the infringement."); *Malvern Panalytical Ltd v. TA Instruments-Waters LLC*, 2021 WL 3856145, at *3 (D. Del. Aug. 27, 2021) (dismissing claim of willful infringement because the complaint "[did] not contain any specific allegations concerning Waters' knowledge of infringement"); *Cleveland Med. Devices*, 696 F. Supp. 3d at 14

(dismissing claims of willful infringement where the complaint did "not assert any nonconclusory facts supporting" knowledge of infringement despite undisputed knowledge of the asserted patents); *Hills Point Indus. LLC v. Just Fur Love LLC*, 2023 WL 8804046, at *4 (D. Del. Dec. 20, 2023) ("Pleading mere notice of an asserted patent is insufficient to state a claim for willfulness.").

The Complaint's allegations about the Luxottica Defendants' purported intent to infringe are nothing more than legal conclusions:

- "By continuing the commercial activities described herein, including after having actual and constructive notice of the Asserted Patents, Defendants are knowingly, deliberately, and willfully infringing the Asserted Patents" (ECF No. 1, ¶ 121); and
- "Despite this knowledge, Defendants chose to continue developing, launching, and commercializing the Infringing Products. Defendants' infringement has therefore been willful, deliberate, and carried out in reckless disregard of Solos' patent rights" (*id.* ¶¶ 129, 140, 151, 161, 173).[3]

Even if these allegations were more than legal conclusions, allegations that despite knowledge of a patent, a defendant continued to commit infringing acts are not sufficient to plead willful infringement. *See, e.g.*, *Cleveland Med. Devices*, 696 F. Supp. 3d. at 14; *iFIT*, 2022 WL 609605, at *2. Solos therefore does not plead factual allegations that the Luxottica Defendants knew or should have known that their conduct infringed the Asserted Patents, much less that they acted with a specific intent to infringe. Accordingly, the willful infringement claims must be dismissed.

**E. Solos Fails To Plead Common Enterprise, Agency, Or Vicarious Liability**

Solos contends that "Defendants acted not only individually, but also collectively and in concert as part of a coordinated and interdependent enterprise" such that the "acts and omissions

[3] Although Paragraph 103 contains similar allegations, it refers to "Solos' patented technologies" not the Asserted Patents. ECF No. 1, ¶ 103. "Technologies" cannot be infringed, much less willfully.

of each Defendant, and of any entities acting in coordination with them, are legally attributable to the others under principles of agency, apparent authority, joint venture, joint enterprise, authorization, ratification, vicarious lability, and respondeat superior." ECF No. 1, ¶¶ 104-106. However, Solos pleaded no factual allegations supporting these theories, and they therefore must be dismissed.

### 1. Allegations of Joint Infringement Among the Luxottica Defendants Should be Dismissed

Solos asserts that "Defendants acted not only individually, but also collectively and in concert as part of a coordinated and interdependent enterprise" and that "Defendants further acted through and in combination with their respective subsidiaries, affiliates, officers, employees . . . ." ECF No. 1, ¶¶ 104, 105. The liability of a parent corporation for its subsidiaries' actions requires piercing the corporate veil. *See Trs. of Bos. Univ. v. Everlight Elecs. Co.*, 2014 WL 12792363, at *2 (D. Mass. May 16, 2014) ("[A] parent company can be liable for its subsidiary's infringement under 35 U.S.C. § 271(a) only when compelling reasons justify disregarding the corporate structure and piercing the corporate veil.").

Similarly, "the 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'" *Wordtech Sys. v. Integrated Network Sols., Inc.*, 609 F.3d 1309, 1313-14 (Fed. Cir. 2010) (citation omitted).[4]

There is "no single 'litmus' test for determining when it is appropriate to pierce the corporate veil." *Geiman v. L.E.C. Civ. Contractors, LLC*, 2024 WL 1659717, at *4 (D. Mass. Apr. 17, 2024) (quoting *Brotherhood of Locomotive Eng'rs v. Springfield Terminal Ry. Co.*, 210 F.3d

---

[4] Although corporate officers can separately be liable for their own acts of infringement (*see Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1358 (Fed. Cir. 2021)), Solos does not identify any such officers much less what infringing acts they purportedly undertook.

