**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**SOLOS TECHNOLOGY LIMITED,**
     *Plaintiff,*

                                                                **Case No. 1:26-cv-10304-ADB**
     **v.**                                                     *(Judge Allison D. Burroughs)*

**META PLATFORMS, INC., et al.,**
     *Defendants.*

**MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24 AND MEMORANDUM**
**OF LAW IN SUPPORT**

Now comes Daitona Carter (the "Proposed Intervenor"), proceeding pro se, and respectfully

moves this Court, pursuant to Federal Rule of Civil Procedure 24, for leave to intervene in the

above-captioned action as of right under Rule 24(a)(2), or in the alternative, for permissive

intervention under Rule 24(b). In support of this motion, the Proposed Intervenor states as

follows:


**I. INTRODUCTION**

This motion is brought to preserve the Intervenor's prior inventorship rights in technologies

reflected in the patents-in-suit (U.S. Patent Nos. 10,306,389; 10,651,866; 11,082,055;

11,871,174; and 12,216,339), including directional audio, adaptive beamforming, and

multimodal acoustic control. The Intervenor asserts prior conception and reduction to practice of

these technologies and notifies the Court of systemic obstruction, "communications fencing,"

data inaccessibility, and the imminent risk of spoliation of critical evidence that has impaired her

ability to assert these rights earlier.

1

## II. SUPPORTING CASE REFERENCES

- **Pannu v. Iolab Corp.**, 155 F.3d 1344 (Fed. Cir. 1998) — Independent inventors may assert § 256 inventorship claims without any prior relationship to patent assignees.

- **Chou v. University of Chicago**, 254 F.3d 1347 (Fed. Cir. 2001) — Prior knowledge or interaction with the patent owner is not required for § 256 claims.

- **Intellisoft, Ltd. v. Acer Am. Corp.**, No. 2019-2163 (Fed. Cir. 2020) — Courts recognize independent interests in inventions or ideas even if not represented by the existing parties.

## III. LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), the Intervenor certifies that she has attempted in good faith to confer with counsel for the parties regarding this motion. Due to systemic technical obstructions and restricted access to filing systems (including PACER/ECF), the Intervenor was unable to obtain consent prior to filing and has served this motion via emergency email.

## IV. TIMELINESS

This motion is timely. The Complaint was filed on January 23, 2026. The case remains in its early pleading stage: no answers have been filed, and activity to date consists primarily of notices of appearance, a pending motion to disqualify certain defense counsel, and a motion to dismiss.

Any delay in asserting rights is attributable to extraordinary circumstances beyond the Intervenor's control:

1. **Unlawful Confinement**: Between 2017 and 2023, the Intervenor was subjected to constructive seizure and unlawful confinement (consistent with violations of the Trafficking

Victims Protection Act), which physically prevented access to legal counsel, filing mechanisms, and secure data storage.

2. **Communications Fencing**: The Intervenor and her relatives were subjected to "communications fencing" without their knowledge. Business phones, mobile phones, faxes, and email accounts were compromised and monitored, creating digital isolation that prevented timely legal action.

3. **Data Inaccessibility and Systemic Obstruction**: Critical evidence, including the Intervenor's LinkedIn profile (2008–2020) containing prototype sketches and industry correspondence, was restricted by the platform. Work-in-progress documentation on Evernote was re-indexed and transferred internationally (to Italy) following a corporate acquisition. Additional records on Skiff, Yahoo, CTemplar and other platforms were deleted, wiped, or transferred without consent between 2017 and 2026.

The Intervenor has acted with due diligence since regaining freedom and access to resources. Intervention at this pre-answer stage causes no prejudice to any party.

**V. PROTECTABLE INTEREST – TECHNICAL PROVENANCE (2007–2021)**

The Intervenor has a direct, substantial, and legally protectable interest in the subject matter of this action. She asserts prior conception and reduction to practice of technologies embodied in the asserted patents, supported by the following timeline:

- **2007–2012**: Management of the Waves H-Compressor ("H-Comp") plugin and conceptual designs for Parallel Compression (Dry/Wet pathways), Pre-Delay Attack ("Punch"), and Musical Release Times, documented in independently controlled blogs and internal project records.

