**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**SOLOS TECHNOLOGY LIMITED,**
 *Plaintiff,*

                  **Case No. 1:26-cv-10304-ADB**

 **v.**               *(Judge Allison D. Burroughs)*

**META PLATFORMS, INC., et al.,**
 *Defendants.*

**PROPOSED COMPLAINT IN INTERVENTION**
**(for Declaratory Judgment and Correction of Inventorship under 35 U.S.C. § 256)**

**COMPLAINT IN INTERVENTION**

Proposed Intervenor Daitona Carter, proceeding pro se, respectfully submits this Complaint in Intervention pursuant to the accompanying Motion to Intervene under Fed. R. Civ. P. 24.

**I. PARTIES**

1. Proposed Intervenor Daitona Carter is an individual residing in the United States, and is the real party in interest asserting prior inventorship rights.

2. Plaintiff and Defendants are as set forth in the original Complaint.

**II. JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 256. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and because the original action is pending here.

**III. CLAIM FOR CORRECTION OF INVENTORSHIP (35 U.S.C. § 256)**

5. Proposed Intervenor asserts prior conception and reduction to practice of technologies embodied in U.S. Patent Nos. 10,306,389; 10,651,866; 11,082,055; 11,871,174; and 12,216,339 (the "Asserted Patents"), including but not limited to directional audio,

1

adaptive beamforming, multimodal acoustic control, sensor fusion, and related smart-glasses architectures.

6.  The detailed technical provenance and corroborating timeline (2007–2021) are set forth in the Motion to Intervene (incorporated by reference) and supporting exhibits, including prototype records, repositories (abot, betty, dc500), NDA submissions, witness observations, and contemporaneous documentation.

7.  The named inventors on the Asserted Patents do not include the Proposed Intervenor, despite her prior independent contributions that correspond to specific claim elements.

8.  This error in inventorship occurred through error (as broadly defined under § 256), and correction is necessary to reflect the true inventorship. The error does not invalidate the patents if corrected.

## IV. DECLARATORY JUDGMENT (28 U.S.C. § 2201)

9.  An actual controversy exists regarding the inventorship and ownership rights in the Asserted Patents. A declaratory judgment is necessary and appropriate to determine the Proposed Intervenor's rights and to prevent future impairment of those rights.

## V. PRAYER FOR RELIEF

WHEREFORE, Proposed Intervenor respectfully requests that the Court:

a. Grant intervention and deem this Complaint in Intervention filed;

b. Order correction of inventorship on the Asserted Patents pursuant to 35 U.S.C. § 256 to name Daitona Carter as an inventor (or joint inventor, as appropriate);

c. Issue a declaratory judgment confirming the Proposed Intervenor's prior inventorship rights;

d. Preserve all evidence and issue any necessary orders compelling third parties (including data controllers such as LinkedIn, Evernote/Bending Spoons, Google, Microsoft, Meta/Instagram, and telecom providers) to retain server logs, viewing logs, IP data, and related records;

e. Grant leave to supplement with additional exhibits under seal as technical access is restored;

and

f. Grant such other and further relief as the Court deems just and proper.

**VERIFICATION**

I, Daitona Carter, declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct to the best of my knowledge. Executed on March 26, 2026.

/s/ Daitona Carter
Daitona Carter, Pro Se
CONTACT INFO REDACTED FOR VICTIM SAFETY


**CERTIFICATE OF SERVICE** I certify that on March 26, 2026, a copy was served via email upon counsel for all parties.