UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SOLOS TECHNOLOGY LIMITED, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 26-cv-10304-ADB |
| META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, OAKLEY, INC., LUXOTTICA OF AMERICA, INC., and ESSILORLUXOTTICA USA, INC., | * * * * * * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Solos Technology Limited ("Solos") brings this patent-infringement action against Meta

Platforms, Inc., Meta Platforms Technologies, LLC, Oakley, Inc., Luxottica of America, Inc.,

and EssilorLuxottica USA, Inc. [ECF No. 1]. After an attorney of the law firm Morgan Lewis &

Bockius LLP ("Morgan Lewis") entered an appearance for Oakley, Inc., Luxottica of America,

Inc., and EssilorLuxottica USA, Inc., [ECF No. 13], Solos moved to disqualify Morgan Lewis,

[ECF No. 18]. For the following reasons, Solos's motion is **DENIED**.

The factual basis for Solos's motion is as follows.  See Gen. Mill Supply Co. v. SCA Servs., Inc., 697 F.2d 704, 710 (6th Cir. 1982) (noting that courts may decide disqualification issues without an evidentiary hearing if their "factual inquiry" is based "on affidavits and documents that would be acceptable under Rule 56(e) . . . and if the district judge does not undertake to decide disputed issues of fact").  In September 2019, Solos was created and entered into a series of transactions with Kopin Corporation ("Kopin"), through which Solos acquired Kopin's smart-glasses division, including certain smart-eyewear technologies and associated intellectual property, from Kopin and Kopin obtained an ownership interest in Solos.  [ECF No. 19-1 ¶ 6]; [ECF No. 33-1 ¶ 6].  Morgan Lewis advised Kopin on these transactions.  [ECF No. 19-1 ¶ 9].  Specifically, Morgan Lewis reviewed the underlying Asset Purchase Agreement, which included as appendices schedules listing basic information concerning the patents and patent application rights to be transferred from Kopin to Solos, and provided comments on certain corporate law matters.  [ECF No. 24 ¶¶ 12, 14].  Morgan Lewis did not, however, provide any advice to Kopin about the substance of those patents or patent applications, [id. ¶ 13], and other law firms served as Kopin's primary counsel for the transactions and for intellectual-property matters, [id. ¶¶ 8, 10].  Solos had its own counsel during the transactions.  [Id. ¶ 10].

In the run-up to the transactions, Morgan Lewis attended Kopin board meetings, at which the intellectual property that would end up being transferred to Solos was discussed, [ECF No. 33-1 ¶ 13], and also communicated about the transactions with Dr. John C. C. Fan, Kopin's then-Chairman and CEO, who moved to Solos after the transactions and currently serves as Solos's Executive Chairman, [id. ¶¶ 5, 13].  Dr. Fan claims that, through its communications with him, Morgan Lewis had access to a document that contained certain non-public "information reflecting the value of Solos' intellectual property," including a "confidential royalty rate related

to the commercialization of the intellectual property" and "negotiated milestone payments."  [Id. ¶¶ 14, 16].  Morgan Lewis continues to provide legal advice to Kopin today.  See [ECF No. 19-1 ¶ 21]; [ECF No. 24 ¶ 4].

Solos primarily argues that Morgan Lewis's prior representation of Kopin is "substantially related" to this litigation and creates a conflict of interest that requires disqualification under Mass. R. Prof. C. 1.9 because Morgan Lewis owes confidentiality obligations to Solos as Solos was a business division within Kopin, Morgan Lewis's client, before the spin-off.  [ECF No. 19 at 9–12]; [ECF No. 33 at 5–7].  Morgan Lewis counters that Solos has never been its client and that, in any case, there is no substantial relationship between Morgan Lewis's corporate work on the 2019 transactions and the current patent-infringement lawsuit.  [ECF No. 23 at 1–3].[1]

Massachusetts Rule of Professional Conduct 1.9 forbids "[a] lawyer who has formerly represented a client in a matter" from "represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests

