**SOLOS TECHNOLOGY LIMITED,**
  *Plaintiff,*


  v.

**META PLATFORMS, INC., et al.,**
  *Defendants.*

**Case No. 1:26-cv-10304-ADB**
(Judge Allison D. Burroughs)

**In re: DAITONA CARTER, Proposed Intervenor.**


### MEMORANDUM OF LAW IN SUPPORT OF PROPOSED INTERVENOR DAITONA CARTER'S MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24

Proposed Intervenor Daitona Carter, an independent inventor, seeks to intervene in this action to protect her rights under 35 U.S.C. § 256 to correction of inventorship on U.S. Patent Nos. 10,306,389; 10,651,866; 11,082,055; 11,871,174; and 12,216,339, asserted by Solos Technology Limited. Between 2007 and 2021, Intervenor independently conceived and reduced to practice technologies—including directional audio, adaptive beamforming, multimodal acoustic control, sensor fusion, and AR smart-glasses architectures—that overlap with the Asserted Patents. Extraordinary circumstances, including unlawful confinement, communications barriers, and systemic data obstruction, prevented her from asserting her rights earlier. Disposition of this action without her participation could impair or impede her ability to protect her inventorship rights, and the existing parties do not adequately represent her interests. Intervention is timely, necessary to prevent spoliation of evidence, and will not prejudice the original parties, and is therefore warranted as of right under Fed. R. Civ. P. 24(a)(2) or, alternatively, permissively under Rule 24(b).

## II. STATEMENT OF FACTS

Proposed Intervenor Daitona Carter is an independent inventor with no employment, contractual, or assignment relationship to Solos Technology Limited or any Defendant. Between 2007 and 2012, she conceived and reduced to practice foundational audio processing plugins that form the basis of the directional audio and adaptive beamforming technologies claimed in Solos' Asserted Patents. From 2014 to 2016, she developed digital assistant architectures incorporating multimodal acoustic control and sensor fusion, also claimed in Solos' patents. Between 2017 and 2019, she built ARIA smart-glasses prototypes, followed by NDA-protected submissions in 2019 and air-gapped hardware systems in 2021, all of which align with the technologies asserted by Solos. Her contributions are corroborated by independent witnesses, passport records, verified marketing activations, and contemporaneous technical repositories. Extraordinary circumstances —including unlawful confinement (2017–2023), communications fencing, and systemic data obstruction—prevented earlier assertion of her rights, which she promptly pursued upon regaining access. The case remains at its earliest stage (Complaint filed January 23, 2026; no answers filed), establishing a direct, protectable interest that existing parties do not represent.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as of right where, upon timely motion, a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Courts apply a four-part test: (1) timeliness; (2) a legally protectable interest; (3) impairment of that interest; and (4) inadequate representation by existing

parties. *See Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 132–36 (1967) (Rule liberally construed to favor intervention).

Alternatively, Rule 24(b) permits intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact," provided intervention will not unduly delay or prejudice the original parties. Fed. R. Civ. P. 24(b)(1)(B).

## IV. ARGUMENT

### A. The Motion Is Timely

Timeliness is assessed by "the stage of the proceeding; the prejudice that delay may cause the parties; and the reason for the delay." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995). Courts measure delay from when the movant "knew, or should have known, of the risk to its rights." *Id.* at 370.

This action is in its infancy: the Complaint was filed on January 23, 2026; activity is limited to notices of appearance and preliminary motions; no answers have been filed. Intervention at this pre-answer stage causes no prejudice. *See, e.g., United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

Any apparent delay stems from extraordinary, uncontrollable circumstances: unlawful confinement (2017–2023) consistent with Trafficking Victims Protection Act violations, communications fencing, and systemic data obstruction. Moreover, courts routinely excuse delay where external barriers prevented assertion of rights, including access restrictions and unlawful confinement, as here. *See, e.g., Chou v. University of Chicago*, 254 F.3d 1347, 1358–59 (Fed. Cir. 2001); *NAACP v. New York*, 413 U.S. 345, 366 (1973).

Intervenor has further documented ongoing filing obstructions in a separate Affidavit filed under seal, including temporary loss of access to family and business accounts, electronic limitations on PACER/ECF filing, and interference with reporting attempts to federal authorities. These external, bad-faith obstructions constitute good cause for any delay. The Motion is therefore timely.

### B. Intervenor Has a Direct, Substantial, and Legally Protectable Interest

Intervenor possesses a legally protectable interest in the subject matter—the validity, ownership, and inventorship of the Asserted Patents. She asserts prior independent conception and reduction to practice of the claimed technologies. Intervenor's prior conception and reduction to practice directly relate to the Asserted Patents, giving her a concrete, legally protectable interest under 35 U.S.C. § 256.

Under 35 U.S.C. § 256, a court may correct inventorship where error (without deceptive intent) resulted in an improper listing of inventors. *See Chou v. University of Chicago*, 254 F.3d 1347, 1358–59 (Fed. Cir. 2001) (omitted inventor has standing to sue for correction under § 256 even without prior relationship to the patent owner or assignee; no privity required). Similarly, *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998) confirms that independent inventors may assert inventorship claims, and failure to name all true inventors renders a patent invalid unless corrected. Courts also recognize independent interests in inventions even if not represented by existing parties. *Intellisoft, Ltd. v. Acer Am. Corp.*, No. 2019-2163 (Fed. Cir. 2020).

