**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SOLOS TECHNOLOGY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-10304-ADB |

**PLAINTIFF'S OPPOSITION TO PROPOSED INTERVENOR'S MOTION TO INTERVENE AND ANCILLARY MOTIONS**

Plaintiff Solos Technology Limited ("Plaintiff") submits this opposition to the filings of Daitona Carter ("Movant"), who moves for intervention pursuant to Federal Rule of Civil Procedure 24 while also seeking a range of ancillary relief, including witness protection, protective orders, judicial notice of unrelated matters, *in camera* review of immaterial information, and emergency accommodations. These filings reflect an attempt by a non-party to improperly insert itself into a patent infringement action while simultaneously requesting relief unrelated to the claims, parties, or subject matter before the Court.

As a preliminary matter, Movant's initial filings were marked as filed on March 27, 2026, although Plaintiff did not receive ECF notice of those filings until March 30, 2026. Plaintiff initially intended to submit its response on Monday, April 13, 2026, but, out of an abundance of caution and to avoid any potential waiver, submits this response within fourteen days of the marked filing date. Plaintiff further notes that, on April 8, 2026, and again on April 9, 2026, Movant filed a Supplemental Memorandum in Support of the Motion to Intervene ("Supplemental Memorandum"), a Notice of Supplemental Authority, and a Supplemental Affidavit without leave

of Court. On April 10, 2026, Movant then filed a Motion for Status Conference or, in the alternative, for an Order regarding certain ancillary motions.

Although Plaintiff addresses portions of the Supplemental Memorandum and Motion for Status Conference herein to the extent practicable given their timing, Plaintiff respectfully reserves the right to submit a more complete response within fourteen days of any order indicating that the Court intends to consider the Supplemental Memorandum, Notice of Supplemental Authority, Supplemental Affidavit, or Motion for Status Conference. If the Court denies the Motion to Intervene outright, however, no further response would be necessary.

## ARGUMENT

### 1. The Motion to Intervene Fails to Identify a Legally Protectable Interest

The Motion to Intervene fails as a matter of law because Movant has not demonstrated a legally protectable interest in the subject matter of this litigation. As the Federal Circuit has explained, "[c]onception is the touchstone of inventorship." *Siemens Gamesa Renewable Energy A/S v. Gen. Electric Co.*, 617 F. Supp. 3d 55, 63 (D. Mass. 2022) (quoting *Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290, 1297 (Fed. Cir. 2009)). Conception exists only when "a definite and permanent idea of an operative invention, <u>including every feature of the subject matter sought to be patented, is formed in the mind of the inventor</u>." *CardiAQ Valve Techs., Inc. v. Neovasc, Inc.*, 57 F. Supp. 3d 118, 122 (D. Mass. 2014) (emphasis added) (internal citations omitted).

To qualify as a joint inventor, an individual must contribute to the conception of the claimed invention, and that contribution must be significant when measured against the full invention. *See Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1361–62 (Fed. Cir. 2004) (joint inventorship requires a specific contribution); *U. of Utah v. Max-Planck-Gesellschaft Zur Foerderung Der*

*Wissenschaften e.V.*, 134 F. Supp. 3d 576, 584–85 (D. Mass. 2015). Joint inventorship also requires collaboration among the inventors. *See Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.*, 973 F.2d 911, 916–17 (Fed. Cir. 1992); *Vanderbilt Univ. v. ICOS Corp.*, 601 F.3d 1297, 1303 (Fed. Cir. 2010). The joint inventor must propose an idea that becomes "an essential feature of the claimed invention" to have made a sufficient contribution to inventorship. *See Dana-Farber Cancer Institute, Inc. v. Ono Pharmaceutical Co., Ltd.*, 379 F. Supp. 3d 53, 81–83 (D. Mass. 2019) (quoting *In re VerHoef*, 888 F.3d 1362, 1366 (Fed. Cir. 2018), as amended (May 7, 2018)). A person who merely assists in reduction to practice, provides well-known principles, or explains the state of the art does not qualify as a joint inventor. *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998); *Murdock Webbing Co. v. Dalloz Safety, Inc.*, 213 F. Supp. 2d 95, 99 (D.R.I. 2002).

