**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SOLOS TECHNOLOGY LIMITED,

Plaintiff,

v.

META PLATFORMS, INC.,
META PLATFORMS TECHNOLOGIES, LLC,
OAKLEY, INC.,
LUXOTTICA OF AMERICA INC., AND
ESSILORLUXOTTICA USA INC.,

Defendants.

Case No. 1:26-cv-10304-ADB

**Leave to file granted on April 9, 2026**

# DEFENDANTS OAKLEY, INC., LUXOTTICA OF AMERICA INC., AND ESSILORLUXOTTICA USA INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page(s)**

I. SOLOS FAILS TO PLEAD PRE-SUIT KNOWLEDGE OF THE ASSERTED PATENTS ..... 1

II. SOLOS FAILS TO PLEAD INTENT TO INDUCE INFRINGEMENT ..... 4

III. SOLOS FAILS TO PLEAD SUBSTANTIAL NON-INFRINGING USE FOR CONTRIBUTORY INFRINGEMENT ..... 5

IV. SOLOS FAILS TO PLEAD WILLFUL INFRINGEMENT ..... 6

V. SOLOS FAILS TO PLEAD A JOINT ENTERPRISE ..... 7

VI. SOLOS FAILS TO PLEAD CONTROL FOR AGENCY AND VICARIOUS LIABILITY ..... 9

VII. SOLOS FAILS TO PLEAD AGENCY AND VICARIOUS LIABILITY AS TO INDIVIDUALS ..... 10

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015) (en banc)....7, 8, 9

*AlexSam, Inc. v. Aetna*,
119 F.4th 27 (Fed. Cir. 2024)....1

*Bio-Rad Lab'ys, Inc. v. 10X Genomics, Inc.*,
2020 WL 2079422 (D. Mass. Apr. 30, 2020)....5

*Canon, Inc. v. Avigilon USA Corp. Inc.*,
411 F. Supp. 3d 162 (D. Mass. 2019)....4, 6

*CBA Env't Servs., Inc. v. Toll Bros. Inc.*,
403 F. Supp. 3d 403 (D.N.J. 2019)....8

*Cleveland Med. Devices Inc. v. ResMed Inc.*,
696 F. Supp. 3d 4 (D. Del. 2023)....2, 6

*Coach, Inc. v. Sapatis*,
27 F. Supp. 3d 239 (D.N.H. 2014)....10

*Copan Italia S.p.A. v. Puritan Med. Prods. Co.*,
2018 WL 5891742 (D. Me. Nov. 9, 2018)....5, 6

*Curtis Mfg. Co. v. Plasti-Clip Corp.*,
888 F.Supp. 1212 (D.N.H. 1994)....8

*Deckers Outdoor Corp. v. Torrid, LLC*,
2023 WL 2559199 (C.D. Cal. Feb. 23, 2023)....2

*Echosens, S.A. v. E-Scopics S.A.S*,
772 F. Supp. 3d 147 (D. Mass. 2025)....7

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*,
845 F.3d 1357 (Fed. Cir. 2017)....9

*Flypsi, Inc. v. Google LLC*,
2022 WL 3593053 (W.D. Tex. Aug. 22, 2022)....4

*Gamon Plus, Inc. v. Campbell's Co.*,
764 F. Supp. 3d 690 (N.D. Ill. 2025)....3

*GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*,
2016 WL 3946770 (D. Del. July 20, 2016) ....................3

*L.A. Biomed. Rsch. Inst. v. Eli Lilly and Co.*,
2014 WL 11241786 (C.D. Cal. May 12, 2014) ....................3, 9

*Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*,
2017 WL 3795769 (D. Mass. Aug. 30, 2017) ....................5

*Mass. Inst. of Tech. v. Shire PLC*,
2014 WL 404696 (D. Mass. Feb. 2, 2014) ....................5

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337 (Fed. Cir. 2018)....................5, 9

*NetFuel, Inc. v. Cisco Sys. Inc.*,
2018 WL 4510737 (N.D. Cal. Sept. 18, 2018) ....................7

*NexStep, Inc. v. Comcast Cable Commc'ns, LLC*,
2019 WL 5626647 (D. Del. Oct. 31, 2019), *report and recommendation adopted sub nom.*, 2019 WL 11663798 (D. Del. Nov. 15, 2019)....................2

*SimpliVity Corp. v. Springpath, Inc.*,
2016 WL 5388951 (D. Mass. Jul. 15, 2016)....................3, 4

