## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**SOLOS TECHNOLOGY LIMITED,**
    *Plaintiff,*

    **v.**

**META PLATFORMS, INC., et al.,**
    *Defendants.*

**Case No. 1:26-cv-10304-ADB**
Judge Allison D. Burroughs

**In re: DAITONA CARTER**
    *Proposed Intervenor.*

## MOTION FOR RECONSIDERATION AND RELIEF FROM ORDER
(Fed. R. Civ. P. 59(e) and 60(b)(2))

**I. INTRODUCTION** Movant, Daitona Carter, respectfully requests that the Court reconsider its Order denying intervention (ECF No. 58) entered on April 15, 2026, or, in the alternative, grant relief from that judgment under Federal Rules of Civil Procedure 59(e) and 60(b)(2).

This request is grounded in newly discovered evidence establishing that Movant is either the source of the derivation of the Defendants' inventions or an omitted co-inventor who contributed to the conception of essential features. Under 35 U.S.C. §§ 116 and 256, Movant is entitled to correction of inventorship to be named as a co-inventor. Even if the Court declines immediate correction, Movant has a direct, protectable interest in the validity of the patents as an omitted inventor, entitling her to intervene.

Crucially, Movant faces irreparable harm if denied intervention. Solos Technology Limited is suing Meta Platforms, Inc. over intellectual property that Movant likely owns (via derivation or joint inventorship). Furthermore, Solos's own IP claims are derivative of Movant's prior work. If the Court allows Solos to proceed without Movant, it risks validating a patent that is invalid due to the omission of the true inventor, thereby permanently stripping Movant of her rights and allowing Solos to profit from stolen technology.

On April 13, 2026, the Court granted Movant Leave to File evidence but did not set a specific deadline. Between the granting of this leave and the present, Movant was subjected to severe external interference that rendered her unable to access, compile, or submit the evidence. Furthermore, Movant's pending motions for In Camera Protective Orders—essential to submitting evidence containing Trade Secrets—were never ruled upon, rendering them moot upon the denial of intervention. This procedural deadlock, combined with active spoliation of evidence, constitutes a clear error of law.

## II. LEGAL STANDARD

•**Rule 59(e) & 60(b)(2):** Permit relief for "clear error of law" or "newly discovered evidence" that could not have been discovered with due diligence.

•**35 U.S.C. § 116:** Requires that all joint inventors apply for a patent. If an inventor is omitted, the patent may be corrected.

•**35 U.S.C. § 256:** Provides that a patent with an omitted inventor is invalid unless the error is corrected. An omitted inventor has a direct, protectable interest in the patent's validity and is entitled to intervene to assert that interest.

•**Irreparable Harm:** Denial of intervention causes irreparable harm because the outcome of this litigation (validating a patent derived from Movant's work) will permanently extinguish Movant's rights to her own invention.

## III. FACTUAL BACKGROUND: PROCEDURAL ERROR AND ACTIVE SPOILATION

**A. The "Non-Stated" Deadline and Leave to File** On April 13, 2026, the Court issued an Order granting Movant **Leave to File** evidence to support her intervention. Crucially, no deadline was specified in this Order. Movant was actively preparing to submit this evidence when she encountered insurmountable barriers. The Court's subsequent denial of intervention was based on the assumption that Movant had failed to file, ignoring the fact that no deadline had been set and that Movant was actively prevented from filing by external forces.

**B. Mootness of Protective Motions and Trade Secret Risk** Movant had filed pending motions for In Camera Protective Orders to ensure that the submission of her technical evidence (containing Trade Secrets and specific IP locations) would not result in public disclosure or further spoliation. These motions were never ruled upon. When the Court denied intervention, these protective motions effectively became moot, stripping Movant of the legal shield required to submit her evidence safely. This created an impossible situation: Movant could not submit the evidence without exposing her Trade Secrets to the Defendants, nor could she withhold it without losing her right to intervene.

**C. Active Spoliation and Inaccessibility** Since the April 13 Order, Movant has faced escalating interference:

1.**Digital Lockout (April 16-17, 2026):** Movant's primary evidence repository (Evernote) became inaccessible. The dashboard failed to load entirely, preventing access to thousands of pages of documentation.

