**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**SOLOS TECHNOLOGY LIMITED,**
 *Plaintiff,*

 v.

**META PLATFORMS, INC., et al.,**
 *Defendants.*

**Case No. 1:26-cv-10304-ADB**
Judge Allison D. Burroughs

**In re: DAITONA CARTER**
 *Proposed Intervenor.*

**DECLARATION OF DAITONA CARTER IN SUPPORT OF MOTION FOR RECONSIDERATION JOINT INVENTORSHIP, DERIVATION, AND IRREPARABLE HARM**

I, Daitona Carter, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am the movant in this action and the originator of the smart wearable technology at issue.

2. Between 2009 and 2019, I conceived, documented, and publicly disclosed core features of smart wearable AR/VR glasses and AI language-teaching devices. These include real-time bidirectional/object-aware translation, lens-based object detection with name/translation overlay, voice/speech interfaces, store/shopping assistance scenarios, and physical optical prototyping.

3. **Claim of Derivation or Joint Inventorship:** I am either the source of the derivation of the Defendants' inventions or a Joint Inventor who contributed to the conception of at least one essential feature:

• **Optical Architecture:** I conceived the specific arrangement of transparent mirrors, LCD mounts, and DLP optics (see Exhibits M-10 through M-22).

• **Discovery Mode Logic:** I conceived the specific algorithm for object detection and translation overlay (see Exhibits M-11, M-17, M-88).

•**Audio/Visual Sync:** I conceived the method for synchronizing audio and visual data for real-time translation (see Exhibits M-51, M-93, M-95).

Under 35 U.S.C. § 116, contribution to the conception of a single claim element establishes joint inventorship. I did not merely suggest an idea; I reduced it to practice with detailed code, prototypes, and public disclosures years before the Defendants' filings.

4.**Omitted Inventor Status:** Because I am a joint inventor who was not named in the patent applications, I am an Omitted Inventor under 35 U.S.C. § 256. The law mandates that such an error be corrected. Until corrected, the patents are invalid. This gives me a direct, protectable interest in the litigation, as I have a statutory right to seek correction of the inventorship.

5.**Irreparable Harm if Denied Intervention:**

•**Solos's Standing:** Solos is suing Meta over IP that I likely own. If Solos's claims are derived from my work, Solos has no standing to sue.

•**Derivative Nature of Solos's IP:** Solos's own IP is derivative of my prior work. Allowing Solos to proceed without me risks the Court validating a patent that is invalid due to the omission of the true inventor.

•**Permanent Loss:** If the Court rules in favor of Solos or Meta without my participation, I will be permanently barred from asserting my rights to my own invention. This constitutes irreparable harm.

6.**Newly Discovered Evidence:** The following exhibits, recovered after the April 16, 2026 access disruption, demonstrate this derivation, joint inventorship, and omitted status:

•**Audio Foundation (2009):** Exhibit M-51 (MirrorMixing audio compressor).

•**Context-Aware Systems (2013):** Exhibit M-1 (ASR-driven ad-insertion).

•**AI Language Conception (2016):** Exhibits M-76, M-77, M-75 (Public posts and translation demos).

•**Reduction to Practice (2017):** Exhibits M-93, M-92, M-95, M-96, M-88, M-89, M-90, M-102, M-32, M-83 (Source code, prototype photos, assembly logs).

•**Prior "Aria" Branding (2019):** Exhibits M-52, M-53, M-54 (Pitch deck).

7.**Feature Comparison (Derivation/Inventorship):** The table below compares the specific features I documented in my recovered evidence against the features now appearing in Solos products and Meta/Project Aria. The similarity in specific implementation details confirms my status as a Joint Inventor or the source of derivation.

| Feature | Movant's Prior Conception (2009–2019) | Solos Smart Glasses | Meta/Project Aria | Derivation/ Inventorship Indicator |
|---|---|---|---|---|
| **Real-time Bidirectional/Object-Aware Translation** | Yes – Lens/camera object/word detection + translation (store/shopping scenarios). *See Exhibits M-02, M-08, M-09, M-11 (Discovery Mode).* | Yes – Live translation + "Listen mode". | Yes – Speech recognition + object perception. | Identical "Discovery Mode" logic and use-case scenarios. |
| **Lens-Based Object Detection & Overlay** | Yes – "Discovery mode" via lens + OpenCV-style detection and overlay. *See Exhibit M-11.* | Yes – Camera integration for translation. | Yes – RGB/SLAM cameras for object tracking. | Specific overlay logic matches my 2017 code. |
| **Voice/Speech Interface & AI Teaching** | Yes – Optional wearable earpiece, bi-directional and cardioid microphones TTS/NLP for daily dialogue and teaching. *See Exhibits M-08, M-15.* | Yes – Open-ear speakers + voice commands. | Yes – Spatial microphones + ASR. | Specific "AI teaching" pedagogy matches my 2016 docs. |
| **Optical/See-Through Hardware Prototyping** | Yes – Transparent mirrors, LCD mounts, curved frames, DLP optics, physical lens/glass work. *See Exhibits M-10 through M-22.* | Yes – See-through or camera-based AR elements. | Yes – Advanced sensors for AR perception. | Specific optical stack design (M-81) matches Defendants' patents. |
| **Branding** | Yes – "Aria" name and pitch deck (2019). *See Exhibits M-52, M-53, M-54.* | N/A | Yes – "Project Aria" (2020). | Defendants adopted my specific project name. |

8.The evidence recovered (specifically Exhibits M-51, M-1, M-3, M-76, M-93, M-92, M-95, M-96, M-88, M-89, M-90, M-102, M-32, M-83, M-52, M-53, M-54) demonstrates that Movant's work on these specific features predates the defendants' public disclosures and product launches, and that I am **either the source of derivation or a Joint Inventor** who was **Omitted** from the patent applications.

9.This evidence was not presented in the initial motion solely because it was rendered inaccessible by the external interference, the procedural deadlock regarding protective orders, and the physical inaccessibility of the original offsite copies.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 17, 2026

Signature: /s/ Daitona Carter

Daitona Carter, Proposed Intervenor

legal@daitonacarter.com