UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


**SOLOS TECHNOLOGY LIMITED,**
 Plaintiff,

  **v.**

**META PLATFORMS, INC., et al.,**
 Defendants.

**Case No. 1:26-cv-10304-ADB**
Judge Allison D. Burroughs


**In re: DAITONA CARTER**
 Proposed Intervenor.


**SUPPLEMENTAL NOTICE OF PUBLICLY REPORTED FACTS AND AUTHORITIES**
(In Further Support of Pending Motion for Reconsideration (Fed. R. Civ. P. 59(e)/60(b)),
Emergency Motion to Vacate/Stay, and Motion for In Camera Review)


Proposed Intervenor Daitona Carter, proceeding pro se, respectfully submits this Supplemental

Notice to provide the Court with newly confirmed, publicly reported facts relevant to the

relationships among Google, Samsung, Kopin, and Plaintiff Solos Technology Limited. The

following facts are drawn from publicly available sources; Movant's interpretation is noted

where applicable.

## I. NEW PUBLICLY REPORTED FACTS RELEVANT TO THE TECHNOLOGY CHAIN

1. **Samsung–Google XR Collaboration (Project Moohan).**

   Public announcements indicate that Samsung and Google are collaborating on the

   Android XR platform for extended reality (XR) devices, including headsets and smart

   glasses. Samsung's "Project Moohan" has been described as a reference device within

   this ecosystem, with a planned launch timeline reported for 2025. Public materials

   indicate that this collaboration continues prior Samsung AR/optics development efforts.

Movant has previously alleged, based on her September–October 2017 KakaoTalk communications and related evidence already submitted to the Court (see, e.g., Exhibits M-88, M-17, M-18, M-74/M-12, and Timeline Comparison Chart), that such development efforts incorporate concepts she disclosed.

2. **Kopin–Solos Asset Transfer (October 7, 2019).**

On October 7, 2019, Kopin Corporation executed an Asset Purchase Agreement transferring its Solos™ product line and Whisper™ audio technology to Plaintiff Solos Technology Limited. Public descriptions of these technologies include directional audio, beamforming, and multimodal acoustic control. Kopin retained an equity interest and royalty rights. Public information also reflects Kopin's historical role as a supplier of microdisplays and optical components in AR/VR ecosystems, including those involving major technology companies.

3. **Solos Product Integration with Google Technology.**

Publicly available product materials indicate that Solos smart glasses (including the AirGo line) integrate or interoperate with Google AI technologies, including Gemini. At the same time, Solos is asserting patents in this action against Meta Platforms, Inc.

Taken together, these publicly reported relationships are consistent with Movant's previously submitted evidence alleging a chain of development from her 2017 disclosures to the technologies at issue in this litigation. Movant relies on publicly available company announcements, product materials, and prior exhibits already filed on the docket.

## II. RELEVANCE TO PENDING MOTIONS AND IRREPARABLE HARM

These publicly reported connections provide additional context relevant to Movant's asserted protectable interest under Fed. R. Civ. P. 24(a)(2) and 35 U.S.C. § 256, including issues of inventorship, identity of interest, and potential impairment of rights. Movant has previously alleged that the patents asserted in this action omit her as an inventor.

The April 22, 2026 hearing on Meta's motion to dismiss is imminent. Consideration of these additional facts prior to any ruling may assist the Court in evaluating whether dismissal or other action could affect Movant's asserted inventorship interests.

## III. REQUEST FOR RELIEF

Movant respectfully requests that the Court:

- Consider this Supplemental Notice together with the previously filed exhibits (including the Master Evidence Index, Timeline Chart, Evidence Table, Exhibit L, Exhibit O, and Exhibit P) prior to ruling on any pending dispositive or reconsideration motions;

- Grant in camera review of materials relating to chain-of-custody or alleged derivation, as appropriate; and

- Preserve the status quo pending resolution of Movant's Motion for Reconsideration and any related appellate proceedings.

Respectfully submitted,

/s/ Daitona Carter

Daitona Carter, Pro Se Proposed Intervenor
legal@daitonacarter.com (Public Correspondence)
[Address Withheld Pursuant to TVPA and 18 U.S.C. § 3521 Safety Referral]

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2026, the foregoing document was filed through the Court's CM/ECF system, which will send notification of such filing to all registered participants.

Any parties not registered to receive electronic service were served by first-class mail on the date above.


/s/ Daitona Carter
Daitona Carter, Pro Se Proposed Intervenor