**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

**DAITONA CARTER,**
Appellant,

v.

**SOLOS TECHNOLOGY LIMITED,**
**META PLATFORMS, INC., et al.,**
Appellees.

**Case No.:  2026-26-136**

(Appeal from U.S. District Court for the
District of Massachusetts, Case No. 1:26-
cv-10304-ADB)

**MOTION FOR ADMINISTRATIVE STAY PENDING APPEAL**

COMES NOW Appellant Daitona Carter, appearing pro se, and respectfully moves this Court for an Administrative Stay of the District Court's Order denying intervention (ECF No. 58) and any subsequent ruling on the Motion to Dismiss scheduled for April 22, 2026.

## I. GROUNDS FOR STAY

### A. Irreparable Harm
Appellant will suffer irreparable harm if the District Court proceeds with its dismissal on April 22, 2026.

**1. Loss of Property Rights:** The underlying litigation concerns patent validity and inventorship. If the District Court dismisses the case without Appellant's participation, the Court risks validating a patent that is invalid under 35 U.S.C. § 256 due to the omission of the true inventor (Appellant). This would permanently extinguish Appellant's statutory rights to her own invention.

**2. Personal Safety:** Appellant has filed a pending Motion for Witness Protection and Referral to the U.S. Marshals, citing credible threats of physical battery and spoliation of evidence. The District Court has refused to rule on this safety motion. Dismissing the case now

1

would leave Appellant without legal recourse and exposed to the very harms she seeks to prevent, constituting irreparable personal harm.

## B. Likelihood of Success on the Merits

Appellant is likely to succeed on the merits of her appeal for the following reasons:

**1. Newly Discovered Evidence:** The District Court denied intervention on April 15, 2026, based on an "incomplete record." Since that ruling, Appellant has filed over 60 Exhibits (ECF No. 92 and related filings) proving her status as the source of derivation and/or joint inventor. These exhibits include source code, blueprints, and dated public disclosures predating the Defendants' filings. The District Court failed to consider this evidence.

**2. Procedural Error:** The District Court denied intervention while ignoring Appellant's pending motions for In Camera Protective Orders, which were essential to submitting trade secret evidence safely.

**3. Bad Faith "Rush":** The District Court issued its denial order merely 49 minutes after Appellant's Writ of Mandamus was docketed in this Court. This precipitous ruling demonstrates an attempt to finalize a dismissal before Appellant could present her full record, violating fundamental due process.

## C. Public Interest

The public interest favors a stay. The judicial system should not validate patents derived from stolen intellectual property or ignore credible threats of violence against a litigant. Allowing the District Court to proceed without resolving the safety motion and without reviewing the 100 exhibits of inventorship would undermine the integrity of the patent system and the safety of its participants.

## II. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court grant an Administrative Stay of the District Court's proceedings, specifically halting the April 22, 2026, ruling on the Motion to Dismiss, pending the resolution of this appeal and the District Court's ruling on the pending safety motion.

Respectfully submitted,

/s/ Daitona Carter

Daitona Carter, Pro Se

[Contact Information Withheld Pursuant to TVPA and 18 U.S.C. § 3521 Safety Referral]

**Date: April 20, 2026**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2026, I served a true and correct copy of the foregoing documents on all counsel of record via electronic mail (email) at the following addresses:

Counsel for Solos Technology Limited:

Ali S. Razai, ali.razai@morganlewis.com
Vanessa Green, vanessa.green@morganlewis.com
Andrew V. Devkar, andrew.devkar@morganlewis.com
Brandon G. Smith, brandon.g.smith@morganlewis.com
Leslie Y. Garcia, leslie.y.garcia@morganlewis.com
Office Calendar Department, occalendardepartment@morganlewis.com
Katherine W. Soule, katherine.soule@morganlewis.com
Katie Thompson, katie.thompson@morganlewis.com
Counsel for Facebook, Inc./Meta Platforms, Inc.:

Eric E. Lancaster, ericlancaster@paulhastings.com
Cecilia Acosta, ceciliaacosta@paulhastings.com
Raye Jones, rayejones@paulhastings.com
Lisa K. Nguyen, lisanguyen@paulhastings.com
Matthias Kamber, matthiaskamber@paulhastings.com
Jerrice Thomas, jerricethomas@paulhastings.com
Stephanie Nicole Adamakos, stephanieadamakos@paulhastings.com
Counsel for Ray-Ban, Inc.:

Jameson J. Pasek, jameson@caldwelllaw.com
Keegan Michael Caldwell, keegan@caldwelllaw.com
Shixiong Wang, steve@caldwelllaw.com

4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 20, 2026, at New York, New York.

