**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SOLOS TECHNOLOGY LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:26-cv-10304-ADB |
| v. ) | |
| ) | |
| META PLATFORMS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO PROPOSED INTERVENOR'S MOTION FOR
RECONSIDERATION AND RELIEF FROM ORDER**

Daitona Carter's ("Carter") Motion for Reconsideration (the "Motion") and Relief from

Order should be denied.

**INTRODUCTION**

Carter fails to show any clear error of law under Federal Rule of Civil Procedure 59(e).

Her arguments rest on the assertion that the Court improperly ruled after granting leave to file

additional materials without setting a deadline and while ancillary motions remained pending. The

Court's grant of leave to file supplemental material without a specified deadline does not stay

adjudication of a pending motion or require the Court to delay ruling indefinitely. Likewise, the

pendency of such motions, including requests for *in camera* treatment or protective orders, does

not prevent a court from resolving intervention, nor does it create any entitlement to delay

adjudication. Because the motion to intervene had been briefed and opposed, the Court acted

within its discretion in resolving it. Furthermore, Carter had access to the Court's filing system and

the ability to submit materials regardless of the status of her motions, and her failure to do so

reflects a litigation choice, not judicial error. Accordingly, her "procedural error" and "deadlock" arguments provide no basis for relief under Rule 59(e).

Furthermore, Carter's allegations of spoliation, interference, digital lockouts, and related external conduct are equally unavailing. Even accepting those assertions as true, they do not establish any error of law under Rule 59(e), nor do they excuse her failure to present materials that were, by her own account, within her possession prior to the Court's ruling. These allegations are nevertheless irrelevant because they do not address the dispositive issue, specifically, Carter's failure to allege any specific contribution to the conception of a claimed invention.

Next, Carter's reliance on purportedly "newly discovered" evidence under Rule 60(b)(2) fares no better. The materials she identifies predate the Court's ruling and were within her possession, foreclosing any claim that they are newly discovered. Her invocation of "equitable considerations" is likewise conclusory and does not cure this deficiency, as she offers no concrete explanation for how the materials were unavailable prior to filing or what efforts she undertook to obtain and present them with reasonable diligence. Instead, she relies on vague references to "spoliation," "access issues," and unspecified "external interference," unsupported by facts demonstrating that the evidence could not have been timely submitted. In any event, the proffered materials are cumulative and fail to identify any specific patent claim, claim limitation, or concrete contribution to the conception of a claimed invention. Absent a claim-level contribution to conception, Carter cannot establish a legally cognizable inventorship interest and therefore cannot demonstrate a protectable interest sufficient to support intervention under Rule 24.

For these reasons and the reasons stated below, Carter's Motion should be denied.[1]

---

[1] Carter's subsequently filed "Emergency Motion to Vacate" (ECF No. 95) provides no independent basis for relief and repackages similar arguments asserted in support of reconsideration. As before, Carter fails to identify any specific claim of any asserted patent, any claim limitation, or any concrete contribution to the conception of a claimed

**LEGAL STANDARD**

### A.  Motion to Alter or Amend Judgment Under Rule 59(e)

A motion to alter or amend a judgment under Rule 59(e) can only be granted to (1) correct a manifest error of law or fact, (2) consider newly discovered evidence, (3) account for an intervening change in controlling law, or (4) prevent manifest injustice. Fed. R. Civ. P. 59(e); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005). Reconsideration is an extraordinary remedy that must be used sparingly, and the moving party bears the burden of clearly establishing a manifest error or presenting qualifying new evidence. *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006); *Rev-Lyn Contracting Co. v. Patriot Marine, LLC*, 760 F. Supp. 2d 162, 171 (D. Mass. 2011). Rule 59(e) does not permit a party to relitigate issues already decided or to raise arguments and evidence that could have been presented prior to judgment. *Crawford v. Clarke*, 578 F.3d 39, 44 (1st Cir. 2009); *F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992). Motions that merely repeat prior arguments should be denied. *Prescott v. Higgins*, 538 F.3d 32, 45 (1st Cir. 2008).

### B.  Relief From Judgment Based on Newly Discovered Evidence Under Rule 60(b)(2)

Rule 60(b)(2) permits relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered" earlier. Fed. R. Civ. P. 60(b)(2). To prevail, the movant must satisfy a four-part test, demonstrating that: (1) the evidence was discovered after judgment, (2) could not have been discovered earlier with due diligence, (3) must

---

invention. This deficiency remains dispositive and independently forecloses intervention, regardless of how the motion is styled.

