**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SOLOS TECHNOLOGY LIMITED,<br><br>      Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br>META PLATFORMS TECHNOLOGIES, LLC<br>OAKLEY, INC.<br>LUXOTTICA OF AMERICA, INC. AND<br>ESSILORLUXOTTICA USA, INC.<br><br>      Defendants. | Civil Action No. 1:26-cv-10304-ADB<br><br>**REQUEST FOR HEARING**<br>**Leave to File Granted April 27, 2026** |

**META DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS UNDER RULE 12(b)(7)**

**TABLE OF CONTENTS**

I.    ARGUMENT ............................................................................................................... 1

    A.    BlueRadios is a Necessary Party Under Rule 19(a) ............................................. 2

        1.    BlueRadios has a plausible co-ownership claim from inventorship. ............. 4

        2.    BlueRadios has a present, legal interest in the Asserted Patents. .................. 5

    B.    All Equitable Factors Weigh In Favor of Dismissal. ............................................ 7

    C.    Alternatively, This Action Should Be Stayed. ...................................................... 9

        1.    Regardless of the test, all factors weigh in favor of a stay. .......................... 9

        2.    Staying this action at least until resolution of the HBSR action would provide meaningful clarity. .......................................................................... 10

II.    CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A123 Sys. v. Hydro-Quebec*,
626 F.3d 1213 (Fed. Cir. 2010)...........................................................................................8

*AntennaSys, Inc. v. AQYR Techs., Inc.*,
976 F.3d 1374 (Fed. Cir. 2020)...........................................................................................3

*AsymmetRx, Inc. v. Biocare Med., LLC*,
582 F.3d 1314 (Fed. Cir. 2009)...........................................................................................9

*BlueRadios, Inc. v. Hamilton, Brook, Smith & Reynolds, P.C.*,
166 F.4th 197 (1st Cir. Feb. 2, 2026).................................................................................1

*BlueRadios, Inc. v. Hamilton, Brook, Smith & Reynolds, P.C.*,
No. 21-cv-10488-DJC, D.I. 296 (D. Mass. Apr. 22, 2026) ..............................................10

*Chr. Hansen HMO GmbH v. Glycosyn LLC*,
662 F. Supp. 3d 50 (D. Mass. 2023) .................................................................................10

*Ethicon, Inc. v. U.S. Surgical Corp.*,
135 F.3d 1456 (Fed. Cir. 1998)...........................................................................................3

*Filmtec Corp. v. Allied-Signal, Inc.*,
939 F.2d 1568 (Fed. Cir. 1991).......................................................................................6, 7

*Israel Bio-Eng'g Project v. Amgen, Inc.*,
475 F.3d 1256 (Fed. Cir. 2007)...........................................................................................6

*Lee v. Anthony Lawrence Collection, L.L.C.*,
47 F.4th 262 (5th Cir. 2022) ...........................................................................................3, 9

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
925 F.3d 1225 (Fed. Cir. 2019)...........................................................................................7

*Omni MedSci, Inc. v. Apple Inc.*,
7 F.4th 1148 (Fed. Cir. 2021) .............................................................................................7

*Provident Tradesmens Bank & Tr. Co. v. Patterson*,
390 U.S. 102 (1968)............................................................................................................9

*Republic of Philippines v. Pimentel*,
553 U.S. 851 (2008).......................................................................................................2, 3

*Shermoen v. United States*,
  982 F.2d 1312 (9th Cir. 1992) ................................................................................ 3

*Univ. of Pittsburgh v. Varian Med. Sys., Inc.*,
  569 F.3d 1328 (Fed. Cir. 2009) .............................................................................. 3

*Windsurfing Int'l, Inc. v. Ostermann*,
  100 F.R.D. 82 (S.D.N.Y. 1983) .............................................................................. 8

**Other Authorities**

Fed. R. Civ. P. 19(a)(1)(B) ...................................................................................... 7

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 7

Fed. R. Civ. P. 19 ............................................................................................ *passim*

Fed. R. Civ. P. 19(a) ........................................................................................ 2, 5, 9

Fed. R. Civ. P. 19(a)(1) ............................................................................................ 3

Fed. R. Civ. P. 19(a)(B)(ii) ...................................................................................... 3

Fed. R. Civ. P. 19(b)(1) ............................................................................................ 7

## I.    ARGUMENT

BlueRadios has made a non-frivolous claim of ownership over the Asserted Patents in this case, establishing a bona fide threat that this Court and Meta will waste significant resources litigating claims involving the Asserted Patents multiple times. To guard against that, the Court should dismiss, or in the alternative, stay the case for six months until a jury determines whether a patent prosecution firm improperly left BlueRadios inventors off of patent applications—the very firm that filed provisional applications that led to three of the Asserted Patents here.

