**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| SOLOS TECHNOLOGY LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:26-cv-10304-ADB |
| v. | ) ) ) | |
| META PLATFORMS, INC., et al., | ) ) | |
| Defendants. | ) ) | |

**OPPOSITION TO DAITONA CARTER'S MOTION TO VACATE AND**
**REQUEST FOR FILING RESTRICTIONS**

Daitona Carter's ("Carter") Motion to Vacate and for Relief from Judgment (the "Motion")

should be denied. This Motion is part of a continuing pattern of duplicative filings that warrant the

imposition of restrictions. Accordingly, Plaintiff Solos Technology Limited ("Solos") respectfully

requests that in addition to denying the Motion, the Court require Carter to seek leave before

submitting any additional filings.

**INTRODUCTION**

Carter previously sought relief based on purported "newly discovered" evidence. The

Court found that Carter failed to demonstrate that any of her submissions qualified as newly

discovered because the materials were previously available and were, by her own account, within

her possession prior to the Court's ruling. The Motion requests that the Court again reconsider

these same issues. It is therefore procedurally improper and should be denied on this basis alone.

Even if the Court were to put procedural deficiencies aside, the Motion does not cure

Carter's substantive deficiencies. The materials are not newly discovered, and if they were, they

do not alter the outcome. Carter also fails to identify any fraud, misrepresentation, or misconduct

by an opposing party with the requisite particularity. She instead relies on conclusory allegations of suppression, external interference, and unrelated third-party conduct that bear no connection to this case or to her ability to present her position. Thus, she cannot satisfy Rule 60(b)(3).

Similar deficiencies defeat Carter's remaining claims under Rules 60(b)(6) and 60(d)(3). Rule 60(b)(6) applies only in extraordinary circumstances and cannot be used to circumvent the requirements of Rules 60(b)(1) through (5). Here, Carter repackages the same unsupported allegations underlying her prior Rule 60(b)(1) and (3) arguments, including assertions of administrative suppression, state actor involvement, cyber interference, and coordinated misconduct. These allegations, however fanciful, do not constitute extraordinary circumstances that prevented the full and fair adjudication of her intervention request.

Nor can she satisfy Rule 60(d)(3). She presents no clear and convincing evidence of fraud on the Court, fabrication of evidence, or conduct that corrupted the judicial process itself. Instead, Carter relies on generalized and conclusory allegations untethered to any actionable misconduct before this Court.

Indeed, the Motion is part of a broader pattern of repetitive and duplicative filings following the Court's denial of Carter's request to intervene, including multiple supplemental submissions, a motion for reconsideration, an initial motion to vacate, and related motions that have consistently failed to cure the dispositive deficiencies. The Court has already cautioned Carter against filing duplicative materials and warned that her filing privileges may be restricted if abused. In light of this pattern, Solos respectfully requests that the Court require Carter to seek leave before proceeding with any additional filings.

For these reasons and the reasons stated below, Carter's Motion should be denied and Solos' request for filing restrictions against Carter should be granted.

## **RELEVANT BACKGROUND**

On March 27, 2026, non-party Daitona Carter, proceeding pro se, moved to intervene pursuant to Federal Rule of Civil Procedure 24, asserting that she was a prior inventor of the technologies reflected in the Asserted Patents and seeking correction of inventorship under 35 U.S.C. § 256. Mot. to Intervene, ECF No. 58. In connection with that motion, Carter filed numerous supplemental memoranda, affidavits, and exhibits purporting to establish prior conception and technical development. *See* ECF Nos. 70, 72, 73, 77, 78, 79, 83.

Solos opposed the motion, explaining that Carter failed to allege any legally protectable interest in the asserted patents because she did not identify any specific contribution to the conception of any claimed invention or tie her allegations to any specific patent claim or limitation. Pl.'s Opp'n to Mot. to Intervene at 2–5, ECF No. 82.

On April 15, 2026, the Court denied Carter's motion to intervene and all related motions. Electronic Order, ECF No. 90. The Court held that Carter failed to allege a protectable interest because she presented conclusory allegations and failed to demonstrate that she contributed to the conception of the claimed inventions but instead relied on generalized assertions of prior work and technical activity. *Id*. The Court further found that Carter's submissions did not identify contributions to the claimed inventions with the specificity required under governing law. *Id*.