18, 26 (1st Cir. 2000)); *Bos. Carriage, Inc. v. Bos. Suburban Coach, Inc.*, 2022 WL 4626918, at *12 (D. Mass. Sept. 30, 2022) ("There is no set standard for veil-piercing under federal common law"). "The overarching principle, however, is that the corporate form may be disregarded only if considerations of fairness or public necessity warrant such a step." *InterGen N.V. v. Grina*, 344 F.3d 134, 148 (1st Cir. 2003). "Federal common law emphasizes the equitable character of the alter ego doctrine, instructing federal courts that the corporate form may be disregarded in the interests of justice where it is used to defeat an overriding public policy, but not otherwise." *Id.* at 149 (internal quotation marks and citation omitted). "[A] party attempting to pierce the corporate veil, in general, must prove lack of corporate independence, fraudulent intent, and manifest injustice." *Bos. Carriage, Inc.*, 2022 WL 4626918, at *12 (internal quotation marks and citation omitted).

In reviewing corporate independence, courts look at:

> "(1) whether a corporation is operated as a separate entity; (2) commingling of funds and other assets; (3) failure to maintain adequate records or minutes; (4) the nature of the corporation's ownership and control; (5) absence of corporate assets and undercapitalization; (6) use of a corporation as a mere shell, instrumentality or conduit of an individual or another corporation; (7) disregard of legal formalities and the failure to maintain an arms-length relationship among related entities; and (8) diversion of the corporation's funds or assets to noncorporate uses."

*Id.* at *12 n.3 (quoting *InterGen*, 344 F.3d at 148).

The Complaint includes only bare conclusions about the interactions of the three Luxottica Defendants and fails to allege a lack of corporate independence, fraudulent intent, or manifest injustice. For example, Plaintiff alleges Oakley "operates in close coordination with EssilorLuxottica with respect to the branding, marketing, distribution, and sale." ECF No. 1, ¶ 33. Similarly, Plaintiff alleges that EssilorLuxottica USA "directs, authorizes, coordinates, and financially benefits from the retail, distribution, supply-chain, and merchandising activities of

Luxottica of America, Inc., including activities related to the Meta Ray-Ban smart glasses sold in this District." *Id.* ¶ 38. But in each case, Plaintiff pleads nothing more than these bare conclusions, offering no factual allegations that would support piercing the corporate veil.

### 2. Allegations of Joint Infringement Among The Luxottica Defendants And The Meta Co-Defendants Should Be Dismissed

Solos also appears to contend that that Luxottica Defendants and the Meta Co-Defendants are jointly liable for the alleged infringement under theories of agency, joint venture, and other theories of vicarious liability.[5] *See* ECF No. 1, ¶ 106 ("Each Defendant is therefore liable for the infringing acts of the others."). A party may be liable for direct infringement through the acts of an agent, if it contracts with another party to perform steps of the claimed method, or if it "conditions participation in an activity or receipt of a benefit upon performance of a step or steps of the patented method and establishes the manner and timing of that performance." *Travel Senty, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017) (internal quotation marks and citation omitted); *see also Centillion Data Sys., LLC v. Qwest Commc'n Int'l, Inc.*, 631 F.3d 1279, 1286-87 (Fed. Cir. 2011) (similar requirements for system claims). The Complaint lacks factual allegations supporting any of these theories.