- **2014–2016**: Integration of prior collaborative concepts into digital assistant architectures, documented in repositories "abot" and "betty" (2016).

- **2017**: Construction of ARIA Prototype 1 (smart glasses), incorporating acoustic processing, directional audio, multimodal sensor fusion, and a transparent display.

- **2017–2019**: Physical presence in Korea (verified by passport and immigration records) during development and demonstration of prototypes. Independent witnesses in the United States and Korea observed brief demonstrations of the ARIA prototypes, including sub-second previews of music-video playback. No technical specifications or novel data were disclosed. Witness affidavits are submitted under seal where appropriate. Video snippets were posted to LinkedIn and the K-pop business Instagram account @SEEMYBIAS.official.

- **2018**: High-reach marketing activation (BTS Giveaway) exceeding 24,000 views, formally verified by the U.S. Small Business Administration in connection with an EIDL loan application. (Defendant Meta has allegedly reduced visible metrics of this post, impacting the prior-art record.)

- **2019**: Construction of ARIA Prototype 2 and submission of the "ARIA" system architecture to the 2019 Entrepreneurship World Cup (EWC) under a binding NDA.

**- 2021**: Documentation of air-gapped hardware prototypes and multimodal sensor systems in the dc500 repositories.

The Intervenor maintained professional connections with employees at Apple, Google, Microsoft, and Meta over a ten-year period. Certain accounts containing contemporaneous communications have been restricted or rendered inaccessible.

## VI. IMPAIRMENT AND RISK OF SPOLIATION

Disposition of this action may determine the ownership, validity, and scope of the patents-in-suit, directly impairing the Intervenor's ability to seek correction of inventorship under 35 U.S.C. § 256 or assert related rights. The Intervenor's ability to preserve and assert these rights was severely impaired by coercive conduct, unlawful restriction of movement, communications fencing, and the systematic loss or migration of digital records.

The Intervenor faces an imminent risk of spoliation of evidence. Third-party data controllers (including Bending Spoons, Apollo Global Management, major telecom providers, Google, Microsoft, and LinkedIn) have restricted access, suspended accounts, or migrated data without consent. Immediate intervention is necessary to compel preservation of server logs, IP addresses, viewing logs, internal notes regarding account closures, and forensic data from compromised devices, faxes, and email accounts belonging to the Intervenor and her relatives.

## VII. INADEQUATE REPRESENTATION

Neither Plaintiff Solos nor the Defendants assert or adequately represent the Intervenor's claim of prior independent inventorship. The interests of the existing parties do not encompass the

Intervenor's position. Evidence also suggests unauthorized access to "ARIA" precursor materials via administrative or platform-level credentials prior to 2020.

## VIII. PROPOSED PLEADING

The Intervenor submits as **Exhibit A** a Proposed Complaint in Intervention asserting claims for declaratory judgment and correction of inventorship under 35 U.S.C. § 256.

## IX. NOTICE REGARDING EXHIBITS

Due to ongoing technical obstructions, restricted access to hardware, and interference with PACER/ECF filing systems, supporting Exhibits (A, B, and C) are being provided concurrently via emergency email or will be supplemented as soon as technical access is restored. The Intervenor requests leave to file additional exhibits under seal as appropriate.

## X. PRAYER FOR RELIEF

WHEREFORE, the Proposed Intervenor respectfully requests that the Court:

1. Grant the Motion to Intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2), or alternatively, for permissive intervention under Rule 24(b);

2. Deem the Proposed Complaint in Intervention filed;

3. Grant leave to supplement the record with full exhibits once access to restricted records is resolved, or to file such exhibits under seal; and

4. Grant any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se Intervenor

 CONTACT INFO REDACTED FOR VICTIM SAFETY

**VERIFICATION**

I, Daitona Carter, declare under penalty of perjury under the laws of the United States that the facts stated in this Motion are true and correct to the best of my knowledge. Executed on: **March 26, 2026.**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2026, a copy of the foregoing was served via email upon counsel for all parties of record.