---

[1] Solos also separately argues that Morgan Lewis's ability to represent Oakley, Inc., Luxottica of America, Inc., and EssilorLuxottica USA, Inc. is materially limited by its ongoing duties to Kopin under Massachusetts Rule of Professional Conduct 1.7(a)(2), based on Kopin's ownership of a twenty-percent stake in Solos.  [ECF No. 33 at 7–8 & n.2].  "The 'critical inquiry' in analyzing potential conflicts under rule 1.7(a)(2), 'is whether the lawyer has a competing interest or responsibility that will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.'"  Maling v. Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 42 N.E.3d 199, 206 (Mass. 2015) (quoting Matter of Driscoll, 856 N.E.2d 840, 847–48 (Mass. 2006)).  Notably, however, "simultaneous representation in unrelated matters of clients whose interests are only economically adverse . . . does not ordinarily constitute a conflict of interest."  Mass. R. Prof. C. 1.7 cmt. 6.  Here, because Solos has provided no reason to believe that Morgan Lewis's ongoing obligations to a minority owner of Solos will materially interfere with its exercise of independent professional judgment in representing defendants in this litigation, disqualification is not warranted under Mass. R. Prof. C. 1.7(a)(2).

of the former client unless the former client gives informed consent, confirmed in writing."[2] Under this rule, the party seeking disqualification must "show[] (1) that an attorney-client relationship existed in the former legal representation, and (2) that the former and current representations are both adverse and substantially related." Bays v. Theran, 639 N.E.2d 720, 724 (Mass. 1994) (quoting Note, Developments in the Law: Conflicts of Interest in the Legal Profession, 94 Harv. L. Rev. 1244, 1318 (1981)); see also Adoption of Erica, 686 N.E.2d 967, 971–72 (Mass. 1997) (noting that Massachusetts Rules of Professional Conduct "specifically incorporate" substantial relationship test). To determine whether matters are "substantially related," courts must "compar[e] 'the overlap and similarity' between the former and current representations," to assess whether counsel "possess[es] confidential information that could be used against the former client in the current representation." Wessell v. Mink Brook Assocs., Inc., 35 N.E.3d 377, 382 (Mass. App. Ct. 2015) (quoting Slade v. Ormsby, 872 N.E.2d 223, 227 (Mass. App. Ct. 2007)); see also Borges v. Our Lady of the Sea Corp., 935 F.2d 436, 439–40 (1st Cir. 1991) (describing "the relevant inquiry" as whether "the attorney [could] have obtained confidential information in the first [representation] that would have been relevant to the second" (citing Analytica, Inc. v. NPD Rsch., Inc., 708 F.2d 1263, 1266 (7th Cir. 1983))); ebix.com, Inc. v. McCracken, 312 F. Supp. 2d 82, 93 (D. Mass. 2004) (examining the similarity of "the factual contexts" and "the legal issues"). The party seeking disqualification bears the burden of demonstrating that the substantial-relationship test is satisfied. See ebix.com, 312 F. Supp. 2d at 90–91.

---

[2] Under Local Rule 83.6.1(a), "[t]he rules of professional conduct for attorneys appearing and practicing before this court shall be the Massachusetts Rules of Professional Conduct."

4

Here, Morgan Lewis's representation of Kopin during the 2019 transactions does not require Morgan Lewis's disqualification in this litigation under Mass. R. Prof. C. 1.9, for two reasons.  First, Morgan Lewis's counselling of Kopin did not create an attorney-client relationship between Morgan Lewis and Solos because (1) "[t]he assignment of a patent does not transfer an attorney client relationship," Jefferson St. Holdings, LLC v. Otter Prods., LLC, No. 23-cv-01514, 2023 WL 7551560, at *12 (D. Colo. Nov. 14, 2023) (quoting Telectronics Proprietary, Ltd. v. Medtronic, Inc., 836 F.2d 1332, 1336 (Fed. Cir. 1988)); see also Coffin v. Bowater Inc., No. 03-cv-00227-P-C, 2005 WL 5885367, at *2 (D. Me. May 13, 2005) ("[A] mere transfer of assets does not transfer the attorney-client privilege."), and (2) "courts have held that 'representation adverse to a former client's affiliate is proper unless there is a high degree of operational commonality and financial dependence between the affiliated entities,'" Evolutionary Intel., Inc. v. Facebook, Inc., No. 12-cv-00784, 2013 WL 12140485, at *14 (E.D. Tex. July 3, 2013) (citing GSI Com. Sols., Inc. v. BabyCenter, L.L.C., 618 F.3d 204, 210–11 (2d Cir. 2010)). Neither Morgan Lewis's representation of Kopin before the spin-off of Solos—a spin-off during which the newly formed Solos was represented by separate counsel—nor Kopin's current minority ownership interest in Solos transforms Solos into Morgan Lewis's client for purposes of Mass. R. Prof. C. 1.9.