Correction of inventorship has immediate legal and practical effects on patent ownership and enforcement. Intervenor's interest is direct and substantial: it would materially affect ownership

rights and the scope of the Asserted Patents. This satisfies Rule 24(a)(2). *See, e.g., Donaldson Co. v. Pneumafil Corp.*, 880 F.2d 1381, 1385 (Fed. Cir. 1989).

### C. Disposition of the Action May Impair or Impede Intervenor's Ability to Protect Her Interest

Disposition of this infringement action could determine the validity, scope, and ownership of the Asserted Patents, directly impairing Intervenor's § 256 rights as a practical matter. A judgment on infringement or validity might foreclose or complicate later correction of inventorship. *See Chou*, 254 F.3d at 1359.

Moreover, Intervenor faces imminent risk of spoliation: third-party controllers (LinkedIn, Evernote/Bending Spoons, Google, Microsoft, Meta/Instagram, telecom providers) have already restricted or migrated critical evidence (server logs, IP data, viewing logs, prototype records). Without intervention, critical evidence of conception may be lost, which could materially impair Intervenor's ability to assert her § 256 rights. Rule 24(a)(2) focuses on *practical* impairment, not merely legal preclusion. *See San Juan County v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007) (en banc).

### D. Existing Parties Do Not Adequately Represent Intervenor's Interest

Neither Plaintiff Solos (which benefits from the current named inventors and would likely resist correction to avoid weakening its patent claims) nor the Defendants (focused on non-infringement or invalidity on other grounds) share or adequately represent Intervenor's specific interest in being named as a prior independent inventor. Solos has not identified or included Intervenor as an inventor despite the overlap in claimed technology, creating a direct conflict of interest. Evidence also suggests unauthorized access to Intervenor's precursor materials, further demonstrating that existing parties' interests are adverse to hers.

The burden on inadequate representation is "minimal"; it is met where the intervenor's interest diverges from those of existing parties. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Here, no party asserts or defends Intervenor's independent inventorship claim. Intervenor has filed a Notice of Supplemental Authority under Local Rule 7.1 regarding potential conflicts of interest in Defendant's litigation leadership, further underscoring that existing parties cannot adequately represent her independent inventorship rights.

All four elements of Rule 24(a)(2) are satisfied. Intervention as of right is required.

### E. In the Alternative, Permissive Intervention Is Warranted

Even if intervention as of right were denied, the Court should grant permissive intervention under Rule 24(b). Intervenor's claims for declaratory judgment and inventorship correction share common questions of law and fact with the main action (the Asserted Patents, their scope, validity, and ownership). Intervention at this early stage will not unduly delay proceedings or prejudice any party. Courts routinely allow permissive intervention in patent cases involving overlapping inventorship issues. *See, e.g., Mitek Systems, Inc. v. United Services Automobile Ass'n*, No. 23-1687 (Fed. Cir. June 12, 2025) (analyzing permissive intervention in patent-related declaratory judgment context).

### V. NOTICE OF ERRATA AND SUPPLEMENTAL PROCEDURAL FILINGS

Intervenor has filed a Notice of Errata correcting a scrivener's error in the original Motion to Intervene (Page 6): the reference to the "2016 Seoul Global Grind" is corrected to the "Seoul Global Startup Center." This correction reflects the formal incubation period of the NURTURE ECHO (Aria iteration) architecture. The error was unintentional and does not alter the underlying technical provenance or the 2016 timestamps of the original invention.

Intervenor has also submitted under seal an Affidavit Regarding Filing Obstructions and a separate Motion for In Camera Review of Confidential Technical Provenance (including sensitive materials from 2008–2021). Intervenor requests that the Court conduct an in camera review of these materials to verify timestamps and establish seniority of inventorship while protecting trade secrets and preventing further misappropriation.

## VI. NOTICE REGARDING EXHIBITS

Supporting Exhibits referenced in the Motion and Proposed Complaint are as follows:

- **Exhibit A**: Prototype Records (2007–2021)

- **Exhibit B**: Repository Documentation & Technical Files

- **Exhibit C**: Witness Statements & Corroborating Materials

Certain portions of the supporting Exhibits (Prototype Records and Repository Documentation) are currently available and can be provided to the Court. Because these materials contain sensitive trade secrets rather than publicly disclosed patent information, Intervenor respectfully requests leave to file them under seal. Additional evidence relevant to the provenance and seniority of Intervenor's inventive contributions includes Intervenor's personal knowledge that federal authorities were aware of certain unlawful activities involving her work prior to her own awareness. This information demonstrates the external risks and obstacles affecting Intervenor's ability to assert her rights. Intervenor requests leave to reference or submit such information under seal, as appropriate, and to supplement the record with any additional technical declarations or supporting materials in a manner that protects confidentiality and personal safety.

**VII. CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Intervenor respectfully requests that the Court:

1. Grant intervention as of right under Fed. R. Civ. P. 24(a)(2), or alternatively, permissive intervention under Rule 24(b);

2. Deem the Proposed Complaint in Intervention filed;

3. Grant leave to supplement the record with full exhibits once access is restored, or to file such exhibits under seal; and

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se Intervenor
[Contact Info Redacted for Victim Safety]
Dated: April 8, 2026


**CERTIFICATE OF SERVICE**
I hereby certify that on April 8, 2026, a copy of the foregoing was served via email upon counsel for all parties of record.

/s/ Daitona Carter