Here, Movant asserts that she conceived technology which overlaps with the Asserted Patents but fails to identify any specific contribution to the claimed inventions—this alone provides a sufficient basis for denial. *See CardiAQ Valve*, 57 F. Supp. 3d at 122 (requiring formation of every feature of the subject matter sought to be patented). Movant merely recites a generalized chronology of alleged prior technical activities, prototype development, marketing efforts, and professional associations spanning from 2007 through 2021. These allegations, even if accepted as true, at most describe familiarity with or work within the general technological field and purported development of certain products. They do not identify which patent claims allegedly embody Movant's contributions, what claim limitations Movant purportedly conceived, or how Movant contributed to the conception of any complete or essential feature of the claimed inventions. Thus, to the extent Movant claims sole inventorship, she fails to allege sufficient facts. *Id*.

To the extent Movant contends that she was a joint inventor, the above-referenced deficiencies likewise defeat any such allegation. An alleged joint inventor must identify specific contributions to the conception of the claimed invention. *See Eli Lilly*, 376 F.3d at 1361–62 (joint inventorship requires a specific contribution). Movant fails to identify any such contribution. In addition, joint inventorship requires some degree of collaboration among the alleged inventors. Yet Movant concedes that she had no employment, contractual, or assignment relationship with Plaintiff and no collaboration or connection with the named inventors. *See Kimberly-Clark*, 973 F.2d at 916–17 (requiring some quantum of collaboration or joint conception). Accordingly, Movant fails to plausibly allege sole or joint inventorship.

Next, assuming arguendo that the Court considers Movant's Supplemental Memorandum, it simply reiterates broad and conclusory assertions, without identifying any specific contributions to the claimed subject matter. Movant appears to rely primarily on arguments concerning reduction to practice rather than contributions at the time of conception. *See Siemens*, 617 F. Supp. 3d at 63–64 (explaining that conception is the touchstone of inventorship and that reducing an inventor's idea to practice does not qualify one as a joint inventor). The Supplemental Memorandum also references generalized categories of purported evidence, including independent witnesses, passport records, and technical repositories, but fails to describe the substance of any such evidence, its relevance to the Asserted Patents, or how it substantiates conception of any claimed invention. It also expands upon allegations of purported confinement, communications fencing, and other extraordinary circumstances that are unrelated to the legal question of inventorship.

For example, in support of alleged inventorship, Movant states "that federal authorities were aware of certain unlawful activities involving her work prior to her own awareness." That statement is nonsensical and does not explain how such alleged knowledge is relevant to

conception. Even if accepted as true, such allegations do not establish that Movant contributed to the conception of any relevant claim. In sum, Movant's allegations bear no meaningful relationship to the parties, inventorship issues, or infringement claims before the Court. Rather, they inject collateral and extraneous matters into the proceedings, substantially expanding the scope of the litigation and prejudicing the existing parties. *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 301 F. Supp. 3d 272, 274 (D.P.R. 2017) (denying motion where intervention would unduly prejudice existing parties by substantially expanding the scope of litigation). Thus, even if Movant had articulated an interest, intervention would be improper because it would needlessly complicate and obscure this litigation.

Furthermore, Movant's cited authorities do not alter this analysis. Movant's reliance on *Pannu*, for instance, is misplaced. *Pannu* does not hold that independent inventors may assert inventorship claims absent any relationship to the patent holder. Rather, *Pannu* addresses the requirements for joint inventorship and whether an omitted inventor contributed to conception of the claimed invention. *See Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed. Cir. 1998) (requiring significant contribution to conception of the invention). Second, *Chou* addressed whether an omitted inventor had standing to pursue a correction-of-inventorship claim despite having assigned ownership rights to their employer, not the substantive sufficiency of allegations required to establish inventorship. *See Chou v. Univ. of Chi.*, 254 F.3d 1347, 1358–59 (Fed. Cir. 2001) (holding that a putative inventor had standing to pursue a § 256 claim despite assignment obligations). Finally, *Intellisoft* involved whether a declaratory inventorship counterclaim created federal jurisdiction sufficient to support removal, not the substantive requirements for pleading inventorship or intervention. *See Intellisoft, Ltd. v. Acer Am. Corp.*, 955 F.3d 927, 930–31 (Fed.

Cir. 2020)[1] (addressing removal and patent jurisdiction based on asserted inventorship counterclaim).

In sum, Movant fails to allege any specific contribution to the relevant patent claims, and her cited case law is inapposite. Accordingly, the Motion to Intervene should be denied.

**2. The Motion for a Protective Order Is Procedurally Improper and Unsupported**

These same deficiencies extend to Movant's additional requests for relief. The Motion for a Protective Order fails because Movant is a non-party and therefore lacks standing to invoke Federal Rule of Civil Procedure 26(c). *See Commonwealth of Massachusetts v. Mylan Laboratories, Inc.*, 246 F.R.D. 87, 91–92 (D. Mass. 2007) (holding that the proper means for a third party to seek protection is first through intervention); *Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783–87 (1st Cir. 1988) (a non-party must first intervene before seeking relief relating to a protective order). After seeking to intervene, a movant remains a prospective intervenor unless and until intervention is granted. *See Mutual Produce, Inc. v. Penn Central Transportation Co.*, 119 F.R.D. 619, 620–21 (D. Mass. 1988) (holding that intervenors are not parties until their motions to intervene are granted and that filing does not confer party status). Because Movant has not been granted intervenor status, she lacks standing to seek any of the ancillary relief requested.

Even if Movant had standing, the type of relief sought further underscores the deficiencies of the request. Movant asks the Court to permit filings under seal purportedly based on alleged personal safety concerns and "constructive seizure" of her family and business assets. That request is untethered to any discovery obligation, confidentiality dispute, or any issue properly before the Court. Rule 26(c) does not provide a mechanism for a non-party to obtain sealing or redaction

---

[1] Although Movant cites a 2020 Federal Circuit matter under Case No. 2019-1522, the cited proposition appears to relate to *Intellisoft, Ltd. v. Acer America Corp.*, 955 F.3d 927 (Fed. Cir. 2020), which corresponds to Case No. 2019-2163.

relief based on generalized personal circumstances, particularly where Movant has not been granted intervention. *Mutual Produce*, 119 F.R.D. at 620–21. Nor does the motion identify any confidential information whose disclosure would cause harm within the meaning of Rule 26. Accordingly, the Motion for Protective Order should be denied.

### 3. The Motion for Witness Protection and Technical Safeguards Seeks Relief Outside the Scope of This Action

The lack of any connection to this case is even more apparent when considering Movant's request[2] for witness protection and technical safeguards. Movant seeks an "emergency protective order" directing Defendants to cease alleged "electronic signal emissions" and unspecified technological interference, to restore access to family and business bank accounts and educational funds, and to prohibit alleged "retaliatory discrediting" through unspecified proceedings. These requests are not grounded in any claim in this action, do not relate to the Asserted Patents, and instead concern alleged personal, financial, and technological grievances that are extraneous to this litigation.

Moreover, the requested orders are extraordinary in nature and far beyond the scope of relief available in a patent infringement action, including attempts to regulate alleged electronic activity and financial account access. *See Smith v. Sununu*, 2025 WL 2627984, at *2–3 (D.N.H. Aug. 18, 2025) (denying requests for witness protection and other relief unrelated to the case and outside the court's authority). Because the Motion for Witness Protection provides no legitimate basis for such relief and seeks relief outside the Court's authority, it should be denied.

---

[2] Movant's initial request was transmitted to counsel by email on March 26, 2026. Movant provided, but did not file, a document styled as a motion for a temporary restraining order. That submission sought relief similar to the present Motion for Witness Protection and included allegations of personal threats, financial account interference, and travel-related issues, as well as requests for intervention by the United States Marshals. It further sought to regulate private financial activity and impose protective measures unrelated to this action.

#### 4. The Motion for Judicial Notice Is Improper and Irrelevant

Movant's request for judicial notice fares no better. Judicial notice is limited to facts that are not subject to reasonable dispute and are relevant to the matters before the Court. In the motion, Movant asks the Court to take notice of a series of unrelated matters, including filings in a separate Florida state court action allegedly involving "electronic interference and denial of due process," the purported "suppression" of another case in Broward County, Florida involving a "Jane Doe," and regulatory enforcement actions involving third-party financial institutions, including FINRA fines against Alpaca Securities and an SEC fine against Citadel Securities. None of these materials constitute undisputed adjudicative facts properly subject to judicial notice, nor do they bear any relevance to the patents or claims before the Court. *See Jones v. Bank of New York*, 542 F. Supp. 3d 44, 51 n.3 (D. Mass. 2021) (judicial notice is limited to facts that are not subject to reasonable dispute); *see also Mitchell v. United States*, 2020 WL 130578, at *1 n.1 (D. Me. Jan. 10, 2020) (denying request for judicial notice because the matters identified were not adjudicative facts subject to notice under Rule 201); Fed. R. Evid. 201 (limiting judicial notice to adjudicative facts). Because the request is irrelevant, improper, and unrelated to any issue before the Court, it should be denied.

#### 5. The Motion for *In Camera* Review Is Improper and Unsupported

*In camera* review is not a vehicle for presenting unrelated allegations or extraneous materials outside the scope of the litigation. Movant seeks to submit for private review purported "suppressed legal documents" from a Broward County "Jane Doe" matter, as well as alleged evidence of "real-time hacking," including drafts and logs reflecting the purported deletion of her legal work. Movant asserts that such review is necessary to demonstrate a "multi-state pattern of witness intimidation and case suppression," but these references concern proceedings unrelated to

this case as well as alleged external conduct that has no connection to the Asserted Patents, the parties in this case, or the issues raised by the Motion to Intervene. *See Hydron Laboratories, Inc. v. Environmental Protection Agency*, 560 F. Supp. 718, 722 n.5 (D.R.I. 1983) (*in camera* inspection is to be avoided unless it appears reasonably required). Because the request is unsupported, there is no justification (let alone reasonable requirement) for such review. Accordingly, the Motion for *In Camera* Review should be denied.

**6. The Remaining ADA Accommodation Requests Are Unclear, and Electronic Access Has Already Been Granted**

The Court has already addressed Movant's request for access to the Court's electronic filing system. ECF No. 69 (granting leave to file electronically for this matter only, subject to compliance with applicable rules). Movant's request for additional accommodations appears to rest on alleged physical injury, financial hardship, mail interference, and other technological issues.

These assertions, however, concern personal circumstances and alleged external conditions that are unrelated to the Asserted Patents, the parties, or any issue presented by the Motion to Intervene. *See Calderia, LLC v. City of Claremont*, 768 F. Supp. 3d 261, 269–70 (D.N.H. 2025) (requiring a showing that the requested accommodation is reasonable and necessary to afford meaningful access to the relevant proceeding). Movant has not shown, however, that any additional accommodations are reasonably necessary or relevant to the matters before the Court. Accordingly, any remaining relief requested in the Motion for ADA Accommodation should be denied.

**7. Failure to Meet and Confer Under Rule 7.1(a)(2)**

Movant certifies that she attempted to confer with counsel regarding the Motion to Intervene. Movant asserts that, due to alleged systemic technical obstructions and restricted access

to filing systems, she was unable to obtain consent prior to filing and therefore served her motion via emergency email. Although Movant transmitted an email to counsel on March 26, 2026, attaching the materials she intended to file, she did not request a conference, propose discussion, or otherwise seek to engage opposing counsel regarding the substance of the motion or the relief requested. Movant nevertheless appears to understand the conferral requirement, as she signed a certification representing that she attempted to confer with counsel; however, the March 26 email merely provided notice of filing. Thus, Movant's Rule 7.1(a)(2) certification is improper.

**8. The Motion for Status Conference Should Be Denied**

Movant's request for a status conference or expedited ruling on her pending motions should be denied. Movant seeks a conference to facilitate submission of purported confidential evidence in support of her Motion to Intervene; however, as explained above, Movant has failed to establish a legally cognizable basis for intervention and lacks standing to seek additional relief. *See Mutual Produce*, 119 F.R.D. at 620–21 (intervenors are not parties until their motions to intervene are granted). Nor does Movant identify any authority entitling a non-party proposed intervenor to expedited consideration of motions or special scheduling accommodations. Accordingly, the Motion for Status Conference should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion to Intervene in its entirety, deny the ancillary motions, and deny all other requested relief.

Respectfully submitted,

/s/ Jameson J. Pasek
Jameson J. Pasek, Esq. (BBO# 692924)
CALDWELL
200 Clarendon Street, 59th Floor
Boston, MA 02116

jameson@caldwelllaw.com
Tel: (857) 990-4914

*Counsel for Plaintiff Solos Technology Limited*

Dated: April 10, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the Court's CM/ECF system on April 10, 2026, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jameson J. Pasek
Jameson J. Pasek (BBO# 692924)