*Symbol Techs., Inc. v. Metrologic Instruments, Inc.*,
771 F. Supp. 1390 (D.N.J. 1991) ....................8

*Touchstream Techs., Inc. v. Altice USA, Inc.*,
2024 WL 1117930 (E.D. Tex. Mar. 14, 2024) ....................3

*Travel Sentry v. Tropp*,
877 F.3d 1370 (Fed. Cir. 2017)....................9

*Vita-Mix Corp. v. Basic Holding, Inc.*,
581 F.3d 1317 (Fed. Cir. 2009)....................5

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
528 F. Supp. 3d 247 (D. Del. Mar. 24, 2021) ....................2

Solos' opposition fails to address the fundamental deficiencies identified in the Luxottica Defendants' motion to dismiss. For example, Solos does not identify any allegation alleging that any Luxottica Defendant had pre-suit knowledge of the Asserted Patents—an indispensable element of its claims for induced, contributory, and willful infringement. Instead, Solos doubles down on allegations about vague pre-patent-issuance "technology" that cannot factually allege the Luxottica Defendants' knowledge of patents that did not yet exist.

Solos similarly fails to identify factual allegations supporting the intent elements of induced and willful infringement. Instead, it conflates intent with knowledge and relies on cases that pleaded far more than the Complaint here.

Solos' contributory infringement claims fare no better as Solos does not even attempt to identify the components at issue and fails to point to any allegation of a lack of a substantial non-infringing use. Its allegations are bare legal conclusions and must be dismissed.

Finally, Solos' joint liability theories—premised on conclusory labels like "coordinated and interdependent enterprise"—lack factual allegations supporting the required elements of joint enterprise, agency, or vicarious liability. Instead, Solos contends it was not required to plead such allegations. That badly misstates the applicable law. Solos must plead facts supporting the elements of each of its claims. It failed to do so, and the claims should be dismissed.

## I. Solos Fails to Plead Pre-Suit Knowledge of the Asserted Patents

Although Solos is not required to "plead knowledge of specific patent ***claims***" or "express notice" of the asserted patents (ECF No. 71, "Opp.", 3), it is still required to plead facts to plausibly allege that the ***Luxottica Defendants*** had pre-suit knowledge of the patents. *See AlexSam, Inc. v. Aetna*, 119 F.4th 27, 46 (Fed. Cir. 2024) (pleading knowledge of asserted patents based on a pre-suit letter identifying patents). Solos' opposition never identifies an allegation of pre-suit knowledge of any asserted patent. For that reason alone, Solos' claims of induced, contributory,

and willful infringement should be dismissed. *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. Mar. 24, 2021).

Implicitly recognizing it did not include allegations about knowledge of the asserted patents, Solos points to allegations of pre-issuance commercial interactions: (1) that Oakley interacted with Solos at trade shows in 2015 and 2016 and later received a Solos product for testing (Opp., 6; ECF No. 1, ¶¶ 66-67); and (2) meetings between Solos and the Luxottica Defendants around 2017-2018 (Opp., 7; ECF No. 1, ¶¶ 69-74).[1] But as Solos acknowledges, courts have repeatedly held that a plaintiff cannot establish pre-suit knowledge of a patents with events that occurred prior to its issuance. Opp. at 4; *See Cleveland Med. Devices Inc. v. ResMed Inc.*, 696 F. Supp. 3d 4, 10-14 (D. Del. 2023); *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 2019 WL 5626647, at *3 (D. Del. Oct. 31, 2019), *report and recommendation adopted sub nom.*, 2019 WL 11663798 (D. Del. Nov. 15, 2019) ("[Plaintiff] has failed to plausibly plead pre-suit knowledge … because, when [representative] met with [defendant], none of the patents-in-suit had issued.").

Even if pre-issuance interactions could be sufficient to show knowledge of the asserted patents, here neither the Complaint nor the opposition connect any such allegations to any asserted patent. In fact, Solos expressly pleaded that these interactions did ***not*** address the same technology as the asserted patents, and the asserted patents issued ***years*** later. ECF 1, ¶ 74 (alleging publicly presented materials "omitt[ed] the specific embodiments later protected by the Asserted Patents"). Solos' reliance on these pre-issuance interactions lack any legal or factual basis.

[1] Solos also asserts one of its founders identifies several Asserted Patents on his LinkedIn profile (Opp., 6-7; ECF No. 1, ¶ 87). Solos never alleges which of the Asserted Patents are identified nor when the patents were added to the profile. Regardless, there are no allegations that the Luxottica Defendants saw this LinkedIn profile after any asserted patent issued. Instead, Solos pleads only the existence of LinkedIn messages ***before*** the patents issued. ECF No. 1, ¶ 68. Thus, the LinkedIn profile is irrelevant. Solos also attempts to turn this profile into constructive notice under Section 287(a). But a LinkedIn profile meets none of the requirements of that statute. Regardless, constructive notice is insufficient. *Deckers Outdoor Corp. v. Torrid, LLC*, 2023 WL 2559199, at *6 (C.D. Cal. Feb. 23, 2023).

Solos next argues that "pre-issuance conduct informs post-issuance liability." Opp., 5. But this argument conflates *knowledge* with *intent* and is not an alternative to pleading knowledge. Indeed, each case Solos cites relates this principle specifically to intent. *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, 2016 WL 3946770, at *11 (D. Del. July 20, 2016) (with pre-suit knowledge undisputed, "[t]he question is whether a party had the **intent** to and did encourage … infringement … surely it seems possible that what the party did and said before the patent issued might at least bear on what its **mindset** was in the crucial post-issuance time period") (emphasis added); *L.A. Biomed. Rsch. Inst. v. Eli Lilly and Co.*, 2014 WL 11241786, at *3 (C.D. Cal. May 12, 2014) (addressing intent with pre-suit knowledge undisputed); *Gamon Plus, Inc. v. Campbell's Co.*, 764 F. Supp. 3d 690, 704-05 (N.D. Ill. 2025) (denying summary judgment on knowledge due to disputed material facts and noting that pre-issuance conduct can bear on intent).

Solos contends that its allegations are collectively sufficient but cites no cases supporting the proposition that a collection of vague pre-issuance allegations about "technology" suffice to plead pre-suit knowledge of the asserted patents. *See* Opp., 3-8. Indeed, Solos' attempt to distinguish *Touchstream* as lacking allegations about "track[ing] the technology" demonstrates that Solos continues to improperly conflate "technology" with the asserted patents. *Touchstream Techs., Inc. v. Altice USA, Inc.*, 2024 WL 1117930, at *3 (E.D. Tex. Mar. 14, 2024) (dismissing complaint devoid of allegations that defendant "monitored Plaintiff's patent applications or portfolio"); *see also* Mot. 3-5. Solos at most pleads awareness of general technology, not patents.

Solos relies heavily on the distinguishable *SimpliVity* report and recommendation. Opp., 5-6. *SimpliVity* alleged the defendant's co-founder "surreptitiously investigated SimpliVity's technology" using a concealed identity at a time when SimpliVity's patent application was pending and publicly accessible. *SimpliVity Corp. v. Springpath, Inc.*, 2016 WL 5388951, at *9-10 (D.

Mass. Jul. 15, 2016). The court in *SimpliVity* held that these and other allegations such as competition between the parties, the ease of online patent research, and the subsequent development of a product that "leverage[d] SimpliVity's patented file system and method" "***barely***" reached the plausibility threshold for the defendant's pre-suit knowledge of the patent. *Id.* Unlike *SimpliVity*, Solos does not allege that the Luxottica Defendants concealed their identities to surreptitiously investigate Solos' technology. *See* ECF No. 1. "This is an important distinction from the *Simplivity* case." *Flypsi, Inc. v. Google LLC*, 2022 WL 3593053, at *4 (W.D. Tex. Aug. 22, 2022) (distinguishing *SimpliVity* on this basis and dismissing allegations of willful and indirect infringement based on allegations similar to Solos'). *SimpliVity*'s allegations were "barely" sufficient to plead pre-suit knowledge, and Solos alleges significantly less. Solos cites no case supporting the principle that knowledge of the asserted patents can be pleaded based solely on pre-issuance allegations about vague "technology."

The filing of a complaint does not cure the knowledge defect for post-suit claims. *See* Mot., 6-8; *Canon, Inc. v. Avigilon USA Corp. Inc.*, 411 F. Supp. 3d 162, 165 (D. Mass. 2019) ("following the practice of the majority of courts in this district," and holding the complaint cannot establish knowledge). Solos' cited cases do not compel a different result as each involves the filing of an *amended* pleading. The only alleged basis for the Luxottica Defendants' knowledge is the complaint. For important public policy considerations and consistent with the applicable statutes, this is insufficient to state a claim for post-suit infringement. *See* Mot., 6-7 (collecting cases).

## II. Solos Fails to Plead Intent to Induce Infringement

Solos' contends it pleaded intent to induce infringement through its claim charts and references to Meta's Help Center materials,[2] Ray-Ban marketing materials, and guidelines. Opp.,

[2] Solos does not explain how ***Meta's*** Help Center materials allegedly reflect the ***Luxottica*** Defendants' intent.

11. None of those materials are an allegation that the Luxottica Defendants knew of the alleged infringement or acted with specific intent to cause another to infringe. *See Mass. Inst. of Tech. v. Shire PLC*, 2014 WL 404696, at *8 (D. Mass. Feb. 2, 2014) (explaining requirements for pleading induced infringement). Solos' legal conclusion that Defendants indirectly infringe and encourage, direct, or otherwise cause direct infringement is unsupported by factual allegations. *See* Mot., 8-9.

Solos argues the Court may infer intent from its allegations. Opp., 10-11. But every case it cites contained significantly more factual allegations. Opp., 10-11; *see Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1353-55 (Fed. Cir. 2018) (summarizing detailed factual allegations regarding intent); *Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*, 2017 WL 3795769 (D. Mass. Aug. 30, 2017) (intent based on pre-suit notice letter regarding infringement); *Bio-Rad Lab'ys, Inc. v. 10X Genomics, Inc.*, 2020 WL 2079422, at *6 (D. Mass. Apr. 30, 2020) (knowledge of infringement based, in part, on prior patent litigation between parties); *Copan Italia S.p.A. v. Puritan Med. Prods. Co.*, 2018 WL 5891742, at *4-5 (D. Me. Nov. 9, 2018) (knowledge of infringement based on litigation between the parties).[3] Solos' complaint is pure legal conclusions and should be dismissed

## III. Solos Fails to Plead Substantial Non-Infringing Use For Contributory Infringement

Solos implicitly concedes that its complaint fails to plead contributory infringement by directing the Court to its claim charts instead of its complaint. Opp., 12-14. The Complaint's allegations of contributory infringement do not refer to the claim charts. ECF No. 1, ¶¶ 127, 138, 149, 160, 171. Moreover, the claim charts do not allege that the accused products or component parts of the accused products are specially made or adapted for use in infringing the asserted

[3] Solos also overstates *Vita-Mix*, in which the Court declined to infer intent to induce infringement where the record was "devoid of actual evidence establishing specific intent to encourage customers to infringe the [] patent." 581 F.3d 1317, 1328 (Fed. Cir. 2009). The Court did not find inducement based on Vita-Mix's original instructions, which taught the infringing method, because Vita-Mix did not know of the alleged infringement. *Id.*

patents or that the products or any of the component parts of the accused products lack substantial non-infringing uses. *See* ECF 1, Ex. 7-11. The claim charts also do not identify which component parts are purportedly relevant to the contributory infringement analysis. *See id.*

Solos argues that the "claim charts further demonstrate that the accused components operate together as an integrated systems" and that "[t]hese processes are intentional and cannot be meaningfully used without invoking the claimed functionality." Opp., 13. These allegations relate solely to direct infringement. They say nothing about whether any specific components lack substantial non-infringing uses as required for contributory infringement. *See* Mot. 9-10.

Solos' Complaint includes nothing more than unsupported recitations of the statutory requirements. ECF No. 1, ¶¶ 127, 138, 149, 160, 171. Such bare recitation of legal elements is insufficient. *See Copan Italia S.p.A.*, 2018 WL 5891742, at *4-5 ("The allegations in each contributory infringement claim … of the complaint closely mirror the statutory language of § 271(c). Therefore, those allegations state legal conclusions and must be ignored").

**IV. Solos Fails to Plead Willful Infringement**

As with its indirect infringement claims, Solos fails to plead pre-suit knowledge of the patents or a specific intent to infringe. *See* Mot., 11-13; Sections I and II, *supra*; *Cleveland Med. Devices Inc.*, 696 F. Supp. 3d 4 at 13 ("To sustain a willfulness claim, a plaintiff must plead both knowledge of the patent and of the infringement."). For the same reasons that Solos fails to plead pre-suit knowledge for indirect infringement, it fails to plead willful infringement.

Solos does not distinguish the cases cited in the Motion holding a complaint alone cannot satisfy the knowledge prong for willful infringement. Mot., 11-12. Indeed, Solos addresses only *Canon*, arguing that allegations about pre-suit knowledge of technology were "the type of factual linkage that was absent in *Canon*." Opp., 15. However, the factual linkage absent in *Canon* is also absent here: Solos alleges only knowledge of the technology, not the patents. *See Canon*, 411

F. Supp. 3d at 165; *see also NetFuel, Inc. v. Cisco Sys. Inc.*, 2018 WL 4510737, at *2 (N.D. Cal. Sept. 18, 2018) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it.").[4]

Solos also fails to identify any allegations of specific intent to infringe. Solos points to claim charts that purportedly support "induc[ing] infringement." Opp., 15-16. But that is the wrong analysis, and conflates induced and willful infringement. The Complaint includes nothing more than conclusory allegations that the Defendants (both the Luxottica Defendants and Meta Co-Defendants) continued developing the Accused Products, which are insufficient. Mot., 13.

## V. Solos Fails to Plead a Joint Enterprise

Solos seeks to use its joint enterprise theories to attribute the conduct of the Meta Co-Defendants to the Luxottica Defendants. *See* Opp., 11 (citing ECF No. 1, Ex. 7, which relates to ***Meta's*** website, as evidence of ***Luxottica's*** infringement). Solos takes a similar approach with contributory infringement and willful infringement. *See* Opp., 13 (citing ECF No. 1, ¶¶4-6, 108-113, which refer to only "Meta" or "Defendants" but not Luxottica), 15-16 (citing ECF No. 1, Ex. 7). The Complaint does not contain allegations that permit attributing the alleged conduct of the Meta Co-Defendants to the Luxottica Defendants.

Solos relies on *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022-23 (Fed. Cir. 2015) (en banc) to treat all of the Luxottica Defendants and Meta Co-Defendants as a single infringer.[5] Opp., 17. However, *Akamai*'s joint enterprise doctrine is a doctrine of attribution under Section 271(a) for ***divided*** direct infringement of method claims, not a mechanism to impose vicarious liability on all companies in a commercial relationship. *Akamai*, 797 F.3d at 1022

[4] If the Court permits the complaint to provide knowledge, at a minimum, allegations of pre-suit willfulness must be dismissed. *See Echosens, S.A. v. E-Scopics S.A.S*, 772 F. Supp. 3d 147, 163 (D. Mass. 2025) (liability for willfulness limited to when Defendant had the requisite knowledge).

[5] Solos admits it is not advancing alter ego liability and corporate veil-piercing as theories of joint liability. Opp., 18.

("Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement."). *Akamai* is inapplicable here as Solos does not allege divided infringement.

Regardless, Solos fails to plead the elements of joint enterprise: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the directions of the enterprise, which gives an equal right of control." *Akamai*, 797 F.3d at 1023. Solos argues that the Luxottica Defendants and Meta Co-Defendants "coordinated in a joint effort to develop the Accused Products" and "each played a knowing and material role in bringing the Accused products to market." Opp., 17. That is not the standard for pleading joint enterprise. Conspicuously absent from Solos' pleading are any allegations that the ***five*** Luxottica Defendants and Meta Co-Defendants each have "an equal right to a voice in the direction of the enterprise, which gives an equal right of control," which is one of the required elements for a joint enterprise. *See Akamai*, 797 F.3d at 1023. The absence of such allegations warrants dismissal. *See CBA Env't Servs., Inc. v. Toll Bros. Inc.*, 403 F. Supp. 3d 403, 419 (D.N.J. 2019) ("Plaintiff has not alleged that all Defendants had 'an equal right to a voice in the direction of the enterprise, which gives an equal right of control.'").

The cases Solos relies upon address the liability of a corporate officer, which is not at issue. *Curtis Mfg. Co. v. Plasti-Clip Corp.*, 888 F.Supp. 1212, 1220-1225 (D.N.H. 1994) (holding company's president could be liable for infringement); *Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 771 F. Supp. 1390, 1043-04 (D.N.J. 1991) (president, sole owner, and member of the Board of Directors of an alleged infringer could be held liable for direct infringement).

## VI. Solos Fails to Plead Control for Agency and Vicarious Liability

Under *Akamai*, joint liability can separately be established if "a single entity directs or controls the acts of another," which requires an analysis of traditional principles of agency or vicarious liability. 797 F.3d at 1022-23; *Travel Sentry v. Tropp*, 877 F.3d 1370 (Fed. Cir. 2017) (explaining requirements for agency liability).[6] Solos does not direct the Court to any specific allegations related to agency or vicarious liability. Opp., 18-19. And indeed, the complaint does not contain any. *See* Mot., 16. Instead, Solos contends they are not required, citing *Nalco*. Opp., 18.[7] Solos is plainly wrong. In *Nalco*, the complaint set forth each step of a method, identified who performed each step, and factual allegations supporting that "[e]ach of these steps is taken pursuant to the express direction and control of the Defendants." 883 F.3d at 1352. In contrast, Solos fails to plead any substantive allegations of direction or control, as required to attribute the acts of any of the Defendants to any of the other Defendants.

Solos again points to its purported allegations of "formalized collaboration to jointly develop and commercialize the Accused Products." Opp., 19. But when it concludes that paragraph, it refers to "the existence of a common purpose," "shared pecuniary interest," and "joint participation." *Id.* These are the elements of a joint enterprise, not agency or vicarious liability. *Akamai*, 797 F.3d at 1022-23.[8] The Complaint lacks factual allegations supporting the principles of agency or vicarious liability and should be dismissed.

[6] Solos' characterization of *Travel Sentry* as "unrelated to this point" makes no sense. *Travel Sentry* is one of a series of cases explaining "'a common thread connects' our case law … we look for 'evidence that a third party hoping to obtain access to certain benefits can only do so if it performs certain steps identified by the defendant, and does so under the terms prescribed by the defendant.'" *Nalco*, 883 F.3d at 1352 (quoting *Travel Sentry*, 877 F.3d at 1380).
[7] Solos citation to *Eli Lilly* is inapposite because "Eli Lilly did not pursue a joint enterprise theory." *See, e.g.*, *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017).
[8] To the extent Solos now limits its theory to "agency and vicarious liability arising from the joint enterprise" (Opp., 18), that limitation is not pled in its complaint, and the Court should require a more definite statement under Fed. R. Civ. P. 12(e). *See* ECF No. 1, ¶ 106 ("The acts and omissions of each Defendant, and of any entities acting in coordination with them, are legally attributable to the others **under principles of agency, apparent authority, joint venture, joint enterprise, authorization, inducement, ratification, vicarious liability, and respondeat superior**.") (emphasis added).

## VII. Solos Fails to Plead Agency and Vicarious Liability as to Individuals

Solos denies asserting liability against unidentified actors in the abstract, but then argues "that Defendants engaged in the accused conduct through a range of actors and mechanisms, including agents and intermediaries such as employees, contractors, and suppliers." Opp., 20. Solos never identifies this "range of actors or mechanisms," what actions they took, or how such actions contributed to the alleged infringement. *See* Opp., 20. Although the Complaint identifies three individuals purportedly associated with the Luxottica Defendants, it does not plead any element of agency or vicarious liability for those individuals, including, for example, specific actions they took to contribute to infringement, in whose name they acted, whether they acted within the scope of their employment, or what authority they possessed. *See* Mot., 16-17; *see also* ECF 1, ¶¶ 65-71 (alleging only that these individuals attended meetings with Solos). Even if Solos "is not required to allege internal corporate relationships or control structures uniquely within Defendants' possession," it still must plead the required elements of agency or vicarious liability.

The sole case cited by Solos is inapplicable. In *Coach*, on a motion for summary judgment, the Court confirmed that the owner, manager, and sole member of one of the defendants could be liable for contributory trademark and copyright infringement under common law agency principles. *Coach, Inc. v. Sapatis*, 27 F. Supp. 3d 239 (D.N.H. 2014). It says nothing about the pleading standards applicable here.

**<u>CONCLUSION</u>**

Solos' complaint lacks factual allegations supporting its claims for indirect and willful infringement, and joint liability. As explained herein, these claims must be dismissed.

Dated: April 15, 2026

Respectfully submitted,

*/s/ Katherine W. Soule*
Katherine W. Soule (BBO # 703965)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Tel: (617) 341-7700
Facsimile: (617) 341-7701
katherine.soule@morganlewis.com

Ali S. Razai (*pro hac vice*)
Brandon G. Smith (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel: (714) 830-0600
Facsimile: (714) 830-0700
ali.razai@morganlewis.com
brandon.smith@morganlewis.com

Andrew V. Devkar (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Tel: (310) 907-1000
Facsimile: (310) 907-1001
andrew.devkar@morganlewis.com

*Counsel for Defendants Oakley, Inc., Luxottica of America Inc. and EssilorLuxottica USA Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the Court's CM/ECF system on April 15, 2026, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Katherine W. Soule*
Katherine W. Soule (BBO # 703965)