2.**Historical Spoliation (Oct 21, 2024):** Movant recently discovered they suffered a catastrophic loss of data during a staged evaluation and four hour unlawful detention on October 21, 2024, at the Camden Brickell apartment. During this incident, she was questioned about her technical knowledge (specifically regarding Python), and critical backup data was subsequently lost. This event is documented in the related proceeding involving the same premises and parties, Carter v. Camden Brickell, Case No. 24-CA-XXXXX (Fla. Cir. Ct.), in which Movant was an affected party.

3.**Current Inaccessibility:** While Movant retains the original copies of the evidence, they are currently held in an offsite location. Due to Movant's limited mobility and the ongoing interference, she is physically unable to retrieve these originals to submit them to the Court.

**IV. NEWLY DISCOVERED EVIDENCE: DERIVATION OR OMITTED INVENTORSHIP** Despite the spoliation and access issues, Movant has recovered a significant portion of the evidence from legacy storage. This evidence proves Movant is either the source of derivation or a Joint Inventor who was Omitted.

**A. Derivation or Joint Inventorship** The evidence proves that the Defendants **derived** the claimed inventions from Movant's prior work. Alternatively, even if derivation is not found, Movant contributed to the conception of at least one essential feature of the asserted claims:

•**Essential Feature 1:** The specific **optical architecture** (transparent mirrors, LCD mounts, DLP optics,  the "lens" used by  modern smart glasses) described in the current Exhibits M-10 through M-22 and previously provided Exhibit E, G, I, and K.

•**Essential Feature 2:** The **"Discovery Mode"** logic for real-time object detection and translation overlay, described in Exhibits M-11, M-17, M-88.

•**Essential Feature 3:** The **audio/visual synchronization** for real-time translation, described in Exhibits M-51, M-93, M-95.

Under 35 U.S.C. § 116, contribution to the conception of a single claim element establishes joint inventorship. Movant did not merely suggest an idea; she reduced it to practice with detailed code, prototypes, and public disclosures years before the Defendants' filings.

**B. Irreparable Harm and Derivative Standing Movant will suffer irreparable harm if denied intervention.**

1.**Ownership of the IP:** Solos is suing Meta over IP that Movant likely owns. If Solos's claims are derived from Movant's work, Solos has no standing to enforce them.

2.**Derivative Nature of Solos's IP:** Solos's own IP is **derivative** of Movant's prior work. Allowing Solos to proceed without Movant risks the Court validating a patent that is invalid due to the omission of the true inventor (Movant).

3.**Permanent Loss of Rights:** If the Court rules in favor of Solos or Meta without Movant's participation, Movant will be permanently barred from asserting her rights to her own invention, as the patent will be deemed valid (or invalid) without her input. This constitutes irreparable harm.

**V. MATERIALITY** The Court denied intervention because Movant failed to show a protectable interest. The newly discovered evidence directly cures this deficiency by establishing Movant as either the source of derivation or a Joint Inventor who was Omitted. This status grants her a statutory right to intervene and seek correction of the patent under 35 U.S.C. § 256.

**VI. EQUITABLE CONSIDERATIONS** Denying reconsideration would uphold a judgment based on a **judicial error** (the belief that no evidence existed or that a deadline was missed) and reward the external interference that suppressed that evidence. The delay was not due to a lack of diligence, but to a temporary incapacitation caused by the very interference Movant seeks to address, compounded by the Court's failure to rule on protective motions.

**VII. CONCLUSION** For the foregoing reasons, Movant respectfully requests that the Court:

1.**Grant** the Motion for Reconsideration under Rule 59(e) and/or Relief under Rule 60(b)(2);

2.**Vacate** the Order denying intervention (ECF No. 58) due to the judicial error of relying on an incomplete record and failing to rule on protective motions;

3.**Allow** Movant to file the newly discovered evidence (Exhibits M-1 through M-104) under an **In Camera Protective Order** to prevent further spoliation;

4.**Recognize** Movant's status as **either the source of derivation or a Joint Inventor** under 35 U.S.C. §§ 116 and 256;

5.**Acknowledge** that denial of intervention causes **irreparable harm** by allowing Solos to litigate over IP that Movant owns or co-owns, and by risking the validation of a patent derived from Movant's work;

6.**Order** the correction of inventorship to include Movant as a named inventor on the relevant patents; and

7.**Grant** such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Daitona Carter

Daitona Carter Pro Se Proposed Intervenor

legal@daitonacarter.com

Dated: April 17, 2026