/s/ Daitona Carter

Daitona Carter, Pro Se
[Contact Information Withheld Pursuant to TVPA and 18 U.S.C. § 3521 Safety Referral]

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**DAITONA CARTER,**
Appellant,

v.

**SOLOS TECHNOLOGY LIMITED,**
**META PLATFORMS, INC., et al.,**
Appellees.

**Case No.:  2026-26-136**

(Appeal from U.S. District Court for the District of Massachusetts, Case No. 1:26-cv-10304-ADB)

**DECLARATION OF DAITONA CARTER**
**IN SUPPORT OF MOTION FOR ADMINISTRATIVE STAY PENDING APPEAL**

I, Daitona Carter, declare as follows:

1.  I, Daitona Carter, submit this Declaration in support of my Motion for Administrative Stay Pending Appeal. This declaration is intended to alert the Court to an immediate threat to the safety of a witness under 18 U.S.C. § 3521 and to provide the factual basis for the irreparable harm that will occur if the District Court proceedings are not stayed prior to the April 22, 2026 deadline.

2.  This filing provides non-conclusory evidence of a protectable interest in the subject intellectual property required under Fed. R. Civ. P. 24 and 35 U.S.C. § 256.

3.  This supplement further addresses an immediate threat to the safety of Movant in her capacity as a federal whistleblower and witness, necessitating an emergency referral under 18 U.S.C. § 3521.

**I. THE NEXUS: STRATEGIC SEQUESTRATION AND COMPULSORY ACCESS**

**Strategic Hire (September/October 2018):** Movant was required to use her pre-existing IEEE.org professional email account for onsite onboarding and HR communications. This account contained her professional research history and technical communications, and select notes/documentation /references of prior innovations.

At the time of Movant's hiring, Amazon was a lead investor in North Inc. via its Alexa Fund.

**Timeline of Separation:** Movant's employment relationship with Amazon ended in February 2019. This separation occurred immediately following the successful commercial launch of the North Focals smart glasses.

**Consolidation of Research into Patent Portfolios:** Following the separation in February 2019, Movant discovered that her technical innovations were integrated into the North Focals product and consolidated into North Inc. patent portfolios.

- **Identity of Interest and Successor Liability:** North Inc. acquired certain Intel Vaunt patents and technology in December 2018. In 2019, Meta Materials Inc. (MMAT) acquired from North Inc. the first- and second-generation roll-to-roll holographic manufacturing technology originally developed by Intel for the Vaunt AR glasses. North Inc. was subsequently acquired by Google in June 2020.

Movant states that the intellectual property now being litigated between Solos Technology Limited and Meta Platforms, Inc. derives from this same chain of custody (North Inc. → Intel Vaunt technology → Meta Materials Inc.). Under 35 U.S.C. § 256, the Court cannot fully adjudicate ownership claims between the parties without first addressing Movant's senior rights as the original inventor.

**Identity of Branding and IP: The "Aria" Nexus**

Movant conceived and documented the "Aria" platform and branding (multimodal AI for smart eyewear) as part of her Nurture research between 2016 and 2019. In September 2020, Meta Platforms publicly launched "Project Aria" using the same name and similar software logic. No payment was made to the movant for use of the "Aria" branding. Movant states that this sequence supports her claim of prior conception.

**Asset Consolidation (North/Meta Materials Inc.):** The above-referenced technology was consolidated into North Inc. and the Intel Vaunt portfolios and subsequently transferred as described above. These assets are now being liquidated through the Meta Materials Inc. Bankruptcy Estate (Case 24-50792).

**The Lawyer Nexus (Identity of Interest):** Plaintiff Solos's counsel (Perkins Coie LLP) represented the debtor Meta Materials Inc. (MMAT) in its Chapter 7 bankruptcy proceedings (Case No. 24-50792, District of Nevada), with attorneys Andrea J. Driggs and Bradley A. Cosman appearing as primary counsel.

Furthermore, the Lead Independent Trust Manager of Camden Property Trust — the REIT that owns and operates the Camden Brickell apartment community (the physical venue at issue in related proceedings) — was a partner at Paul Hastings LLP prior to 1993.

**II. The October 21, 2024 Event: Physical And Identity Sequestration**

**The October 21 Breach:** Movant identifies a coordinated event on October 21, 2024 at Camden Brickell, involving physical battery and the misappropriation of her trade secrets.

**Sequestration of PII & Assets:** Movant states that the administrative relationship described above has been utilized and or abused to sequester Personal Identifying Information (PII)—

including Social Security numbers, bank account data, and relative information—as well as the 2023 keycode, physical keys, and maintenance/security logs.

**Obstruction of Justice:** Movant states that this sequestration prevents her from proving the physical theft of her hardware and strips her family of the legal identity required to maintain this action.

## III. Master Timeline Of Temporal Priority

| Technology Component | Carter Evidence (Year) | Patent / Asset Number | Lead | Years |
|---|---|---|---|---|
| Hybrid Audio Logic | 2009 (M-51) | Solos US 9,312,826 | — | 7 |
| Turn-by-Turn Navigation | 2013-2017 | Google (Jan 2026 Asset) | — | 9 |
| Multimodal AI / "Aria" | 2016 (M-3) | Meta "Project Aria" (2020) | — | 4 |
| Modular Eyewear | 2017 (M-32, M-103) | Solos USD 900,092 | — | 2 |
| Contextual Interface | 2013 (M-1) | Meta US 11,288,495 | — | 9 |
| "Discovery Mode" Code | May 2017 (M-92) | Meta US 11,850,001 | — | 6 |

Evidence of prior conception and inventorship has been filed in the District Court record as ECF No. 92 and related exhibits. I am prepared to provide these to the Court of Appeals immediately upon request via a secure medium.

## IV. Emergency Notice Of Referral To U.S. Marshals (18 U.S.C. § 3521)

Pursuant to 18 U.S.C. § 3521(a)(1), the Movant requests a formal referral to the U.S. Marshals Service, citing documented physical breaches, geofenced targeting, and identity sequestration as evidence of a credible threat related to a technology theft. The request emphasizes that federal

law authorizes protection for both "witnesses" and "potential witnesses" when a "crime of violence" or obstruction is likely.

**IV. Emergency Notice Of Witness Intimidation And Request For Judicial Protective Measures (18 U.S.C. § 1512; 18 U.S.C. § 3521)**

Pursuant to the Court's inherent authority to supervise the integrity of its proceedings and 18 U.S.C. § 1512, which prohibits the harassment or intimidation of witnesses in federal proceedings, Movant requests immediate judicial intervention.

Contrary to Defendants' assertions, a court's power to protect those providing evidence is not restricted to formal "parties." Federal law under 18 U.S.C. § 1512(b) and (d) explicitly protects "any person" from being harassed or intimidated to hinder, delay, or prevent their testimony or the production of records in an official proceeding. The documented physical breaches, geofenced targeting, and identity sequestration described herein constitute a direct attempt to obstruct the administration of justice by preventing Movant from providing the "newly discovered evidence" central to this Motion for Reconsideration.

Accordingly, Movant respectfully requests the following emergency relief:

A) Formal Referral to the U.S. Marshals Service for an immediate threat assessment and eligibility review for protection under 18 U.S.C. § 3521(a)(1), which authorizes the Attorney General to protect "witnesses" and "potential witnesses" alike.

B) A Civil Protective Order issued under the Court's inherent power, restraining Defendants, their counsel, and all related corporate agents from any further contact, surveillance, or interference with Movant or her family.

C) Leave to File Under Seal all future documentation regarding Movant's physical location, hardware serial numbers, and PII to prevent further technological targeting and physical breaches.

D) A Stay of All Related Deadlines in the underlying litigation until the Court addresses these safety concerns and the referral to the U.S. Marshals, as Movant cannot safely participate in a proceeding while her legal identity and physical safety are being compromised.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on: April 20, 2026

/s/ Daitona Carter

Daitona Carter, Pro Se
legal@daitonacarter.com (Public Correspondence)
[Address Withheld Pursuant to TVPA and 18 U.S.C. § 3521 Safety Referral]

**CERTIFICATE OF SERVICE PURSUANT TO LR 5.2**

I hereby certify that on April 20, 2026, I served a true and correct copy of the foregoing

documents on all counsel of record via electronic mail (email) at the following addresses:

/s/ Daitona Carter