The motion's additional assertions concerning alleged procedural error, purported jurisdictional defects under 35 U.S.C. § 256, requests for a stay of proceedings, and allegations of external interference are legally unsupported and immaterial to the governing standards. Section 256 does not create a jurisdictional bar to adjudication of the underlying patent dispute, and a non-party who has not established a legally protectable interest lacks any basis to seek vacatur or to control the course of proceedings. Accordingly, the Emergency Motion to Vacate should be denied for the same reasons set forth herein.

not be merely cumulative or impeaching, and (4) must be of such a nature that it would likely change the outcome. *Boston Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. for City of Boston*, 89 F.4th 46, 62–63 (1st Cir. 2023) (internal quotations and citations omitted). The movant bears the burden of establishing each element, and a failure to satisfy any one part results in denial. *U.S. Steel v. M. DeMatteo Const. Co.*, 315 F.3d 43, 52 (1st Cir. 2002).

The rule is aimed at situations where evidence was genuinely unobtainable at the time of the proceeding, not where a party seeks to supplement the record with materials that were available but not timely presented. The due diligence requirement is strictly enforced, and the movant must provide a convincing explanation for the prior omission of the evidence. *See Del Moral v. UBS Fin. Servs. Inc. of P.R.*, 815 F. Supp. 2d 495, 504 (D.P.R. 2011) (citing *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19–20 (1st Cir. 2002)). Finally, the evidence must be "of such nature that it would probably change the result . . . ." *Mitchell v. United States,* 141 F.3d 8, 18 (1st Cir. 1998).

### C.  Standard for Intervention Under Rule 24

Under Rule 24(a)(2), a party seeking intervention must demonstrate that its motion is timely, that it has a protectable interest relating to the subject of the action, that disposition of the action may impair that interest, and that the existing parties do not adequately represent it. *Ungar v. Arafat*, 634 F.3d 46, 50–51 (1st Cir. 2011). Failure to satisfy any one of these requirements defeats intervention. *Photographic Illustrators Corp. v. Orgill, Inc.*, 316 F.R.D. 45, 48 (D. Mass. 2016). A putative intervenor must, at minimum, demonstrate a "significantly protectable interest" that is direct and not speculative, and that bears a close relationship to the underlying dispute. *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 47 (D. Mass. 2015) (internal quotations and citations omitted). Courts routinely deny intervention where the asserted interest is too speculative. *Ungar*, 634 F.3d at 52.

4

In the patent context, a legally protectable interest based on inventorship requires a specific contribution to the conception of at least one claim element of an asserted patent. *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1361–62 (Fed. Cir. 2004). Where a proposed intervenor fails to identify such a contribution, courts find no cognizable interest sufficient to support intervention. *Siemens Gamesa Renewable Energy A/S v. Gen. Elec. Co.*, 617 F. Supp. 3d 55, 63 (D. Mass. 2022).

## ARGUMENT

### A.  The "Procedural Error" Arguments Fail Under Rule 59(e)

Carter's "non-stated deadline" argument fails as a matter of law because it conflates procedural concepts and mischaracterizes the basis of the Court's ruling. Carter ignores that the ruling turned on the absence of non-conclusory allegations establishing a contribution to the conception of any claimed invention, not on any perceived incompleteness of the record. *See* Mot. to Intervene at 3–5, ECF No. 58 (asserting generalized prior inventorship without identifying any patent claims or claim elements); Pl.'s Opp. at 2–4, ECF No. 82 (explaining that Carter failed to identify any specific contribution to the claimed inventions); Order, ECF No. 90. Carter also treats the Court's grant of leave to file supplemental material as if it imposed an obligation to delay adjudication and further conflates the absence of a filing deadline with a procedural bar to ruling.

Carter's arguments lack merit. Leave to file is permissive, not mandatory, and does not operate as a stay or otherwise restrict the Court's authority to decide a briefed motion. *See Creative Sols. Grp., Inc. v. Pentzer Corp.*, 199 F.R.D. 443, 444 (D. Mass. 2001) (mere filing of a motion does not operate as a stay unless and until a stay is granted). Here, the motion to intervene had already been briefed and opposed, and the Court acted within its discretion in resolving it. Carter's attempt to recast the denial as procedurally premature therefore identifies no legal error and provides no basis for relief under Rule 59(e).

Next, Carter's "procedural deadlock" argument is likewise unavailing. Her assertion that she could not submit evidence while her motions for *in camera* protective orders were pending is self-defeating. The Court is not required to resolve ancillary requests before ruling on a dispositive motion, particularly where the motion to intervene had been fully briefed and opposed. *See Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt., Inc.*, 205 F.R.D. 1, 13 (D.D.C. 2000) (additional pending motions denied as moot following decision on intervenor status); *United States v. Shepard*, 2011 WL 873424, at *4–5 (D.R.I. Mar. 3, 2011) (resolving underlying motion without addressing collateral requests in ancillary motions). Nor do pending protective motions create any entitlement to delay the proceedings. *Goodwin v. City of Boston*, 118 F.R.D. 297, 298 (D. Mass. 1988) (moving for a protective order does not automatically stay the proceedings). Carter had also been granted access to the Court's electronic filing system. *See* Order, ECF No. 69. She therefore retained the ability to submit materials prior to the Court's ruling. Her decision not to do so reflects a litigation choice, not a procedural defect or judicial error, and provides no basis for relief under Rule 59(e). *See Rev-Lyn Contracting*, 760 F. Supp. 2d at 171.

Lastly, Carter's allegations of spoliation provide no basis for reconsideration, as they are unsupported and legally irrelevant to the Court's prior ruling. To the extent Carter claims that any "external interference" prevented her from submitting evidence, such assertions do not establish a clear error of law under Rule 59(e), nor do they excuse her failure to present materials that, by her own account, existed within her possession or control prior to the Court's decision. *See U.S. Steel*, 315 F.3d at 52. Even accepting these allegations as true, they do not address the dispositive deficiency identified by the Court, as Carter still fails to allege any specific contribution to the conception of any claim element of the asserted patents. *See Eli Lilly*, 376 F.3d at 1361–62; *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1461–62 (Fed. Cir. 1998). Carter's assertions

regarding data loss, digital lockouts, or physical inaccessibility therefore do not cure the absence of a legally protectable interest or support relief under Rule 59(e).

### B.  The "Newly Discovered Evidence" Argument Fails Under Rule 60(b)(2)

Carter's "newly discovered evidence" argument fails at the threshold because the materials she identifies do not qualify as newly discovered within the meaning of Rule 60(b)(2). Evidence that existed and was accessible prior to the Court's ruling cannot be recast as newly discovered simply because it was not presented. *See U.S. Steel*, 315 F.3d at 52. By her own account, the referenced exhibits date back years and were maintained in her possession, whether in digital repositories or as retained originals. Therefore, the materials cannot, as a matter of law, constitute "newly discovered" evidence under Rule 60(b)(2).

Furthermore, even if the Court were to treat these materials as newly surfaced, Carter fails to demonstrate the required diligence. Rule 60(b)(2) demands a convincing explanation for why the evidence could not have been obtained and presented earlier through reasonable effort. *See Del Moral*, 815 F. Supp. 2d at 504. Carter offers only generalized assertions of limited mobility and unspecified interference, without detail, documentation, or explanation of efforts undertaken to secure or submit the materials before the Court ruled. Such vague and unsupported claims fall short of the diligence required, particularly where Carter had access to the Court's filing system and the ability to submit additional materials.

Most fundamentally, the proffered materials would not change the outcome because they do not cure the dispositive defect identified by the Court. Even as described, the exhibits reflect generalized work in smart glasses technology, software concepts, or prior projects, but do not identify any specific contribution to the conception of a particular claim element of any asserted patent. That deficiency is fatal to both derivation and joint inventorship theories, which require concrete, claim-level contributions, not broad technical overlap or prior independent development.

7

*See Ethicon*, 135 F.3d at 1460; *CardiAQ Valve Techs., Inc. v. Neovasc, Inc.*, 57 F. Supp. 3d 118, 122 (D. Mass. 2014). These same issues are dispositive of her remaining arguments. Her assertions of ownership, derivation, and "derivative standing" rest on the premise that she is an omitted inventor, but she offers no plausible, claim-specific allegations to support that conclusion. *See Eli Lilly*, 376 F.3d at 1361–62. Absent a cognizable inventorship interest, she cannot establish a protectable interest under Rule 24, and her claims of irreparable harm collapse as a matter of law. *See Ungar*, 634 F.3d at 52. Because Carter's new submissions add volume but not the required specificity, they do not establish a legally protectable interest and would not alter the Court's ruling.

### C.  Carter's Serial and Procedurally Improper Filings Further Demonstrate That a Stay Is Unwarranted

Carter's request for a stay should also be denied because it is part of a broader pattern of serial, duplicative, and procedurally improper filings that have already imposed an unnecessary burden on Plaintiff. Following the Court's denial of her motion to intervene, Carter did not present a targeted or legally sufficient motion addressing the deficiencies identified by the Court. Instead, Carter initiated a cascade of overlapping filings, including the motion for reconsideration, multiple supplemental notices of additional evidence, an emergency motion to vacate raising substantially identical arguments, and repeated notices attempting to augment the record with materials that were previously available or immaterial to the dispositive legal issues.

These filings do not cure the defect identified by the Court but instead attempt to relitigate intervention through volume rather than legal sufficiency. Courts reject such tactics, recognizing that duplicative and successive filings are not a proper vehicle to revisit issues already decided. *See Glendora v. Dolan*, 871 F. Supp. 174, 176 (S.D.N.Y. 1994) (explaining that the remedy to address a ruling is appeal or reconsideration, not "duplicative" filings, and noting that repetitive

materials may be dismissed on procedural grounds); *see also Rob New v. JPMorgan Chase Bank, N.A.*, 730 F. Supp. 3d 851, 853–55 (N.D. Ind. 2024) (holding that duplicative litigation is "improper and vexatious" and that asserting the same claims in successive filings is "frivolous and abusive").

Here, Carter's "emergency" motion to vacate repackages the same arguments as the instant Motion, asserting procedural error and seeking a stay of proceedings based on the purported pendency of ancillary motions at the time of the intervention denial, supplemental exhibit filings, and alleged injuries. At the same time, Carter filed a notice of appeal and a motion for an administrative stay, further multiplying proceedings without narrowing the issues or addressing the dispositive deficiencies identified by the Court. This type of repetitive motion practice, where a party reasserts arguments already rejected, can constitute an abuse of the judicial process and needlessly burdens both courts and litigants. *See Rivertown TCI, L.P. v. Optymyze PTE Ltd.*, No. 24-2576, 2026 WL 972888, at *2–3, 7 (E.D. Pa. Apr. 10, 2026) (finding repeated motions raising previously rejected arguments to be an "abuse[] [of] the judicial process" warranting "pre-filing injunction").

Carter's pattern of filings further supports denial of a stay. Courts discourage such piecemeal motion practice because it "waste[s] judicial resources" and imposes unnecessary burdens on both the court and the parties. *Vera v. Rodriguez*, No. 16-491, 2017 WL 6621048, at *1 (D.N.M. Dec. 27, 2017) (criticizing "overlapping and often duplicative arguments" that increase the burden on courts and litigants). Here, granting a stay would reward piecemeal and duplicative filing tactics, prolong proceedings, and prejudice Plaintiff by delaying resolution of the underlying patent dispute.

Accordingly, Carter's serial and procedurally improper filings provide another basis to deny the requested stay.

### D. Additional Procedural Deficiencies

Carter also fails to comply with Local Rule 7.1(a)(2). Although she claims that advance notice would risk the alteration or destruction of relevant evidence, she sent an email on the morning of the filing requesting a response by 5:00 P.M. and then proceeded to file that day. It is inconsistent to claim that advance notice would pose such a risk while simultaneously attempting to provide minimal, same-day notice before filing. Such perfunctory, last-minute notice does not satisfy the rule's good-faith conferral requirement and further undermines the procedural propriety of the Motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Daitona Carter's Motion for Reconsideration and Relief from Order in its entirety and all other requested relief.

Respectfully submitted,

/s/ Jameson J. Pasek
Jameson J. Pasek, Esq. (BBO# 692924)
CALDWELL
200 Clarendon Street, 59th Floor
Boston, MA 02116
jameson@caldwelllaw.com
Tel: (857) 990-4914

*Counsel for Plaintiff Solos Technology Limited*

Dated: April 27, 2026

10

## CERTIFICATE OF SERVICE

I, Jameson J. Pasek, Esq., hereby certify that this document, filed through the Court's CM/ECF system on April 27, 2026, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jameson J. Pasek
Jameson J. Pasek (BBO# 692924)