Solos attempts to cast BlueRadios' claims of ownership as baseless. But Solos' position has been rejected twice already. Following extensive discovery and a trial, a jury found that it was "more likely than not that Kopin agreed under the contract" to "[a]ssign BlueRadios co-ownership of patents that incorporate Golden-i technology," "incorporate[d] BlueRadios' employees' inventive contributions in issued patents and patent applications without naming them as co-inventors," and "incorporate[d] BlueRadios' developments in issued patents and patent applications without naming BlueRadios as a co-owner." Mot. Ex. 8 at 2, 5. And in a second litigation, the First Circuit had stern words for Kopin's patent prosecution counsel, Hamilton, Brook, Smith & Reynolds, P.C. ("HBSR"), finding that HBSR "would have read [the contract] (and thus understood) that BlueRadios and Kopin jointly owned the IP for Golden-i." *BlueRadios, Inc. v. Hamilton, Brook, Smith & Reynolds, P.C.*, 166 F.4th 197, 223 (1st Cir. Feb. 2, 2026).

Given these circumstances, after receiving BlueRadios' letter asserting ownership over the Asserted Patents and offering a license (Mot. Ex. 1), Meta had little choice but to move to dismiss for nonjoinder. Meta cannot reasonably be expected to sit on its hands and simply hope that it will not be subjected to two separate suits by two feuding owners. Rule 19 is designed specifically to prevent this type of prejudice. Permitting the ownership dispute to play out simultaneously with

1

the present suit would impede any settlement discussions (with either Solos or BlueRadios), be inefficient, and put unnecessary strain on valuable judicial resources. Meta, stuck in the middle, simply requests the Court postpone (through dismissal or stay) resolution of any infringement allegations until ownership has been perfected—just as envisioned by Rule 19.

To be clear, in the ownership dispute between Solos and BlueRadios, Meta is a third party on the outside looking in. And the disparate positions of the parties here cannot be overstated. Through no fault of its own, Meta does not have access to the confidential material available to Solos or from either BlueRadios litigation. As Meta pointed out in its motion, much of the facts it relies on are pieced together from court filings and opinions. D.I. 50 ("Mem.") at 2 n.1. That evidence is powerful, and certainly enough to demonstrate a non-frivolous ownership interest by BlueRadios—as explained in Meta's motion and in more detail below. And despite the vast resources and potential evidence available to it in comparison to Meta, Solos submitted just two exhibits with its opposition: (1) the contract between BlueRadios and Kopin, which two courts and a jury have already found gives BlueRadios ownership rights; and (2) a brief, two-page declaration from a named inventor on just two of the five Asserted Patents. When BlueRadios is not present to represent its own interests, and Meta only has so much information available to it, a single, untested declaration cannot negate the plausibility of BlueRadios' ownership claim.

For the reasons explained in Meta's motion and herein, this case should be dismissed.

### A.    BlueRadios is a Necessary Party Under Rule 19(a).

To prevail under Rule 19(a), Meta need only show that BlueRadios has a non-frivolous assertion of co-ownership of the Asserted Patents for BlueRadios to be a required party. *See, e.g.*, *Republic of Philippines v. Pimentel*, 553 U.S. 851, 867 (2008). Solos does not dispute the non-frivolous standard, D.I. 100 ("Opp.") at 1, yet still attempts to argue the merits of BlueRadios' ownership claim and that a co-pending suit is necessary, *id.* at 11-13. Not so. It matters not that

2

ownership has not been fully adjudicated. *See* Mem. at 11. And no cases cited by Solos show otherwise. *See* Opp. at 14-15. Simply because ownership had been resolved before dismissal under Rule 19 in some other instances does not render it necessary. Moreover, the Court "need not seek to predict the outcome[]" of the claim; rather, it "suffices that the claim[] would not be frivolous." *Pimentel*, 553 U.S. at 868; *see also Lee v. Anthony Lawrence Collection, L.L.C.*, 47 F.4th 262, 266 (5th Cir. 2022) ("[T]he inquiry at this stage is more about whether the absent party claims a non-frivolous interest, not the ultimate merit of the claim"); *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) ("Just adjudication of claims requires that courts protect a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party.").

Solos cannot overcome the non-frivolous standard. Even with the limited information available, Meta has *plausibly* demonstrated BlueRadios' rights to the Asserted Patents (1) through inventorship by BlueRadios employees; and (2) pursuant to the contract between BlueRadios and Kopin. And patent co-owners are indisputably necessary parties to patent infringement suits under Rule 19(a)(1). *See, e.g.*, *AntennaSys, Inc. v. AQYR Techs., Inc.*, 976 F.3d 1374, 1378 (Fed. Cir. 2020) (a patent infringement action "must join as plaintiffs all co-owners") (quoting *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998)); *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1331 (Fed. Cir. 2009) ("[I]f a co-owner of a patent wishes to sue for infringement, he must join the other co-owners in the action in order to avoid a dismissal for lack of standing."). Solos' arguments regarding whether complete relief can be accorded and whether there is a risk of inconsistent obligations are mere distractions. Opp. at 13-14. It fails to rebut BlueRadios' unprotected interest under Rule 19(a)(B)(ii) and that, as a plausible co-owner, BlueRadios must be present for the suit to proceed. *See* Mem. at 10-11 (collecting cases).

3

1. **BlueRadios has a plausible co-ownership claim from inventorship.**

Meta has demonstrated that BlueRadios has a non-frivolous claim to co-ownership of the Asserted Patents through inventorship. Mem. at 11-15. Solos falsely claims that Meta's motion is "based on speculation" regarding a "decades-old collaboration." Opp. at 1. That BlueRadios' and Kopin's active partnership ended in 2009 does not preclude Kopin and its patent prosecution counsel from later having wrongfully usurped BlueRadios' previously disclosed technology. It cannot reasonably be disputed that the Asserted Patents stem from technology developed long prior to Solos' acquisition of Kopin's patent portfolio.

The evidence available to Meta plausibly shows that technology came from Kopin's joint development with BlueRadios. The '389 patent was originally assigned to Kopin, Compl., Ex. 1, and the other Asserted Patents stem from work done with Kopin. Mem. at 11-12. In fact, Solos acknowledges that the work at Kopin "formed the foundation of the Asserted Patents." Compl., ¶ 53. And at the March Hearing, counsel for Solos asserted that the technology at issue here and the technology at issue in the first BlueRadios litigation were so intertwined that Kopin's counsel from that case, Morgan Lewis, should not be permitted to appear in this case. *See, e.g.*, Mar. 26 Hr'g Tr. at 5:8-22. Solos further argued, "The five asserted patents in this case do not derive from another portfolio. They directly derive from this portfolio"—meaning, Kopin's patent portfolio, rather than anything independently developed by or at Solos. *Id*. at 9:15-16. In short, Solos has admitted that the Asserted Patents and Kopin patent portfolio are tied together.

Moreover, public records show that the Asserted Patents are linked to HBSR, which is currently fighting, *inter alia*, malpractice claims for failing to name BlueRadios' employees as inventors on patent applications it filed on behalf of Kopin. Of the five Asserted Patents, three claim priority to provisional applications originally prosecuted by HBSR—the '174, '339, and '389 patents. *See* Compl. Exs. 1, 4, 5; Exs. 9-15. And for several of those provisional applications,

the filing attorney was Nelson Pierce, who is personally identified in the second BlueRadios litigation complaint. Mot. Ex. 5, ¶ 12. Solos does not mention HBSR in its opposition, let alone address the potential import of the malpractice suit. There is more than a speculative connection between the Asserted Patents and Kopin's and HBSR's alleged misconduct.

In addition, there is the recent letter from BlueRadios, which expressly states that "BlueRadios, Inc. believes they are the co-owners of the 5 patents specified in the complaint filed by Solos Technology, Limited on 01/23/26." Mot., Ex. 1 at 3; *see also id*. at 1 (BlueRadios asserting that "[t]he genesis of the Solos™ IP came from the Golden-i project co-developed by BlueRadios and Kopin"), 2 (BlueRadios asserting that "[t]he Whisper™ Audio-processing technology . . . was derived from BlueRadios original work on Golden-i"). Solos does not meaningfully engage with the contents of that letter, dismissing it out of hand as unable to "provide a basis for joint inventorship." Opp. at 12. But the Court should not ignore BlueRadios' explicit assertion of ownership, particularly in light of the other significant evidence put forth by Meta, including from the two ongoing BlueRadios litigations and Solos' own admissions. Indeed, despite those two other cases on the ownership of Kopin's patents, which have involved extensive discovery, the best evidence Solos could put forth to support sole ownership was apparently an uncorroborated two-page declaration from a single inventor on just two of five Asserted Patents.

2.      **BlueRadios has a present, legal interest in the Asserted Patents.**

If the Court finds that BlueRadios is a co-owner of the Asserted Patents through inventorship, it need not reach the issue of whether BlueRadios' contract with Kopin provides a non-frivolous basis for co-ownership. For this reason, most of Solos' arguments can be disregarded. *See* Opp. at 8-11. But were the Court to reach this issue, the BlueRadios-Kopin contract provides a separate reason that BlueRadios is an absent, necessary party under Rule 19(a). Specifically, a jury has already found that it was "more likely than not that Kopin agreed under the

5

contract" to "[a]ssign BlueRadios co-ownership of patents that incorporate Golden-i technology." Mot., Ex. 8 at 3. As explained, it is plausible that the Asserted Patents incorporate Golden-i technology. *See, e.g.*, Mem. at 11-15; *see also* Mot. Ex. 1 at 1 (BlueRadios asserting that it "acquired IP ownership under a joint venture contract from Kopin"), *id.* (Ex. 1 at 1 (BlueRadios asserting that it "was the original architect, designer, developer, and manufacturer for the Golden-i family of devices. Kopin Corporation technical role was limited to providing BlueRadios their micro-display"). It is irrelevant that Kopin's and BlueRadios' active partnership ended years ago.

Solos also tries to sidestep the BlueRadios-Kopin contract by arguing that it "does not effectuate a present transfer of title" because it only states that intellectual property "will be owned jointly." Opp. at 1; *see also id.* at 9. But such "forward-looking language," Opp. at 1, related to the yet-to-be-developed intellectual property—not the ownership right. The contract terms show the parties intended for ownership to automatically vest. *See Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1265 (Fed. Cir. 2007) ("In construing the substance of [an alleged] assignment, a court must carefully consider the intention of the parties and the language of the grant.") (citation omitted). The contract makes no mention of a promise to later assign or transfer title; rather, it states that once the intellectual property exists, it "will be jointly owned." Opp., Ex. 1 at 6. Even if the "assignment of rights in an invention [] made prior to the existence of the invention" granted only "equitable title" at that time, "[o]nce the invention is made and an application for patent is filed, [] legal title to the rights accruing thereunder would be in the assignee." *Filmtec Corp. v. Allied-Signal, Inc.*, 939 F.2d 1568, 1572 (Fed. Cir. 1991). In effect, the BlueRadios-Kopin contract "did not merely obligate [Kopin] to grant future rights, but expressly granted to [BlueRadios] rights in any future invention. Ordinarily, no further act would be required once an invention came into

6

being; the transfer of title would occur by operation of law." *Id.* at 1573. BlueRadios thus has a present, legal interest in the Asserted Patents, not merely an unperfected future interest.

Regardless, Rule 19 turns on "interest," not a legal right; therefore, an equitable interest in title suffices for BlueRadios to be a necessary party. Fed. R. Civ. P. 19(a)(1)(B); *see* O'Connor's Federal Rules: Civil Trials Ch. 3-I § 2 (2025 ed.) ("The 'interest' requirement of FRCP 19(a)(1)(B) is not limited to a legal interest."). Solos' cited cases do not show otherwise. *Omni MedSci, Inc. v. Apple Inc.*, 7 F.4th 1148, 1152 (Fed. Cir. 2021), considered standing under Rule 12(b)(6), relying on a different standard, and *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1236 (Fed. Cir. 2019), involved an exclusive licensee, not a co-owner.

In sum, the BlueRadios-Kopin contract, already found to grant BlueRadios joint ownership in any patent incorporating Golden-i technology, provides another reason BlueRadios is necessary.

### B.    All Equitable Factors Weigh In Favor of Dismissal.

First, both Meta *and* BlueRadios would be prejudiced absent dismissal. Solos argues that "Meta's prejudice argument rests on speculation that BlueRadios might bring a separate infringement suit." Opp. at 2. Not true. BlueRadios' letter asserting an ownership interest in the Asserted Patents and offering a license demonstrates that it is monitoring this litigation and believes it may be entitled to compensation by Meta. That demonstrates a cognizable risk of a second suit—although such a risk is not necessary for this factor to weigh in favor of dismissal. Furthermore, Solos ignores the prejudice to BlueRadios absent dismissal, which must be considered under Rule 19(b)(1). As Meta explained in its motion, its defenses and counterclaims necessarily affect BlueRadios' rights, including the validity and enforceability of its patents, its settlement and licensing opportunities, and its subjection to third-party discovery. Mem. at 16-17. Solos does not address such potential prejudice to BlueRadios.

7

Second, the prejudice to Meta and BlueRadios cannot be mitigated. Solos has not and cannot dispute that BlueRadios would not be present to defend the validity and enforceability of the Asserted Patents. It does not matter that Solos may also be motivated to preserve the patents. *See, e.g.*, *A123 Sys. v. Hydro-Quebec*, 626 F.3d 1213, 1221 (Fed. Cir. 2010) (finding that even if the absent party and Solos "share the same overarching goal of defending the patents' validity," that does not mean the absent party's interests "will be adequately represented" by the plaintiff). Indeed, were Meta to bring an inequitable conduct counterclaim regarding the inventorship of the Asserted Patents, Solos and BlueRadios would be diametrically opposed in their positions. BlueRadios could lose all rights to its patents if Meta successfully proved them invalid or unenforceable and no mitigating steps can prevent that. And just because a judgment may be placed in a trust, as contemplated in *Windsurfing Int'l, Inc. v. Ostermann*, 100 F.R.D. 82, 83–84 (S.D.N.Y. 1983), it does not mean that BlueRadios would agree to accept a portion of any damages award, and Solos has not demonstrated it would. Meta could still be subjected to another suit. In any event, even if minimal mitigating steps may be available, that does not outweigh the grave prejudice to Meta and BlueRadios or the other three equitable factors.

Third, for similar reasons, a judgment rendered in BlueRadios' absence would not be adequate. As Meta explained above and in its motion, Mem. at 17-18, BlueRadios would not be bound by a judgment in this suit. It could choose to forgo a portion of any damages award and bring its own, separate suit against Meta—assuming the Asserted Patents even survive this action. *See id.* at 17. Solos does not contest this, instead arguing only that Meta conflates this and the prior factor. Opp. at 17-18. But just because these factors overlap does not mean they do not weigh in favor of dismissal; here, both do.

Fourth, Solos would have an adequate remedy if this action were dismissed for nonjoinder. It can simply reassert its claims after perfecting its ownership rights. *See, e.g.*, *Lee v. Anthony Lawrence Collection, L.L.C.*, 47 F.4th 262, 270 (5th Cir. 2022) (finding plaintiffs could reassert claims after establishing ownership rights to intellectual property). Solos incorrectly asserts there is no adequate remedy "because no proceeding exists to resolve BlueRadios' alleged interest in the Asserted Patents." Opp. at 2. But Solos has several options available to resolve the ownership dispute. It may reach out to BlueRadios and seek to perfect its ownership interests through settlement/assignment, particularly in view of the two pending BlueRadios suits. Or, it may file a declaratory judgment action to establish its supposed complete ownership through litigation. It is unclear why third-party Meta should be prejudiced simply because Solos does not want to exercise the options available to it. A co-pending litigation is not required. Indeed, because it is such an important issue, courts may and do raise problems of nonjoinder *sua sponte*, sometimes for the first time on appeal. *See, e.g.*, *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 111 (1968) (finding that a court should, when necessary, "on its own initiative, take steps to protect the absent party, who of course had no opportunity to please and prove his interest"); *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1318 (Fed. Cir. 2009) (vacating a "final judgement" in an infringement suit because it could not proceed without an absent patent co-owner, even though nonjoinder "was not raised by either party or the district court"). All that is required is a non-frivolous "claim" of interest. Fed. R. Civ. P. 19(a); *see also* Mem. at 11; *supra* pp. 2-3. And BlueRadios' claim is plainly non-frivolous given the prior findings by a jury and an appellate court.

### C.    Alternatively, This Action Should Be Stayed.

#### 1.    Regardless of the test, all factors weigh in favor of a stay.

Solos asserts that this district typically applies a three-factor framework focused on (1) simplification of issues, (2) prejudice to the non-moving party, and (3) the stage of the

9

litigation. Opp. at 18 n.4 (citing *Chr. Hansen HMO GmbH v. Glycosyn LLC*, 662 F. Supp. 3d 50, 53 (D. Mass. 2023)). Regardless of whether a three- or four-factor test applies, all factors weigh in favor a stay. As Meta explained in its motion, Mem. at 19-20, the four traditional stay factors all demonstrate a stay is justified if this Court finds a dismissal inequitable. But even under Solos' three-factor test, the result is the same. It cannot reasonably be disputed that a stay would result in simplification of the issues or that this case is at an early stage (no answer has been filed yet and no schedule has been issued). Any potential prejudice to Solos is minimal and does not outweigh the other factors or the overarching goals and rationale of Rule 19. *See* Mem. at 18-20.

> **2.      Staying this action at least until resolution of the HBSR action would provide meaningful clarity.**

At minimum, this action should be stayed through the verdict in the BlueRadios litigation against HBSR. BlueRadios was recently granted significant discovery into previously withheld emails between HBSR and Kopin. Order, *BlueRadios, Inc. v. Hamilton, Brook, Smith & Reynolds, P.C.,* No. 21-cv-10488-DJC, D.I. 296 (D. Mass. Apr. 22, 2026). This may provide key insight into the potential scope of any alleged malpractice, including whether any misconduct affects the patent applications at issue in this case. As noted above, HBSR was the patent prosecution counsel on provisional applications leading to three of the five Asserted Patents. *See supra* pp. 4-5. Moreover, the pretrial conference in the second BlueRadios litigation is scheduled for September 9, 2026 (less than six months from now), with trial likely shortly after. *Id*. Even if that trial does not fully resolve any ownership dispute, the result will provide meaningful clarity on BlueRadios' ownership assertions. It would be appropriate to at least stay the case for the intervening—and relatively short—time period and revisit the issue once more information is available.

## II.      <u>CONCLUSION</u>

For the foregoing reasons, Meta's motion to dismiss should be granted with prejudice.

10

Dated: April 30, 2026

By: */s/ Matthias A. Kamber*
**PAUL HASTINGS LLP**
200 Clarendon Street, 49th Floor
Boston, MA 02116
Tel: (415) 856-7050
Fax: (415) 856-7150

Matthias A. Kamber (Mass BBO #654217)
**PAUL HASTINGS LLP**
101 California St., 48th Floor
San Francisco, CA 94111
Tel: (415) 856-7050
Fax: (415) 856-7150
matthiaskamber@paulhastings.com

Lisa Nguyen (*pro hac vice pending)*
Eric Lancaster (*pro hac vice pending*
**PAUL HASTINGS LLP**
Palo Alto, CA 94304
Tel: (650) 320-1800
Fax: (650) 320-1990
lisanguyen@paulhastings.com
ericlancaster@paulhastings.com

Stephanie Adamakos (Mass BBO #705076)
**PAUL HASTINGS LLP**
2050 M St. NW
Washington, DC 20005
Tel: (202) 551-1700
Fax: (202) 551-1705
stephanieadamakos@paulhastings.com

***Attorneys for Defendant***
***Meta Platforms, Inc. and Meta Platforms***
***Technologies, LLC***

11

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the Court's CM/ECF system on April 30, 2026, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


/s/ Matthias A. Kamber
Matthias A. Kamber