Following that ruling, Carter filed a motion for reconsideration, motion to vacate and related submissions. Mot. for Recons., ECF No. 91; *see also* ECF Nos. 94, 95. While those motions were pending, Carter also filed a notice of appeal from the Court's denial of intervention and a motion seeking a stay pending appeal. Notice of Appeal, ECF No. 97; Mot. to Stay, ECF No. 98.

Plaintiff opposed Carter's request for reconsideration. Opp'n to Mot. for Recons., ECF No. 105. On April 29, 2026, the Court denied Carter's motions for reconsideration and for a stay.

Electronic Order, ECF No. 107. The Court held that Carter failed to present newly discovered evidence or identify any manifest error of law and that her additional submissions did not cure the dispositive deficiency identified in its prior order, including her failure to allege concrete, claim-level contributions to the asserted inventions. *Id*. The Court further found that Carter failed to demonstrate a likelihood of success on the merits or entitlement to a stay. *Id*.

Notwithstanding these rulings, Carter continued to submit additional filings advancing the same underlying theories. *See*, *e.g.*, ECF No. 103. On May 4, 2026, Carter filed the present Motion to Vacate and for Relief from Judgment. Mot. to Vacate, ECF No. 110. This Motion follows Carter's prior motion for reconsideration and earlier request for the same relief and relies on similar materials and allegations previously presented to and rejected by the Court.

**LEGAL STANDARD**

### A. Relief From Judgment Under Rule 60

Courts routinely deny post-judgment motions that seek to introduce arguments or evidence that could have been raised earlier, as such filings undermine finality. *See Fisher v. Kadant, Inc.*, 589 F.3d 505, 512–13 (1st Cir. 2009). Relief under Rule 60(b) is "extraordinary in nature" and granted sparingly. *Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co.*, 750 F.3d 1, 3 (1st Cir. 2014). Rule 60(b)(1) permits relief only for "mistake, inadvertence, surprise, or excusable neglect" rather than a party's disagreement with the Court's reasoning or outcome. *Ofori v. Ruby Tuesday, Inc.*, 205 F. App'x 851, 853 (1st Cir. 2006). ("[S]imple disagreement with the court's decision is not a basis for reconsideration.") Nor may it generally be used to raise arguments that could have been presented earlier. *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006) (motions should not be used to raise arguments that could have been made earlier or to reargue previously rejected theories).

Rule 60(b)(3) allows relief for fraud, misrepresentation, or misconduct by an opposing party, but only where the movant establishes the alleged misconduct by clear and convincing evidence and demonstrates that it substantially interfered with her ability to fully and fairly present her case. *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir. 1988).

Furthermore, Rule 60(b)(6) and Rule 60(b)(1) "are mutually exclusive." *de la Torre v. Contl. Ins. Co.*, 15 F.3d 12, 15 n.5 (1st Cir. 1994). "[60(b)](6) may not be used as a vehicle for circumventing clauses (1) through (5)." *Cotto v. United States,* 993 F.2d 274, 278 (1st Cir. 1993). Courts grant relief under Rule 60(b)(6) only where "exceptional" circumstances justify "extraordinary" relief. *Valley Citizens for a Safe Env. v. Aldridge*, 969 F.2d 1315, 1317 (1st Cir. 1992) (describing the rule's catchall provision as narrowly applied).

Lastly, Rule 60(d)(3) requires clear and convincing evidence of fraud on the court. The First Circuit defines fraud on the court as an unconscionable scheme designed to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. *Aoude v. Mobil Oil Corporation,* 892 F.2d 1115, 1118 (1st Cir. 1989) (citations omitted).

## B. Restrictions for Duplicative Filings

Federal courts possess the authority to regulate the conduct of abusive litigants and may impose filing restrictions in cases involving frivolous, duplicative, or harassing filings that burden the Court and opposing parties. *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34–35 (1st Cir. 1993). Restrictions should be tailored to the specific conduct at issue. *Id*. at 34. Courts may require a litigant to obtain leave of court before filing further submissions where a clear pattern of duplicative or successive filings demonstrates an abuse of the judicial process and interferes with the efficient administration of justice. *Id*. at 34–35; *see also Amatucci v. Rae*, No. 25-cv-167-JL-

AJ, 2025 WL 1592707, at *4 (D.N.H. May 22, 2025) (filing restriction after repeated duplicative actions and post-judgment filings).

## ARGUMENT

### A. Carter's Motion Is Procedurally Improper and Warrants Denial on This Basis Alone

Carter seeks the same relief for a third time. The Motion relies on substantially the same theories, materials, and allegations previously presented to and rejected by the Court. Indeed, this Court has previously rejected repeat filings where the party seeks the same relief. *See Smyth v. Bisignano*, No. 24-cv-10497-ADB, 2025 WL 2175877, at *1 (D. Mass. July 31, 2025) (dismissing duplicative motion).

Here, Carter again asserts prior inventorship based on the same alleged 2009–2019 work, now reframed through claims of administrative suppression, alleged restriction of ECF filings, and fraud on the court. *See* Mot. to Vacate at 2–3, 8–10, ECF No. 110. While the Motion expands on a conspiracy narrative referencing third parties, government actors, and other unrelated matters, the descriptions do not alter the substance of the claims or supply a cognizable basis for relief. Instead, they increase the volume of the record without curing the core deficiency previously identified by the Court, specifically, Carter's failure to properly allege a legally cognizable interest in the Asserted Patents. *See* Mot. for Recons. at 2–3, ECF No. 91; Carter Decl. in Supp. of Emergency Mot. to Vacate at 2–5, ECF No. 95-1; Electronic Order, ECF 107. The Motion is duplicative of Carter's previous filings and should be denied on this basis alone.

### B. Carter Again Fails to Satisfy Rule 60

Even if the Court were to consider Carter's positions, they are internally contradictory and legally insufficient. First, under the standards governing Rule 60, a movant cannot both assert that critical evidence exists but was withheld and rely on that same absence of evidence to justify relief.

*U.S. Steel v. M. DeMatteo Const. Co.*, 315 F.3d 43, 52 (1st Cir. 2002). Second, Rule 60(b)(1) and (b)(6) "are mutually exclusive." *de la Torre*, 15 F.3d at 15 n.5. As such, Carter cannot use Rule 60(b)(6) to try to circumvent her failure to satisfy Rules 60(b)(1) and (3). *Cotto*, 993 F.2d at 278.

The record reflects that Carter filed extensive materials and submissions, foreclosing any claim that she was unable to present her position. The Motion itself confirms that Carter had repeated opportunities to present arguments, evidence, and supplemental filings to the Court. These circumstances foreclose relief under Rule 60. Carter's Rule 60(b)(1) argument also mischaracterizes the record. She contends that the Court's decision to grant leave to file a reply while issuing its ruling created a "procedural nullity," but the Court already determined that Carter had a full opportunity to submit materials and that no procedural error occurred. *See* Mot. to Vacate at 29–30, ECF No. 110; *Ofori*, 205 F. App'x at 853 (disagreement with the court's ruling does not warrant reconsideration). Nor would any of Carter's additional materials have altered the outcome. Accordingly, Carter cannot demonstrate mistake, inadvertence, surprise, or excusable neglect.

Her Rule 60(b)(3) arguments also fail. Carter relies on allegations of "administrative suppression," "malware," cyber interference, and third-party conduct, but does not tie that conduct to any opposing party. See Mot. to Vacate at 2, 26–28, ECF No. 110. Nor does she establish by clear and convincing evidence that misconduct by an adverse party substantially interfered with her ability to fully and fairly present her case. *See Anderson*, 862 F.2d at 923. Instead, she asserts generalized and conclusory allegations that are insufficient to warrant relief under Rule 60(b)(3).

Carter's Rule 60(b)(6) arguments fare no better. The Motion advances wide-ranging allegations, including purported misuse of the "state secrets privilege," national security involvement, and external coercion, none of which constitute the extraordinary circumstances required for relief under Rule 60(b)(6). *See* Mot. to Vacate at 14–18, ECF No. 110; *Valley Citizens*

*for a Safe Env.*, 969 F.2d at 1317. Carter also references allegations of battery, financial harm, and third-party interference, but those assertions merely repackage her broader theory that external forces prevented her from presenting evidence. The Motion does not present new facts, intervening laws, or any legitimate basis for revisiting the Court's determinations.

Nor can Carter satisfy Rule 60(d)(3). The Motion identifies no conduct rising to the level of fraud on the Court. Instead, it relies on allegations of systemic misconduct and "fraud on the tribunal" untethered to any clear and convincing evidence of an unconscionable scheme affecting these proceedings. *See* Mot. to Vacate at 26–28, ECF No. 110. Rule 60(d)(3) is reserved for only the most egregious misconduct corrupting the judicial process itself, which is wholly absent here. *See Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 133–35 (1st Cir. 2005).

Accordingly, even if the Court were to consider Carter's argument, the Motion fails under every provision of Rule 60 on which she relies.

### C. Filing Restrictions Are Warranted Based on Carter's Repetitive and Abusive Motion Practice

The Motion's procedural impropriety and Carter's pattern of duplicative filings warrant the imposition of tailored filing restrictions. Courts may impose narrowly tailored filing restrictions where a litigant engages in repetitive, duplicative filings that burden the Court and interfere with the efficient administration of justice. *Cok*, 985 F.2d at 34–35. That standard is satisfied where a party continues to submit successive post-judgment motions that rest on the same underlying theories, particularly after the Court has already addressed those arguments and identified their deficiencies. *See id*. at 34–36 (recognizing authority to restrict abusive filings); *see also Amatucci*, 2025 WL 1592707, at *4 (recommending filing restrictions following repeated filings). In such circumstances, requiring a litigant to obtain leave of court before filing further submissions is appropriate and measured.

8

Carter has previously sought the same relief through a prior motion for reconsideration, an earlier motion to vacate, multiple supplemental filings, and now a second motion to vacate that again relies on substantially the same materials and arguments previously rejected by the Court. *See* Mot. for Recons., ECF No. 91 (seeking reconsideration based on purported "new evidence"); Notice of Supplemental Evidence, ECF No. 94 (submitting additional materials in support of reconsideration); Mot. to Vacate, ECF No. 95 (seeking vacatur and stay based on substantially similar allegations); Notice, ECF No. 103 (supplementing prior motions with additional exhibits and arguments); Electronic Order, ECF No. 107 (denying reconsideration and finding submissions did not cure lack of claim-level contributions); Mot. to Vacate, ECF No. 110 (second motion to vacate reasserting prior theories under Rule 60). These filings have consistently failed to cure the dispositive deficiency identified by the Court, yet Carter continues to expand the record with additional submissions advancing the same theories under new labels. Electronic Order, ECF No. 107 (noting Carter's filings reflect "generalized work" and fail to identify "concrete, claim-level contributions").

The Court previously cautioned Carter to refrain from duplicative filings and warned that abuse of filing privileges could result in restrictions, but that warning has not altered her conduct. *Id.* (referencing potential restrictive measures). In these circumstances, the requirement that Carter seek leave before additional filings is reasonable.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Daitona Carter's Motion to Vacate and for Relief from Judgment and grant Solos Technology Limited's Request for Filing Restrictions.

Dated: May 7, 2026

Respectfully submitted,

/s/ Jameson J. Pasek
Jameson J. Pasek, Esq. (BBO# 692924)
CALDWELL
200 Clarendon Street, 59th Floor
Boston, MA 02116
jameson@caldwelllaw.com
Tel: (857) 990-4914

*Counsel for Plaintiff Solos Technology Limited*

## CERTIFICATE OF SERVICE

I, Jameson J. Pasek, Esq., hereby certify that this document, filed through the Court's CM/ECF system on May 7, 2026, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jameson J. Pasek
Jameson J. Pasek (BBO# 692924)