For example, pleading agency requires allegations about "(1) the principal's 'right to direct or control' the agent's actions, (2) 'the manifestation of consent by [the principal] to [the agent] that the [agent] shall act on his behalf,' and (3) the 'consent by the [agent] to act.'" *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020); *McCabe v. Ford Motor Co.*, 774 F. Supp. 3d 349, 388 (D. Mass. 2025) (alterations in original) (quoting *CNE Direct, Inc. v. Blackberry Corp.*, 821 F.3d

---

[5] The Complaint never specifies which Defendants are purportedly encompassed by this theory. Thus, it is unclear whether Solos contends that all five defendants form one joint enterprise, that the Luxottica Defendants and Meta Co-Defendants form separate enterprises, or that some subset of defendants operates jointly. That alone warrants dismissal. Regardless of the combination that is intended by the Complaint, Solos fails to plead supporting factual allegations.

146, 150 (1st Cir. 2016)) (similar requirements in the First Circuit). Solos fails to plead these elements, much less facts supporting them.

The joint enterprise analysis includes a myriad of potential factors. *See Armstrong v. White Winston Select Asset Funds, LLC*, 648 F. Supp. 3d 230, 266 n.17 (D. Mass. 2022) (setting out factors relevant to joint venture analysis); *Ryba v. LaLancette*, 417 F. Supp. 2d 199, 210 (D. Mass. 2006) (setting out factors relevant to joint enterprise liability); *TechTarget, Inc. v. Spark Design, LLC*, 746 F. Supp. 2d 353, 356 (D. Mass. 2010) (setting out factors relevant to alter ego/common enterprise analysis); *Fine v. Guardian Life Ins. Co. of Am.*, 2021 WL 916270, at *6 (D. Mass. Mar. 10, 2021) (setting out factors relevant to single integrated enterprise analysis). But Solos did not plead facts supporting any of them. Instead, the Complaint merely alleges the conclusions that the acts of each party are "legally attributable to the others." ECF No. 1, ¶ 106 As such, this theory must be dismissed.

Because Solos has not pleaded facts supporting any element of any joint liability theory, all such claims against the Luxottica Defendants should be dismissed.

### 3. Allegations Regarding Liability Of Unidentified Individuals and Entities Must Be Dismissed

In Paragraph 105, the Complaint baldly alleges that "Defendants further acted through and in combination with their respective subsidiaries, affiliates, officers, employees, agents, contractors, suppliers, component manufacturers, software developers, laboratories, logistics providers, distributors, retailers, and other related persons or entities . . . ." ECF No. 1, ¶ 105. The Complaint then asserts that each of these unidentified persons and entities is jointly liability with the named entities, but says nothing about how or why. *See id.* ¶¶ 104-106. It simply pleads the legal conclusion that these unidentified individuals and entities are jointly liable. This scattershot and unsupported allegation must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice: (1) all claims of indirect infringement (induced and contributory) against the Luxottica Defendants, both pre-suit and post-suit, for failure to plead pre-suit knowledge of the Asserted Patents; (2) all claims of willful infringement against the Luxottica Defendants, for failure to plead pre-suit knowledge and specific intent to infringe; and (3) all claims for joint liability under theories of common enterprise, agency, and vicarious liability, for failure to plead the required elements of any such theory.

Dated: March 25, 2026

Respectfully submitted,

*/s/ Katherine W. Soule*

Katherine W. Soule (BBO # 703965)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Tel: (617) 341-7700
Facsimile: (617) 341-7701
katherine.soule@morganlewis.com

Ali S. Razai (*pro hac vice*)
Brandon G. Smith (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel: (714) 830-0600
Facsimile: (714) 830-0700
ali.razai@morganlewis.com
brandon.smith@morganlewis.com

Andrew V. Devkar (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Tel: (310) 907-1000
Facsimile: (310) 907-1001
andrew.devkar@morganlewis.com

*Counsel for Defendants Oakley, Inc., Luxottica of America Inc. and EssilorLuxottica USA Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on March 25, 2026.

*/s/ Katherine W. Soule*
Katherine W. Soule (BBO # 703965)