Solos relies on UCAR International, Inc. v. Union Carbide Corp., a case in which a court disqualified counsel who had advised a parent corporation on the sale of fifty percent of a wholly owned subsidiary in a joint-venture transaction and later sought to represent the subsidiary in a lawsuit against the parent arising out of the joint venture.  No. 00-cv-01338, 2002 WL 31519616, at *1, 4–6 (S.D.N.Y. Nov. 8, 2002), aff'd, 119 F. App'x 300 (2d Cir. 2004).  The UCAR court made clear, however, that, "[w]hile [the subsidiary] may have expected that [counsel for the

5

parent] would protect its interests during the transaction, [counsel's] primary client was [the parent,] the seller," emphasizing that counsel had represented the parent "before [the subsidiary] existed as a separate entity." Id. at *3. So too here: the fact that Morgan Lewis represented Kopin when the business division that would later be transferred to Solos was still a part of Kopin does not, without more, transform Morgan Lewis into Solos's counsel during or after Solos's spin-off from Kopin.

At oral argument, Solos also argued that Morgan Lewis counselled Dr. Fan, who was then Kopin's Chairman and CEO and would later become Solos's Executive Chairman, before the creation of Solos. There is no evidence, however, that Morgan Lewis represented Dr. Fan, Kopin's then-CEO, separate and apart from its representation of Kopin, see [ECF No. 33-1 ¶ 14], and, in any event, because Dr. Fan is not a party to this lawsuit, any prior representation of him by Morgan Lewis would not create an issue under Massachusetts Rule of Professional Conduct 1.9.

Second, even if an attorney-client relationship existed between Morgan Lewis and Solos, there is no substantial relationship between any former representation by Morgan Lewis of Solos and its current representation of Oakley, Inc., Luxottica of America, Inc., and EssilorLuxottica USA, Inc. Morgan Lewis's work on discrete corporate-law issues during the 2019 transactions appears entirely unrelated to the issues in the instant patent-infringement dispute. See ebix.com, 312 F. Supp. 2d at 91–94 (finding no substantial relationship between counsel's prior work "registering copyrights" and claims alleging infringement of those copyrights); Nike, Inc. v. Lululemon USA Inc., No. 23-cv-00771, 2023 WL 5938942, at *2 (S.D.N.Y. May 1, 2023) (finding no substantial relationship between counsel's prior provision of general advice on "strategies to avoid premature public disclosure of [the client's] inventions" and later patent-

infringement lawsuit); <u>Regalo Int'l, LLC v. Munchkin, Inc.</u>, 211 F. Supp. 3d 682, 692 (D. Del. 2016) (finding no substantial relationship between patent-infringement lawsuit and prior representation, during which counsel had "performed no work . . . with regard to the general subject matter of this case (patent law), let alone any work tied to the specific patents or products at issue in this litigation").  Nor has Solos established that Morgan Lewis through its prior work gained access to confidential information that it could use against Solos in this litigation.  In making its argument, Solos focuses on Morgan Lewis's alleged access to a non-public royalty rate governing certain payments by Solos to Kopin, which it says is relevant to damages in this litigation.  [ECF No. 33 at 3–4].  Solos, however, has not explained how Morgan Lewis could use such information—which is clearly independently discoverable in this litigation—against it in this matter.  <u>See</u> <u>Wessell</u>, 35 N.E.3d at 382.  Accordingly, the Court finds that there is no substantial relationship between Morgan Lewis's prior work on the 2019 transactions and its representation of Oakley, Inc., Luxottica of America, Inc., and EssilorLuxottica USA, Inc. here.

For the reasons above, Solos's motion to disqualify Morgan Lewis, [ECF No. 18], is **<u>DENIED</u>**.

**SO ORDERED.**

April 6, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE